**REED SMITH, LLP**
Karen A. Braje (SBN 193900)
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
kbraje@reedsmith.com
PH: 415-543-8700

Michael O'Neil (*Pro Hac Vice*)
Albert E. Hartmann (*Pro Hac Vice*)
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
michael.oneil@reedsmith.com
ahartmann@reedsmith.com
PH : 312-207-1000

Attorneys for Defendants
Trans Union LLC and
Trans Union Rental Screening Solutions, Inc.

**SHERMAN SILVERSTEIN KOHL ROSE & PODOLSKY, LLC**
Bruce S. Luckman (*Pro Hac Vice*)
308 Harper Drive, Suite 200
Moorestown, NJ 08057
bluckman@shermansilverstein.com
PH: 856-662-0700

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMIT PATEL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANS UNION, LLC, in its own name and t/a TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and TRANSUNION BACKGROUND DATA SOLUTIONS, and TRANS UNION RENTAL SCREENING SOLUTIONS, INC. in its own name and t/a TRANSUNION BACKGROUND DATA SOLUTIONS,<br><br>Defendants. | Case No.: 14-CV-0522 LB<br><br>**DEFENDANTS TRANS UNION LLC AND TRANS UNION RENTAL SCREENING SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE CASE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date:** August 20, 2015<br>**Time:** 9:30 a.m.<br>**Courtroom:** C<br><br>**Hon. Laurel Beeler** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    **PLEASE TAKE NOTICE** that on August 20, 2015, at 9:30 a.m. in Courtroom C of the

2    above-entitled court, or as soon thereafter as the matter may be heard, defendants Trans Union LLC

3    ("Trans Union") and Trans Union Rental Screening Solutions, Inc. ("TURSS") (collectively

4    "Defendants") will and hereby do move this Court for an order staying this case until such time as

5    the last of the following events occurs:  (1) the conclusion of Defendants' petition for permission to

6    appeal the Court's Order Certifying Rule 23(b)(3) Class pursuant to Fed. R. Civ. P. 23(f) and any

7    related appeal; (2) the U.S. Supreme Court's decision in *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th

8    Cir. 2014), *cert. granted*, 135 S.Ct. 1892 (U.S. Apr. 27, 2015); or (3) the U.S. Supreme Court's

9    decision in *Bouaphakeo v. Tyson Foods, Inc.* 765 F.3d 791 (8th Cir. 2014), *cert. granted*, No. 14-

10   1146, 2015 U.S. Lexis 3860 (U.S. Jun. 8, 2015).

11   The Court should grant this motion and stay the case in its discretion, because a stay is

12   warranted given the serious legal issue raised by the Rule 23(f) petition.  Moreover, a stay pending

13   the Supreme Court decisions in *Spokeo* and *Tyson Foods* will ensure the orderly disposition of the

14   issues in this case, will prevent any hardship or inequity that would otherwise result from forcing

15   Defendants to proceed to the merits phase, will not result in any inequity for Plaintiff and will avoid

16   confusion caused by the sending of class notice that may later need to be modified or rescinded.

17   This motion is made based upon this notice of motion and motion, the following memorandum of

18   points and authorities and the authorities cited therein, as well as any additional records, evidence or

19   argument submitted in advance of or at the hearing on this matter.

20   DATED:  July 16, 2015.              REED SMITH LLP

21

22                                        By:      /s/ Karen A. Braje
                                                   Michael O'Neil
23                                                 Albert E. Hartmann
                                                   Karen A. Braje
24                                                 Attorneys for Defendants
                                                   Trans Union LLC and Trans Union Rental
25                                                 Screening Solutions, Inc.

26

27

28

# <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ................................................................................................ 1

II.  FACTUAL BACKGROUND ............................................................................... 2

    A.  This Court Certifies An Accuracy Class And A File Disclosure Subclass ................. 2

    B.  Following Briefing On Class Certification Here, The Supreme Court Grants Certiorari In Both Spokeo And Bouaphakeo. ................................................... 4

    C.  Following The Grant of Certiorari In Both Spokeo And Bouaphakeo, Two Courts Within the Northern District Stay Two Cases That Present Issues Similar To Those Presented Here. ................................................................. 5

    D.  Defendants File a Rule 23(f) Petition And, Despite The Filing Of That Petition, Plaintiff Seeks To Pursue An Aggressive Scheduling Order. ....................... 6

III.  LEGAL ARGUMENT ......................................................................................... 6

    A.  The Court Should Stay This Case Pending The Supreme Court's Decisions In Spokeo And Tyson Foods To Ensure An Orderly and Efficient Course of Justice And To Conserve Judicial Resources. ................................................ 6

        1.  The Court Should Stay This Case Because The Supreme Court's Decisions in Spokeo And Tyson Foods May Well Alter The Law That Goes To Fundamental Issues Here And A Stay Will Ensure The Orderly Disposition Of This Case. .......................................... 8

        2.  This Court Should Follow Other Courts – Including Two Within The Northern District – That Have Already Issued Stays Pending A Decision in Spokeo. ................................................................. 11

        3.  The Court Should Stay This Case In The Interest Of Judicial Economy And To Avoid The Hardship And Inequity That Will Otherwise Be Imposed Upon Defendants, As Recognized By Both The Ramirez And Larson Courts. ................................................. 12

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY CASE; MEMORANDUM OF POINTS AND AUTHORITIES

    4.     The Court Should Stay This Case Because A Stay Will Not Prejudice Plaintiff Or Work An Inequity......................................................... 14

   B.    At A Minimum, The Court Should Stay This Case Pending The Ninth Circuit's Decision On Defendants' Rule 23(f) Petition And Any Related Appeal. ................................................................................................................... 15

IV.    CONCLUSION................................................................................................................. 18

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– ii –

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alice Corp. v. CLS Bank Int'l.*,
134 S.Ct. 734, *cert. granted* (U.S. Dec. 6, 2013).................................................................7

*Altamura v. L'Oreal, USA, Inc.*,
2013 U.S. Dist. Lexis 122992 (C.D. Cal. Aug. 26, 2013) .............................................15, 16, 17

*Bascom Research LLC v. Facebook, Inc.*,
2014 U.S. Dist. Lexis 4000 (N.D. Cal. Jan. 13, 2014)..................................................................7

*Bouaphakeo v. Tyson Foods, Inc.*
765 F.3d 791 (8th Cir. 2014) ...................................................................................................1, 4

*Brown v. Wal-Mart Stores, Inc.*,
2012 U.S. Dist. Lexis 163731 (N.D. Cal. Nov. 15, 2012) ..........................................................15

*Busk v. Integrity Staffing Solutions, Inc.*,
2013 U.S. Dist. Lexis 126738 (D. Nev. Sept. 5, 2013)...........................................................8, 12

*Cardenas v. AmeriCredit Fin. Servs., Inc.*,
2011 U.S. Dist. Lexis 29105 (N.D. Cal. Mar. 8, 2011) ...............................................................7

*City & County of San Francisco v. Sheehan*,
135 S.Ct. 702 (U.S. Nov. 25, 2014)..............................................................................................7

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) ........................................................................................................8

*Dennis v. BEH-1, LLC*,
520 F.3d 1066 (9th Cir. 2008) ....................................................................................................17

*Guimond v. Trans Union Credit Info. Co.*,
45 F.3d 1329 (9th Cir. 1995) ......................................................................................................17

*Herd v. City of Oakland*,
2015 U.S. Dist. Lexis 17533 (N.D. Cal. Feb. 12, 2015)................................................................7

*Jenkins v. Hyundai Motor Financing Co.*,
2008 U.S. Dist. Lexis 43785 (S.D. Ohio Jun. 2, 2008).............................................................16

*Kaltwasser v. Cingular Wireless LLC*,
2010 U.S. Dist. Lexis 78644 (N.D. Cal. Jun. 21, 2010) ...............................................................7

*Landis v. North American Co.*,
299 U.S. 248 (1936)......................................................................................................................7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– iii –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Larson v. Trans Union LLC*,
  2015 U.S. Dist. Lexis 83459 (N.D. Cal. Jun. 26, 2015) ............................................*passim*

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) ......................................................................................... 16

*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979) ........................................................................................... 7

*Lopez v. Am. Express Bank, FSB*,
  2010 U.S. Dist. Lexis 101476 (C.D. Cal. Sept. 17, 2010) ........................................ 8, 12

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
  708 F.2d 1458 (9th Cir. 1983) ...................................................................................... 7, 8

*Powell v. Tosh*,
  2012 U.S. Dist. Lexis 50251 (W.D. Ky. Apr. 10, 2012) ................................................ 17

*Ramirez v. Trans Union LLC*,
  2015 U.S. Dist. Lexis 80692 (N.D. Cal. Jun. 22, 2015) ..............................................*passim*

*Ramirez v. Trans Union LLC*,
  Case No. 12-cv-00632 JSC, Dkt. Nos. 141, 145 and 147 ................................................ 6

*Robins v. Spokeo*,
  742 F.3d 409 (9th Cir. 2014) .................................................................................... 1, 3, 4

*Sheehan v. City & County of San Francisco*,
  743 F.3d 1211 (9th Cir. 2014) ......................................................................................... 7

*Spokeo. Boise v. Ace USA, Inc.*,
  No. 15-Civ-21264, 2015 U.S. Dist. Lexis 87200 (S.D. Fla. Jul. 6, 2015) ................................. 11

*Wachtel v. Guardian Life Ins. Co.*,
  453 F.3d 179 (3rd Cir. 2006) ......................................................................................... 16

*Whitlock v. FSL Management, LLC*,
  2012 U.S. Dist. Lexis 180743 (W.D. Ky. Dec. 21, 2012) ...................................... 16, 17

**Statutes**

15 U.S.C §1681 et seq. ....................................................................................................... 1

15 U.S.C. § 1681e(b) ...............................................................................................*passim*

15 U.S.C. § 1681g ................................................................................................... 3, 6, 11

15 U.S.C. § 1681g(a) ......................................................................................................... 5

35 U.S.C. § 101 ........................................................................................................................ 7

47 U.S.C. § 227, *et seq.* ........................................................................................................ 11

Cal. Civ. Code §§ 1785.1, et seq. .......................................................................................... 2

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................. 9, 17

Fed. R. Civ. P. 23(b)(3) ................................................................................................. *passim*

Fed. R. Civ. P. 23(f) ...................................................................................................... *passim*

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants Trans Union LLC and Trans Union Rental Screening Solutions, Inc. move for an order staying this case pending resolution of their petition for permission to appeal this Court's Order Certifying Rule 23(b)(3) Class issued on June 26, 2015 pursuant to Rule 23(f) and any related appeal, as well as the U.S. Supreme Court's decisions in *Robins v. Spokeo*, 742 F.3d 409, 412 (9th Cir. 2014), and *Bouaphakeo v. Tyson Foods, Inc.* 765 F.3d 791 (8th Cir. 2014).  The Court should exercise its discretion and grant this stay, which will likely be no more than a year in length, because a stay will allow the Court and the parties the benefit of decisions that will be made by the Ninth Circuit and the Supreme Court that will resolve legal issues important to this case while preserving judicial and party resources.

Indeed, two other courts in this district -- Judge William H. Orrick in *Larson v. Trans Union LLC*, 2015 U.S. Dist. Lexis 83459, *25 (N.D. Cal. Jun. 26, 2015), and Magistrate Judge Jacqueline Scott Corley in *Ramirez v. Trans Union LLC*, 2015 U.S. Dist. Lexis 80692, *4 (N.D. Cal. Jun. 22, 2015) – have issued stays in similar cases within the past month.  The reasons for issuing a stay in *Larson* and *Ramirez* apply with equal force here and, in addition, a stay is warranted pending the disposition of the Rule 23(f) petition.

First, the Supreme Court in *Spokeo* – a case involving claims for willful violation of the federal Fair Credit Reporting Act, 15 U.S.C §1681 et seq. ("FCRA"), including an "accuracy claim" pursuant to Section 1681e(b), where the plaintiff sought to recover statutory damages despite the fact that he suffered no actual harm – will answer the question of whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke federal court jurisdiction, by authorizing a private right of action based on a bare statutory violation.  If the Supreme Court holds that a consumer must prove actual harm, then not only would Plaintiff's claim here fail but this Court's class-certification ruling would also need to be reconsidered.  Individualized issues of actual harm would predominate over any purportedly common issues and Plaintiff as representative would not satisfy the requirements of typicality or

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   adequacy;

2       Second, the Supreme Court in *Tyson Foods* will answer the question of whether a class

3   action may be certified or maintained under Rule 23(b)(3) when the class contains hundreds of

4   members who were not injured and have no legal right to damages. To the extent the Supreme

5   Court reverses the Ninth Circuit in *Spokeo*, the outcome in *Tyson Foods* will be implicated here; and

6       Third, Defendants filed a Rule 23(f) petition asking the Ninth Circuit to allow an appeal of

7   the class certification decision here on the grounds that it is worthy of review because the Court

8   ruled inconsistently with Ninth Circuit authority and improperly shifted Plaintiff's evidentiary

9   burden at the class certification stage to Defendants.

10      All of these pending decisions have the potential to redefine the law that applies here and to

11  change the direction of this case in fundamental ways. Proceeding with this case while awaiting

12  these decisions will serve no useful purpose and may well result in the waste of judicial and party

13  resources, as well as confusion to class members who may receive a premature and possibly

14  incorrect class notice. By staying this case, however, the Court will conserve judicial and other

15  resources. Moreover, the Supreme Court's practice suggests that it will issue the *Spokeo* and *Tyson*

16  *Foods* decisions no later than June 2016 and, given the limited duration of any stay, Plaintiff will not

17  suffer any harm or inequity as a result.

18                          **II.      FACTUAL BACKGROUND**

19  **A.      This Court Certifies An Accuracy Class And A File Disclosure Subclass.**

20      On February 4, 2014, plaintiff Amit Patel ("Plaintiff") filed this purported class action

21  against defendants Trans Union LLC ("Trans Union") and Trans Union Rental Screening Solutions,

22  Inc. ("TURSS") (collectively "Defendants"). Thereafter, Plaintiff filed his First Amended

23  Complaint alleging that Defendants violated FCRA and the California Consumer Reporting

24  Agencies Act, Cal. Civ. Code §§ 1785.1, et seq. ("CCRAA"), by using name-only match logic,

25  thereby failing to maintain reasonable procedures to ensure maximum possible accuracy of the alert

26  list information reflected on the TURSS SmartMove report product, and by failing to provide

27  complete file disclosures in response to consumer requests to Trans Union. (*See* Am. Cmpl., ¶ 78.)

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

On February 13, 2015, Plaintiff filed his motion for class certification seeking to certify two nationwide classes:

- All persons residing in the United States who, from February 2012 until December 2013, were the subject of a SmartMove report that contained at least one item of "Alert List" information (the "accuracy class" alleged to have a claim for violation of 15 U.S.C. § 1681e(b)); and

- All persons residing in the United States who, from February 2012 until December 2013, were the subject of a SmartMove report that contained at least one item of "Alert List" information who subsequently requested a file disclosure from Trans Union (the "file disclosure class" alleged to have a claim for violation of 15 U.S.C. § 1681g).  [Dkt. No. 57].

Plaintiff in his motion emphasized the factual and legal similarities between this case and *Ramirez v. Trans Union LLC*, U.S. District Court for the Northern District of California, Case No. 12-cv-00632-JSC, and urged this Court to adopt the reasoning of the *Ramirez* court and to certify the two nationwide classes.  (Pltf.'s Mot., pp. 7:21-8:14, 9:16-10:2, 13:8-10, 14:16-20, 16:10-25, 17, fn. 19 and 19:8-20:3 [Dkt. No. 57]).[1]  Plaintiff relied on *Robins v. Spokeo*, 742 F.3d 409, 412 (9th Cir. 2014), as support for his argument that the Court could properly certify these two classes because there are no individual damage issues – let alone individualized issues that predominate – where, as here, Plaintiff asserts FCRA claims for statutory damages based upon allegedly willful conduct and such statutory damages are available without a showing of actual harm.  (Pltf.'s Mot., 19:8-20:3).

Defendants opposed Plaintiff's motion for class certification.  [Dkt. No. 70].  The Court is well aware of the arguments raised in opposition, but it is relevant here that Defendants presented evidence to show that Plaintiff's prospective landlord denied his rental application for reasons unrelated to the alert list information in the SmartMove report and "did not really care about what was being said in [the report]."  (Def.'s Opp., 7:9-16 [Dkt. No. 70]).  As a result, Plaintiff did not suffer any injury or damage as the result of the allegedly inaccurate SmartMove report.  (*Id.*).

---

[1]  The Court is familiar with the *Ramirez* case.  On February 9, 2012, Sergio L. Ramirez filed his complaint alleging individual and class claims against Trans Union LLC, based upon alleged inaccuracies in Trans Union's "OFAC Name Screen" product.   Mr. Ramirez alleges violations of FCRA and the CCRAA, based upon Trans Union's use of name-only match logic, the fact that Trans Union provided him with his Trans Union credit file information in two separate mailings and the fact that Trans Union did not provide a separate statement of consumer rights with each mailing. Defendants dispute that the rulings or outcome in *Ramirez* dictate the rulings or outcome in this case, but Plaintiff has consistently argued that this Court should follow the *Ramirez* class certification decision.

– 3 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Defendants also explained that TURSS removed the "terrorist" heading from its SmartMove reports in late 2013. (Def.'s Opp., 39:24-25 (citing Coleprete Decl., ¶¶ 9-10) [Dkt. No. 70]).

On June 25, 2015, this Court held the hearing on Plaintiff's motion for class certification. The following day, the Court issued its Order Certifying Rule 23(b)(3) Class, whereby it certified a class and a subclass as follows: an accuracy class; and a file disclosure sub-class (modified from above to limit class membership to those consumers who both "requested a file disclosure from, and were sent a disclosure by, Trans Union LLC"). (Order Certifying Rule 23(b)(3) Class ("Class Certification Order") [Dkt. No. 96]). In doing so, the Court here accepted Plaintiff's arguments and adopted the *Ramirez* court's reasoning noting, in part, that "[t]he backdrop question is – as it was in *Ramirez v. Trans Union*, *LLC* – whether the name-only logic ensures the maximum possible accuracy of reports." (Class Certification Order, p. 13-14 [Dkt. No. 96]).

**B.** **Following Briefing On Class Certification Here, The Supreme Court Grants Certiorari In Both *Spokeo* And *Bouaphakeo*.**

On April 27, 2015, after the parties completed briefing on class certification but prior to the hearing, the Supreme Court granted a petition for writ of certiorari in *Spokeo*. 742 F.3d 409, *cert. granted*, 135 S.Ct. 1892 (U.S. Apr. 27, 2015). As noted, *Spokeo* is factually analogous to this case. The plaintiff in *Spokeo* sought to recover for allegedly willful violations of FCRA, including an "accuracy claim" for violation of Section 1681e(b), stemming from purportedly inaccurate information about plaintiff contained on the Spokeo website, but the trial court found that plaintiff had not pled injury in fact traceable to the statutory violation. *Robins*, 742 F.3d at 411. The Question Presented by the writ of certiorari is: "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Question Presented, *Spokeo, Inc., v. Robins*, No. 13-1339 (U.S. Apr. 27, 2015), http://supremecourt.gov/qp/13-01339qp.pdf. (Declaration of Karen A. Braje, Exh. A).

On June 8, 2015, the Supreme Court granted a petition for writ of certiorari in *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791 (8th Cir. 2014), *cert. granted*, No. 14-1146, 2015 U.S. Lexis 3860

– 4 –

(U.S. Jun. 8, 2015).  The Court identified two Questions Presented, the second of which is:

"Whether a class action may be certified or maintained under Rule 23(b)(3), or a collective action

certified or maintained under the Fair Labor Standards Act, when the class contains hundreds of

members who were not injured and  have no legal right to damages"  Question Presented, *Tyson*

*Foods, Inc. v. Bouaphakeo*, No. 14-1146 (U.S. Jun. 8, 2015), http://supremecourt.gov/qp/14-

01146qp.pdf.  (Declaration of Karen A. Braje, Exh. B).

**C.     Following The Grant of Certiorari In Both *Spokeo* And *Bouaphakeo*, Two Courts Within the Northern District Stay Two Cases That Present Issues Similar To Those Presented Here.**

On June 22, 2015, Judge Corley granted Trans Union's motion to stay the *Ramirez* case

pending the Supreme Court's decision in *Spokeo*.  *Ramirez*, 2015 U.S. Dist. Lexis 80692, *4 (N.D.

Cal. Jun. 22, 2015).  In staying the case, the court explained its reasoning that, "the Supreme Court's

decision in *Spokeo* may directly impact the Court's class certification ruling." *Id.* at *3-4 (emph.

added).  Defendants notified this Court of the *Ramirez* stay on that same day, in advance of the

hearing on their motion for class certification.

On June 26, 2015, Judge Orrick issued a stay in *Larson*, 2015 U.S. Dist. Lexis 83459, *25, a

purported class action in which the plaintiff alleges that Trans Union violated FCRA, Section

1681g(a), by failing to clearly and accurately disclose to a consumer all information in the

consumer's file upon request.  The *Larson* case involves the reporting of U.S. Treasury Department

Office of Foreign Assets Control data regarding Specially Designated National and Blocked Persons

List ("OFAC List"), but the allegations relate not to the match criteria used in reporting the data on

Mr. Larson's credit or other report but rather to the clarity and accuracy of his file disclosure as

related to the OFAC data.  2015 U.S. Dist. Lexis 83459, *7-8.  The court granted the stay pending

the outcome in *Spokeo*, noting that the question presented in *Spokeo* is "squarely implicated" in

*Larson.  Id.* at *24.

The decision in *Spokeo* will control in both *Ramirez* and *Larson*, cases which involve claims

against Trans Union for alleged violations of the same FCRA sections at issue here -- Section

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 5 –

1681e(b) in *Ramirez* and Section 1681g in *Larson*.  The decision is also implicated here.

**D.   Defendants File a Rule 23(f) Petition And, Despite The Filing Of That Petition, Plaintiff Seeks To Pursue An Aggressive Scheduling Order.**

On July 10, 2015, Defendants filed a petition pursuant to Rule 23(f) for permission to appeal the Court's Class Certification Order.

On July 14, 2015, Plaintiff circulated to Defendants a proposed Joint Case Management Conference with a proposed schedule for both the issuance of class notice and the merits discovery and dispositive motion phases.  Plaintiff's proposed schedule would require Defendants to identify members of the accuracy class and file-disclosure subclass and to move forward with class notice.  If the Court adopts Plaintiff's scheduling proposal, the parties will be forced to devote substantial time and effort to the class notice issues over the next 45-60 days and more time and effort going forward.  Defendants object to this approach and believe the case should be stayed.

Notably, Plaintiff's lead counsel here also represents the plaintiffs in *Ramirez* and *Larson.*  Notwithstanding the stay orders in those cases and the fact that Plaintiff in moving for class certification urged this Court to follow *Ramirez* and certify a class action for the same reasons urged there, Plaintiff now refuses to agree to a stay here and instead seems intent on pushing for an aggressive scheduling order.  Perhaps even more surprisingly, Plaintiff's counsel refuses to agree to a stay pending the Ninth Circuit's decision on Defendants' Rule 23(f) petition despite the fact that Plaintiff's counsel jointly moved the court in *Ramirez* to continue any case management conference and to defer scheduling while Trans Union's Rule 23(f) petition in that case was pending.  (*Ramirez v. Trans Union LLC*, Case No. 12-cv-00632 JSC, Dkt. Nos. 141, 145 and 147).

**III.   LEGAL ARGUMENT**

**A.   The Court Should Stay This Case Pending The Supreme Court's Decisions In *Spokeo* And *Tyson Foods* To Ensure An Orderly and Efficient Course of Justice And To Conserve Judicial Resources.**

The Court may stay this case pending the outcome of cases pending before the Supreme Court.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY CASE; MEMORANDUM OF POINTS AND AUTHORITIES

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

2  for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Moreover, a trial court may

3  find "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action

4  before it, pending resolution of independent proceedings which bear upon the case." *Leyva v.*

5  *Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). A stay in this circumstance does

6  not require that the issues are "necessarily controlling" of the action before the court. *Mediterranean*

7  *Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983); *See generally*, *Leyva*, 593

8  F.2d at 863 (remanding to trial court for further findings as to whether court proceeding as to Fair

9  Labor Standards Act ("FLSA") claims should be stayed pending outcome of arbitration involving

10  related wage claims subject to collective bargaining agreement after noting that the facts and

11  evidence developed during arbitration "may be of valuable assistance to the court" in resolving the

12  FLSA claims).

13         Consistent with the holdings of these cases, district courts within this district stay cases under

14  circumstances similar to those here. *Herd v. City of Oakland*, 2015 U.S. Dist. Lexis 17533, *5 (N.D.

15  Cal. Feb. 12, 2015) (granting stay pending Supreme Court review of *Sheehan v. City & County of*

16  *San Francisco*, 743 F.3d 1211 (9th Cir. 2014), *cert. granted sub. nom.*, *City & County of San*

17  *Francisco v. Sheehan*, 135 S.Ct. 702 (U.S. Nov. 25, 2014), which implicates plaintiff's claims under

18  the American Disabilities Act ("ADA")); *Bascom Research LLC v. Facebook, Inc.*, 2014 U.S. Dist.

19  Lexis 4000, *4-5 (N.D. Cal. Jan. 13, 2014) (granting stay pending Supreme Court review of *Alice*

20  *Corp. v. CLS Bank Int'l.*, 134 S.Ct. 734, *cert. granted* (U.S. Dec. 6, 2013), which was to address the

21  question of whether claims to computer-implemented inventions are directed to patent-eligible

22  subject matter within 35 U.S.C. § 101 and had the potential to eliminate plaintiff's patent claims,

23  finding that the Supreme Court's ruling would provide "important guidance regarding software

24  patentability" and that there would be no prejudice); *Cardenas v. AmeriCredit Fin. Servs., Inc.*, 2011

25  U.S. Dist. Lexis 29105, *14 (N.D. Cal. Mar. 8, 2011) (finding that a stay would promote the orderly

26  course of justice because a decision by the Supreme Court "will be instructive with respect to some

27  or all of the issues"); *Kaltwasser v. Cingular Wireless LLC*, 2010 U.S. Dist. Lexis 78644, * 8 (N.D.

28

Cal. Jun. 21, 2010) (deferring ruling on class certification pending Supreme Court review in a case that had the potential to impact the class size "as the difference in size of the potential plaintiff class will have a profound impact on the extent and cost of merits and expert discovery").[2]

The Court must weigh three factors in deciding whether a stay is appropriate: (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Mediterranean Enters., Inc.*, 708 F.2d at 1465; *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, each of these factors favors a stay of this case. Indeed, both the *Ramirez* and *Larson* cases were stayed within the past several weeks based on some of the arguments raised in this motion. *Larson v. Trans Union, LLC*, 2015 U.S. Dist. Lexis 83459 (N.D. Cal. Jun. 26, 2015); *Ramirez v. Trans Union, LLC*, 2015 U.S. Dist. Lexis 80692 (N.D. Cal. Jun. 22, 2015).

**1.    The Court Should Stay This Case Because The Supreme Court's Decisions in *Spokeo* And *Tyson Foods* May Well Alter The Law That Goes To Fundamental Issues Here And A Stay Will Ensure The Orderly Disposition Of This Case.**

The Supreme Court will decide two cases during the next term – *Spokeo* and *Tyson Foods* – that may well change the controlling law on issues fundamental to this case and reshape this case. The Court's interest in an orderly and fair disposition of the issues presented by Plaintiff's claims weighs in favor a stay.

First, the Supreme Court will determine whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the

---

[2] Courts in other districts also impose stays where a pending Supreme Court decision may alter the course of the litigation. *Lopez v. Am. Express Bank, FSB*, 2010 U.S. Dist. Lexis 101476, *13-15 (C.D. Cal. Sept. 17, 2010) (granting stay of case pending a decision by the Supreme Court because "[i]t would be burdensome for both parties to spend much time, energy, and resources on pre-trial and discovery issues, only to find those issues moot within less than a year"); *See generally*, *Busk v. Integrity Staffing Solutions, Inc.*, 2013 U.S. Dist. Lexis 126738, *2 (D. Nev. Sept. 5, 2013) ("Plaintiffs are seeking to pursue a class action which will include nationwide discovery costs and legal fees and ultimately be very costly and burdensome for Defendant. However, the Supreme Court's decision … could drastically alter the parties' litigation focus and, indeed, the case [itself] … Additionally, waiting six months to determine whether Defendant's petition will be granted will greatly simplify this case because the parties will be certain as to what law applies. Therefore, regardless of how the Supreme Court decides, once the parties have their answer they will know how to move forward and eventually reach a resolution in this case").

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY CASE; MEMORANDUM OF POINTS AND AUTHORITIES

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute when it decides *Spokeo.*  The decision in *Spokeo* may well have a significant impact on this case because a holding by the Supreme Court that proof of actual harm or injury in fact is necessary to recover statutory damages under FCRA will necessitate reconsideration of the propriety of class certification.

Plaintiff's motion for class certification relied, in part, upon the holding in *Spokeo*, which he argues stands for the proposition that statutory damages under FCRA are available without proof of actual harm and, as a result, the issue of damages is not individualized and does not defeat a finding that common issues predominate.  (Pltf.'s Mot., 19:20-20:3 [Dkt. No. 57]).  Mr. Ramirez made this same argument in moving for class certification in the *Ramirez* case.  The court in *Ramirez* certified a class claiming an alleged violation of FCRA, but noted that "whether a class member was actually injured by [the alleged violation of Section 1681g(a) would be] an individualized question" precluding certification <u>but for the Ninth Circuit's decision in *Spokeo.*  *Ramirez*</u>, 301 F.R.D. 408, 421 (N.D. Cal. Jul. 24, 2014) (emph. added).  In light of the Ninth Circuit's decision in *Spokeo*, Defendants here did not focus their opposition to class certification on the issues of whether Plaintiff and the absent class members must prove actual harm to demonstrate a FCRA violation or whether they could do so on a classwide basis with common proof.  *Id.*

If the Supreme Court holds that actual harm is required to recover under the statute, or even to invoke federal jurisdiction, then Plaintiff's own claims necessarily fail.  Indeed, the record before this Court demonstrates that Plaintiff did <u>not</u> suffer any actual harm or injury as the result of the allegedly inaccurate alert list information reflected on his SmartMove report, because his prospective landlord denied his rental application for reasons unrelated to the SmartMove report.  (Def.'s Opp., 7:9-16 [Dkt. No. 70]).

Moreover, Plaintiff will not be able to show that this case can or should be maintained as a class action consistent with the requirements of Rule 23 if a showing as to actual harm is required.  To date, Plaintiff has made no showing as to the existence or size of a certifiable class of "harmed" consumers or the method by which the members of any such class could be ascertained or identified

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   without the need for mini-trials.  Moreover, there is no basis to find that Plaintiff could prove actual

2   harm on a classwide basis using common evidence.

3   As a result, Defendants will move to decertify the class and subclass here if the Supreme

4   Court reverses *Spokeo* and holds that actual harm is required to demonstrate a violation of FCRA.

5   The existence of individualized issues associated with proving actual harm and any associated

6   damages will necessarily and fundamentally change the court's analysis of the common issues and

7   predominance inquiries.  *See Ramirez*, 301 F.R.D. at 421.  It will likely also impact the

8   determination of whether a class action is superior.  Under this scenario, even if Plaintiff could

9   demonstrate that the class could remain certified, Plaintiff himself would not be a typical or adequate

10  class representative because he suffered no harm.  In sum, the Supreme Court's decision in *Spokeo*

11  has the potential to be a "game-changer"; it could fundamentally alter the landscape of Plaintiff's

12  claims.

13  Second, the Supreme Court will determine whether a class action may be certified or

14  maintained under Rule 23(b)(3), when the class contains hundreds of members who were not injured

15  and  have no legal right to damages when it decides *Tyson Foods*.   As explained by the court in

16  Larson:  "[a] decision in *Spokeo* reversing the Ninth Circuit [on the issue of whether actual harm is

17  required] would bring this issue from the *Tyson* appeal to the forefront of the class certification

18  determination here, further counseling for issuance of a stay."  2015 U.S. Dist. Lexis 83459, * 25.

19  Here, the Court in its Class Certification Order implicitly acknowledges that the "accuracy"

20  class at a minimum may well include consumers who cannot even show that their SmartMove

21  reports contained inaccurate alert list information.  (Class Certification Order, p. 13 ("court is willing

22  to assume no significant fraction of tagged proposed class members was in fact accurately tagged")

23  [Dkt. No. 96]).  Even where a consumer claims an inaccuracy, this does not prove that the consumer

24  suffered actual harm or injury as a result.  For example, Plaintiff here cannot demonstrate that his

25  prospective landlord took any action based upon the information contained in his SmartMove report.

26  (Def.'s Opp., 7:9-16 [Dkt. No. 70]).  In the same vein, a consumer who was the subject of a TURSS

27  SmartMove report and then requested from Trans Union a copy of his Trans Union file – but did not

28

– 10 –

seek information from his TURSS file – may well be a member of the "file disclosure subclass" but may have received exactly what he requested and may not have sustained harm or injury.  It necessarily follows that if the Supreme Court reverses on *Spokeo*, then the issue presented by *Tyson Foods* will also be implicated here.

**2.  This Court Should Follow Other Courts – Including Two Within The Northern District – That Have Already Issued Stays Pending A Decision in *Spokeo*.**

The courts in both *Ramirez* and *Larson* have already stayed those cases based upon the potential impact of the Supreme Court's decision in *Spokeo*.  As the Court is aware, *Ramirez* and *Larson* involve claims against Trans Union for alleged violations of the same provisions of FCRA at issue here – Section 1681e(b) ("accuracy claim" at issue in *Ramirez*) and Section 1681g ("file disclosure claim" at issue in *Larson*).

The *Ramirez* court recognized the potential impact of *Spokeo*, and concluded that "the Supreme Court's decision in *Spokeo* may directly impact the Court's class certification ruling, the *Landis* factors weigh strongly in favor of staying this action."  2015 U.S. Dist. Lexis 80692, *3-4 (emph. added).   The *Larson* court similarly explained its decision:

> The question presented in the *Spokeo* appeal is squarely implicated in this case.  Larson's arguments to the contrary are not convincing.  Larson's ability to establish injury-in-fact without reliance on the FCRA's statutory damages provision has not been tested in this case and is far from certain.  Even if Larson himself could make a sufficient showing of actual harm to satisfy Article III, the record indicates that a significant portion of the putative class would not be able to do the same.  A decision in *Spokeo* reversing the Ninth Circuit <u>would thus raise serious questions regarding Larson's ability to establish his own standing, as well as the predominance and superiority requirements necessary to certify and maintain a class action under Rule 23(b)(2).</u>  2015 U.S. Dist. Lexis 83459, *24 (emph. added).

Similarly, at least one other court in another jurisdiction has to date issued a stay pending the outcome in *Spokeo*.  *Boise v. Ace USA, Inc.*, No. 15-Civ-21264, 2015 U.S. Dist. Lexis 87200, *12-13 (S.D. Fla. Jul. 6, 2015) (claims alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA")).

It is clear that the Supreme Court decisions in *Spokeo* (and potentially) in *Tyson Foods*, have

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 11 –

the potential to reshape this case in fundamental and critical ways. If the case proceeds while *Spokeo* and *Tyson Foods* are pending, the Court may well find itself asked to revisit its class-certification ruling, as well as decisions that it would otherwise make over the course of the next few months in order to ensure a fair outcome. This will result in a waste of scarce judicial and party resources. The Court should stay this case pending the last of these three occurrences, in order to ensure that this case proceeds in an orderly, efficient and fair manner.

**3.      The Court Should Stay This Case In The Interest Of Judicial Economy And To Avoid The Hardship And Inequity That Will Otherwise Be Imposed Upon Defendants, As Recognized By Both The *Ramirez* And *Larson* Courts.**

Defendants will suffer hardship and inequity, and judicial resources may well be wasted, if the Court does not stay this case. These factors weigh in favor of a stay and certainly outweigh any competing claim of prejudice or inequity by Plaintiff. *Lopez*, 2010 U.S. Dist. Lexis 101476, *13-15; *Busk*, 2013 U.S. Dist. Lexis 126738, *2. Indeed, the courts in both *Ramirez* and *Larson* recognized that it does not make sense to expend substantial judicial and party resources on litigation that ultimately proves unnecessary absent a stay:

> Meanwhile, if the case is not stayed, <u>the Court, the parties</u>, and the absent class members (who would soon receive class notice if the case were to go forward) would all face the <u>risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary</u>. *Larson*, 2015 U.S. Dist. Lexis 83459, *23-24 (emph. added).[3]

<u>First</u>, the Court and Defendants will be forced to expend substantial time and incur substantial fees in connection with the class notice, all of which may prove unnecessary, unless the case is stayed. The Defendants will be forced to spend substantial time identifying the members of the class and subclass as defined in the Class Certification Order, because (as the Court acknowledged during the hearing on class certification) there is no existing list of class members and computer searches will be required to determine whether absent class members and subclass

---

[3] Similarly, the court in *Ramirez* found that the potential risk posed to Trans Union of unnecessary proceedings weighed in favor of a stay: "In contrast to the lack of prejudice to Plaintiff and the class, in light of *Spokeo's* potential impact on the class certification order, <u>Defendant faces the risk of unnecessary proceedings and expenses if the case is not stayed</u>: given the current schedule, absent a stay this case will be resolved through either trial or summary judgment prior to the Supreme Court's ruling." *Ramirez*, 2015 U.S. Dist. Lexis 80692, *4 (emph. added).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

members can be identified.  In addition, Defendants will expend time and effort in trying to negotiate a class notice with Plaintiff.  If the parties are not able to agree upon a form of notice, then the Court may also be called upon to spending time deciding those issues.

The *Spokeo* decision goes to the heart of the class certification issues and, as a result, the judicial and party resources spent on class notice will be wasted if the case is reversed.  If that happens, Defendants will move to de-certify the class and subclass certified in this case.  Indeed, the *Larson* court recognized as much and issued a stay *sua sponte*, in the same order explaining that while it was issuing a tentative ruling on the motion for class certification it would take the motion under submission pending the decision in *Spokeo*.  2015 U.S. Dist. Lexis 83459, *47.

<u>Second</u>, as the court in *Ramirez* implicitly recognized, it makes little sense to proceed with merits discovery, motion practice and possibly a trial, all of which may prove unnecessary or irrelevant if the Supreme Court reverses the Ninth Circuit in *Spokeo*.  Not only is this a time-consuming and expensive proposition for the Defendants, but it will impose a burden on scarce judicial resources that may be better spent on cases where there is no prospect of the resources being wasted.  Moreover, if the Supreme Court reverses the *Spokeo* decision and this case ultimately de-certifies the "accuracy class" and "file disclosure subclass," then the nature of the claims here and the amount at stake will be fundamentally changed.  This change will, in turn, necessarily impact the parties' respective views as to the nature and scope of merits discovery.  Both sides should have the benefit of understanding whether this case will remain a class action or become an individual action before moving forward with merits discovery and other trial preparation.

<u>Third</u>, the Court here will create an untenable situation for Trans Union if it does not stay this case.  Having obtained a stay in the *Ramirez* case based on the pending decision in *Spokeo*, Trans Union should not be forced to expend resources continuing to defend against claims here that implicate the same legal issue of whether actual harm is required to demonstrate a violation of FCRA.  This would create an inconsistency – within the same court -- that is unfair to Trans Union.

In sum, the issues implicated by *Spokeo* go to the heart of Plaintiff's class and individual claims and the Court should stay this case to avoid a waste of judicial or party resources and

– 13 –

1    prejudice to Defendants when the legal landscape may change dramatically within the year.

2          **4.    The Court Should Stay This Case Because A Stay Will Not Prejudice Plaintiff**

3                **Or Work An Inequity.**

4          Against this backdrop, Plaintiff cannot demonstrate that he will suffer prejudice or inequity

5    such that the Court should deny a stay in this case.  Indeed, the *Ramirez* and *Larson* courts had no

6    trouble finding that the direct relevance of the issues raised in *Spokeo* outweighed any claim of

7    hardship or prejudice by the plaintiffs.  The *Ramirez* court concluded there was a "lack of prejudice

8    to Mr. Ramirez and the class" after reasoning that:

9          > The possible prejudice to Plaintiff that will result from a stay is minimal, as the
10         > *Spokeo* decision will likely be issued within a year per the Supreme Court's
           > customary practice.  Further, as explained by Defendant, and not disputed by
11         > Plaintiff, Defendant has modified the conduct about which Plaintiff complains so
           > there is no need to proceed with trial to obtain immediate injunctive relief and staunch
12         > the harm.  2015 U.S. Dist. Lexis 80692, *4 (emph. added).

13   The *Larson* court also found that Mr. Larson and the class would "not be materially harmed" by a

14   stay given that it is expected to last less than a year and given that the claimed harm – difficulty in

15   locating witnesses and fading memories – was "implausible" given the expected length of the stay.

16   2015 U.S. Dist. Lexis 83459, *23.  Just as the plaintiffs in *Ramirez* and *Larson* were unable to do,

17   Plaintiff here will not be able to demonstrate prejudice as the result of any stay.

18         Here as in *Ramirez*, TURSS changed its name-only match logic in late 2013, which means

19   that the violation about which Plaintiff complains will not recur and there is no class claim for

20   injunctive relief.  (Def.'s Opp., 39:24-25 (citing Coleprete Decl., ¶¶ 9-10) [Dkt. No. 70]).  By

21   Plaintiff's own acknowledgement, the class claims are limited to claims for recovery of statutory

22   damages.  As a result, neither Plaintiff nor any putative class member will suffer hardship or an

23   inequity if disposition of this case is stayed for a limited time period.[4]

24         The Court only recently issued the Class Certification Order and there is no trial date set in

25   this case.  Indeed, Plaintiff does not even propose a trial date in today's separate updated Case

26

27   _____

     [4] Despite the fact that Plaintiff argues the accuracy class may include approximately 11,000 consumers, there are no
28   other actions pending against TURSS involving these same allegations.  The dearth of other cases belies any suggestion
     that consumers and putative class members have suffered actual harm or injury.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 14 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    Management Report.   A stay of limited duration at this point in the case will not disrupt the

2    proceedings.[5]  To the contrary, given that this case will still be in the pre-trial phase in June 2016

3    (even assuming the Court was to adopt Plaintiff's proposed pre-trial schedule which suggests a

4    hearing on dispositive motions for mid-April 2016) it makes little sense to proceed forward when a

5    decision by the Supreme Court reversing *Spokeo* will necessarily require the Court and the parties to

6    re-visit the class certification at a minimum and possibly other issues decided between now and then.

7    If the Supreme Court affirms *Spokeo*, then the parties can simply move forward with the litigation

8    then.

9         Defendants cannot predict with certainty how long the requested stay will last, but it will

10   likely last less than a year because the Supreme Court will most likely issue its decisions in *Spokeo*

11   and *Tyson Foods* by the end of June 2016.  There is no reason to believe that a stay of limited

12   duration will prejudice Plaintiff by making it more difficult to locate witnesses, to develop evidence

13   or to prepare for trial.  *Larson*, 2015 U.S. Dist. Lexis 83459, *23 (describing it as "implausible" that

14   witnesses will become difficult to locate or memories will fade with a one-year stay).

15        Finally, it bears repeating that Plaintiff relied heavily upon the court's ruling in the *Ramirez*

16   case and urged this Court to simply adopt the *Ramirez* court's reasoning in certifying the classes

17   here.  This Court accepted Plaintiff's argument and adopted the *Ramirez* court's reasoning.  (Class

18   Certification Order, p. 13-14 [Dkt. No. 96]).  Plaintiff cannot now credibly claim that this case

19   should proceed while the *Ramirez* case is stayed.

20   **B.     At A Minimum, The Court Should Stay This Case Pending The Ninth Circuit's**

21   **         Decision On Defendants' Rule 23(f) Petition And Any Related Appeal.**

22        This Court also has discretion to stay the case while the Ninth Circuit considers a petition

23   pursuant to Rule 23(f).  Fed. R. Civ. P. 23(f); *Altamura v. L'Oreal, USA, Inc.*, 2013 U.S. Dist. Lexis

24   122992, *8 (C.D. Cal. Aug. 26, 2013); *Brown v. Wal-Mart Stores, Inc.*, 2012 U.S. Dist. Lexis

25   163731 (N.D. Cal. Nov. 15, 2012).  A court deciding whether to stay a case pending disposition of a

26   Rule 23(f) petition should consider the following factors:  (1) the likelihood of success; (2) harm to

27

28   [5] Indeed, the *Ramirez* case is stayed despite having been filed much earlier than this case and having a trial date set for later this year.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY CASE; MEMORANDUM OF POINTS AND AUTHORITIES

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

the defendant in the absence of a stay; (3) harm to the plaintiff if a stay is granted; and (4) the public

interest. *Altamura*, 2013 U.S. Dist. Lexis 122992, *5 (citing *Leiva-Perez v. Holder*, 640 F.3d 962,

964-970 (9th Cir. 2011) (finding that the court should apply a "sliding scale" approach to its

consideration of these factors)).  The "likelihood of success" factor does <u>not</u> require the moving part

to showing that the Rule 23(f) petition is likely to be granted or that the trial court's prior decision

was incorrect; it simply requires a showing that the petition raises "serious legal issues." *Altamura*,

2013 U.S. Dist. Lexis 122992, *5.  In deciding whether to grant a stay, it is appropriate to take a

"flexible approach;" the factors are not to be applied rigidly.  *Leiva-Perez*, 640 F.3d at 966.

Courts in other jurisdictions recognize that the need for meaningful class notice – particularly

in the Rule 23(b)(3) opt-out context – also cautions in favor of a stay pending a Rule 23(f) petition.

As one court explained in granting a stay:

> If class notice is published before resolution of Defendants' appeal, and this Court's order is reversed, a corrective notice would need to be issued.  This would create <u>significant confusion</u> among the potential class members.  Because a potential plaintiff in a Rule 23(b)(3) action is bound unless he or she opts out, voiding a previously issued class notice could create significant issues regarding whether additional action must be taken after any corrective notice is received by the class members.  Thus, a '<u>district court should stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification</u>.'  *Powell v. Tosh*, 2012 U.S. Dist. Lexis 50251, *15-16 (W.D. Ky. Apr. 10, 2012) (citing Manual for Complex Litigation, § 21.28 at 387 (4th ed. 2008)) (emph. added).

*Whitlock v. FSL Management, LLC*, 2012 U.S. Dist. Lexis 180743, * 9 (W.D. Ky. Dec. 21, 2012)

(same); *see also*, *Jenkins v. Hyundai Motor Financing Co.*, 2008 U.S. Dist. Lexis 43785, *13 (S.D.

Ohio Jun. 2, 2008) (granting limited stay as to dissemination of class notice explaining that "[i]n

cases involving Rule 23(f) appeals, district courts ordinarily should stay the dissemination of class

notice to avoid the confusion and substantial expense of renotification that may result from appellate

reversal or modification"); *see generally*, *Wachtel v. Guardian Life Ins. Co.*, 453 F.3d 179, 185 and

fn. 6 (3rd Cir. 2006) (noting that a court "must direct to class members the best notice practicable

under the circumstances" and explaining that the notice must provide information to answer

questions such as: What does the lawsuit complain about?  How does the defendant answer?  What

are the plaintiffs asking for?  Who is in the class?  Am I in the class?).

– 16 –

1    The Court should grant a stay pending the outcome of the Rule 23(f) petition and any related

2  appeal here, because all of the factors identified above weigh in favor of a stay. The Rule 23(f)

3  petition raises "serious legal issues" and the relative harms and public interest weigh in favor of a

4  stay. In particular, Defendants have asked the Ninth Circuit to grant permission to appeal the

5  Court's certification of both the accuracy class and the file disclosure subclass on the ground that the

6  Class Certification Order is worthy of review. Defendants respectfully contend the Court erred

7  because its ruling: (1) is inconsistent with Ninth Circuit case authority (*i.e.*, *Dennis v. BEH-1, LLC*,

8  520 F.3d 1066 (9th Cir. 2008) and *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir.

9  1995); (2) improperly shifted the burden from Plaintiff to Defendants to demonstrate that the class

10  members' SmartMove reports are inaccurate as is required for certification of a class claiming a

11  violation of FCRA Section 1681e(b); and (3) improperly shifted the burden from Plaintiff to

12  Defendants to demonstrate that both the class and the sub-class were properly certified consistent

13  with the requirements of Rule 23. Defendants' petition goes to the critical issue of whether the

14  Court may properly shift these well-established burdens at the class certification stage. As such, this

15  petition raises serious legal issues that justify a stay. *Altamura*, 2013 U.S. Dist. Lexis 122992, *5.

16    Moreover, Defendants have asked the Ninth Circuit to reverse the Class Certification Order if

17  given permission to appeal. In light of the relief sought, Defendants will suffer harm if forced to

18  proceed while awaiting the outcome of the petition and any related appeal. Plaintiff, in contrast, will

19  not suffer any meaningful harm due to a stay of limited duration. *See* Sections III.A.2 and III.A.3,

20  *infra.* The harm to Defendants relative to Plaintiff further justifies a stay.

21    Finally, the public interest in avoiding any waste of judicial resources counsels in favor of a

22  stay. The petition raises issues that are fundamental to this case and time spent managing the case

23  and deciding motions in the interim may result in decisions that will need to be revisited following

24  the Ninth Circuit's decision. Moreover, there is a substantial risk of significant confusion to the

25  absent class members if the Court declines to stay the case and requires the parties to proceed with a

26  class notice which may ultimately need to re-noticed if the Ninth Circuit reverses or modifies the

27  class. *Powell*, 2012 U.S. Dist. Lexis 50251, *15-16; *Whitlock*, 2012 U.S. Dist. Lexis 180743, * 9.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 17 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    Class notice should be deferred not only because of the pending petition but because there is not

2    even a trial date set or proposed at this point.

3           Plaintiff's refusal to agree to even a limited stay of the case pending the disposition of

4    Defendants' Rule 23(f) petition is unwarranted.  Indeed, Plaintiff's counsel here agreed in *Ramirez*

5    to continue multiple case management conferences, and to defer scheduling, until the Ninth Circuit

6    ruled on the petition in that case and there is no reason to take a different approach here.

7                              **IV.     CONCLUSION**

8           For the foregoing reasons, Defendants respectfully request that the Court stay this case until

9    such time as the last of the following events occurs:  (1) the conclusion of Defendants' anticipated

10   petition for permission to appeal the Court's Order Certifying Rule 23(b)(3) Class pursuant to Fed.

11   R. Civ. P. 23(f) and any related appeal; (2) the U.S. Supreme Court's decision in *Spokeo*; or (3) the

12   U.S. Supreme Court's decision in *Tyson Foods*.  If the case is stayed, the parties will advise the

13   Court following the occurrence of the last of these events and request a further status conference to

14   discuss scheduling and any other issues affecting disposition of the case.

15

16          DATED:  July 16, 2015.            REED SMITH LLP

17                                    By:     /s/ Karen A. Braje
18                                            Michael O'Neil
                                              Albert E. Hartmann
19                                            Karen A. Braje
                                              Attorneys for Defendants
20                                            Trans Union LLC and Trans Union Rental
                                              Screening Solutions, Inc.

21

22

23

24

25

26

27

28

– 18 –

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY CASE; MEMORANDUM OF POINTS AND
AUTHORITIES