UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| AMIT PATEL, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANS UNION, LLC in its own name t/a TRANS UNION RENTAL SCREENING SOLUTINS, INC. and TRANSUNION BACKGROUND DATA SOLUTIONS and TRANS UNION RENTAL SCREENING SOLUTIONS, INC. in its own name and t/a TRANSUNION BACKGROUND DATA SOLUTIONS,<br><br>Defendants. | Case No.  3:14-cv-00522-LB<br><br>**ORDER STAYING CASE**<br><br>[Re: ECF No. 103] |

**INTRODUCTION**

This is a class action alleging that Trans Union Rental Screening Solutions and its parent Trans Union, LLC — operating as a single credit-reporting agency — violated the federal Fair Credit Reporting Act ("FCRA"). (Amended Complaint, ECF No. 41.)[1] The court certified two Rule 23(b)(3) classes: (1) a national class challenging the defendants' willful failure to maintain and follow reasonable procedures to ensure the maximum possible accuracy of their information, in

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

ORDER (No. 3:14-cv-00522-LB)

violation of 15 U.S.C. § 1681e(b), and (2) a national subclass challenging the defendants' willful failure to provide consumers with all information in their files, in violation of 15 U.S.C. § 1681g. (Order, ECF No. 96.) Trans Union now moves to stay all proceedings in this case until the Supreme Court decides two cases: *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2014) and *Bouaphaekeo v. Tyson Foods, Inc.*, 765 F.3d 791 (8th Cir. 2014), *cert. granted*, No. 14-1146, 2015 WL 1278593 (U.S. June 8, 2014). (Motion, ECF No. 103.) It also moves for a stay because it has petitioned the Ninth Circuit pursuant to Rule 26(f) for review of the undersigned's certification order. (*Id.*) For the reasons stated below, the court grants Trans Union's motion to stay.

## ANALYSIS

### I. GOVERNING LAW

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* (quoting in part *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926) and *Hilton v. Braunskill*, 481 U.S. 770, 777 (1986)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34.

The court's discretion is not unbounded. In considering whether to stay proceedings pending resolution of an appeal in another matter, the court must weigh competing concerns including (1) the possible damage that may result from the grant of a stay, (2) the hardship a party may suffer if the case goes forward, and (3) "the orderly course of justice measured in terms of the simplifying r complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

### II. APPLICATION

Two courts in this district with similar cases have granted stays. *See Larson v. Trans Union LLC*, No. 3:12-cv-05726-WHO, ECF No. 86 at 14 (N.D. Cal. June 22, 2015); *Ramirez v. Trans Union LLC*, No. 3:12-cv-00632-JSC, ECF No. 184 (N.D. Cal. June 22, 2015). The court follows their reasoning and stays the case pending the Supreme Court's decision in *Spokeo v. Robins*. The

issue in that case is whether a plaintiff has Article III standing by alleging a willful violation of 15 U.S.C. § 1681n(a) without suffering actual damages. The Ninth Circuit held that because a FCRA "cause of action does not require proof of actual damages, a plaintiff can suffer a violation of the statutory right without suffering actual damages." *Spokeo*, 742 F.3d at 413. The Supreme Court's grant of certiorari thus bears directly on the undersigned's certification ruling.

The plaintiff nonetheless argues that — unlike *Ramirez* — the class-certification arguments did not implicate *Spokeo*. (Opposition, ECF No. 109 at 15.) The court thinks that does not alter the analysis: *Spokeo* was the law of the circuit, the court obviously was aware of the decision, and the issue hovers in the background of all statutory damages cases. The court concludes that a stay is appropriate for all of the reasons stated in *Larson* and *Ramirez*.

## CONCLUSION

The court grants TransUnion's motion to stay this case pending the Supreme Court's decision in *Spokeo*. The parties must file joint request to lift the stay within one week after the Court issues its decision. The court at that time will consider what effect — if any — to give to *Tyson Foods*.

This disposes of ECF No. 103.

**IT IS SO ORDERED.**

Dated: September 3, 2015    _____
LAUREL BEELER
United States Magistrate Judge