1  EVANS LAW FIRM, INC.
2  Ingrid M. Evans (CA State Bar No. 179094)
   3053 Fillmore Street, #236
3  San Francisco, CA 94123
   Tel: (415)-441-8669
4  Tel: (888) 503-8267

5  FRANCIS & MAILMAN, P.C.
   James A. Francis (*Pro Hac Vice*)
6  John Soumilas (*Pro Hac Vice*)
   David A. Searles (*Pro Hac Vice*)
7  Lauren KW Brennan (*Pro Hac Vice*)
   Land Title Building, Suite 1902
8  100 South Broad Street
   Philadelphia, PA 19110
9  Tel: (215) 735-8600
   Fax: (215) 940-8000
10
11 Attorneys for Plaintiff
12 AMIT PATEL and the Class

13                 UNITED STATES DISTRICT COURT
14               NORTHERN DISTRICT OF CALIFORNIA
15                  SAN FRANCISCO DIVISION
16

17 | AMIT PATEL, on behalf of himself and all others similarly situated, | Case No. 3:14-cv-00522-LB |

Plaintiffs,

v.

TRANS UNION, LLC in its own name and t/a TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and TRANSUNION BACKGROUND DATA SOLUTIONS, and TRANS UNION RENTAL SCREENING SOLUTIONS, INC. in its own name and t/a TRANSUNION BACKGROUND DATA SOLUTIONS,

Defendants.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Date: October 19, 2017
Time:  9:30 a.m.
Place:  Courtroom C

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 19, 2017, at 9:30 a.m., or as soon thereafter as the Court may order, in Courtroom C, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, the Hon. Laurel Beeler presiding, plaintiff Amit Patel will and hereby does move for an Order Granting Preliminary Approval of Class Action Settlement, pursuant to the Settlement Agreement filed concurrently herewith.

This Motion is made pursuant to Fed. R. Civ. P. 23 and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Law, the Settlement Agreement and such evidence and argument as the Court may consider at the hearing on this Motion.

Defendants do not contest this Motion.

Dated:   September 15, 2017

**FRANCIS & MAILMAN, P.C.**

By:   */s/ James A. Francis*
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Lauren KW Brennan (*pro hac vice*)
Land Title Bldg., Suite 1902
100 South Broad Street
Philadelphia, PA  19110
Telephone:  (215) 735-8600
Facsimile:  (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com
lbrennan@consumerlawfirm.com

Ingrid M. Evans (CA State Bar No. 179094)
**EVANS LAW FIRM, INC.**
3053 Fillmore Street, #236
San Francisco, CA 94123
Ingrid@evanslaw.com
Tel: (415)-441-8669
Tel: (888) 503-8267

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................. 1

II.     PROCEDURAL HISTORY ................................................................. 2

    A.      Discovery Proceedings ................................................................ 2

    B.      Motion Practice and Class Certification ................................... 3

    C.      Notice of the Litigation Sent to the Class ................................. 4

    D.      Mediation and Documentation of Settlement ........................... 5

III.    THE PROPOSED SETTLEMENT ..................................................... 6

    A.      The Class And Subclass .............................................................. 6

    B.      The Consideration Provided To The Class Under The Agreement ...................... 6

        1.      Automatic Payment Pool ................................................. 7

        2.      Claims Made Pool ............................................................ 7

        3.      Notice and Settlement Administration ........................... 7

        4.      Service Award .................................................................. 8

        5.      Attorneys' Fees and Costs ............................................... 8

        6.      Residual Funds to *Cy Pres* Recipients ......................... 8

    C.      Release .......................................................................................... 9

    D.      The Required Class Action Fairness Act Notice ..................... 9

    E.      Objections .................................................................................... 9

IV.     THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL ............................... 10

    A.      The Settlement Approval Process .............................................. 10

    B.      Preliminary Approval ................................................................. 12

        1.      The Settlement Negotiations Were at Arm's Length ................................. 12

        2.      Plaintiff's Counsel Had Ample Discovery to Make an Informed Judgment on the Merits of the Claims ......................... 13

Case No. 3:14-cv-00522-LB
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

3.      Plaintiff's Counsel, Who Are Highly Experienced in Class Action Procedure and the Claims at Issue in the Case, Believe the Settlement Is Fair, Reasonable and Adequate................................................................14

4.      The Risks of Litigation Support Approval.................................................14

5.      The Settlement Presents No Deficiencies ..................................................16

     a.      The *Cy Pres* Beneficiaries Meet Ninth Circuit Requirements...... 16

     b.      Class Counsel's Anticipated Application for Attorneys' Fees ..... 17

V.      ELEMENTS FOR CERTIFICATION OF A CLASS SETTLEMENT ........................... 17

VI.     THE PROPOSED CLASS NOTICE IS CONSTITUTIONALLY SOUND.................... 18

VII.    PROPOSED SCHEDULE ............................................................... 18

VIII.   CONCLUSION........................................................................ 19

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Inter-Con Sec. Sys. Inc.*,
  2007 WL 3225466 (N.D. Cal. Oct. 30, 2007)..........................................................................13

*Alberto v. GMRI, Inc.*,
  252 F.R.D. 652 (E.D. Cal. 2008) ..................................................................................... 11-12

*Beck-Ellman v. Kaz USA, Inc.*,
  2013 WL 1748729 (S.D. Cal. Jan. 7, 2013).........................................................................11

*Churchill Village, LLC v. General Electric*,
  361 F.3d 566 (9th Cir. 2004) ...............................................................................................14

*Dennis v. Kellogg Co.*,
  697 F.3d 858 (9th Cir. 2012) .........................................................................................15, 16

*In re Employee Benefit Plans Secs. Litig.*,
  1993 WL 330595 (D. Minn. June 2, 1993)...........................................................................12

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) .............................................................................................10

*Mullane v. Central Hanover*
  339 U.S. 306 (1950).............................................................................................................17

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004).........................................................................................12

*In re Netflix Privacy Litig.*,
  2012 WL 2598819 (N.D. Cal. July 5, 2012).........................................................................13

*In re Omnivision Tech., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...............................................................................17

*Patel v. Trans Union, LLC*,
  308 F.R.D. 292 (N.D. Ca. 2015)................................................................................1, 3, 4, 17

*Robins v. Spokeo, Inc.*,
  742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2014) ...............................4, 13

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) *vacated on other grounds* 688 F.3d 645 ...........................11, 12

*Safeco Insurance Co. of America v. Burr*,
   551 U.S. 47 (2007)........................................................................................15

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016).....................................................................................4

*In re Sumitomo Copper Litig.*,
   189 F.R.D. 274 (S.D.N.Y. 1999) ...................................................................12

*In re Tableware Antitrust Litig.*,
   484 F. Supp. 2d 1078 (N.D. Cal. 2007) ......................................................2, 12

*Van Bronkhorst v. Safeco Corp.*,
   529 F.2d 943 (9th Cir. 1976) .........................................................................10

*In re Wash. Pub, Power Supply Sys. Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1994) .........................................................................17

*Young v. Polo Retail*,
   2006 WL 3050861 (N.D. Cal. Oct. 25, 2006)................................................12

### S<small>TATUTES</small> & F<small>EDERAL</small> R<small>ULES</small>

Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.........................8, 9

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x .......................1, 3, 14, 15, 19

   15 U.S.C. § 1681e(b) ........................................................................................3

   15 U.S.C. § 1681g ............................................................................................3

   15 U.S.C. § 1681n ..........................................................................................15

   15 U.S.C. § 1681n(a)(1)(A) ............................................................................15

   15 U.S.C. § 1681o ..........................................................................................15

Fed. R. Civ. P. 23(c)(2)(B) ...........................................................................17, 18

Fed. R. Civ. P. 23(c)(3) .......................................................................................18

Fed. R. Civ. P. 23(e)(1)(A) .................................................................................11

### O<small>THER</small> A<small>UTHORITIES</small>

H<small>ERBERT</small> B. N<small>EWBERG</small> & A<small>LBA</small> C<small>ONTE</small>, N<small>EWBERG</small> O<small>N</small> C<small>LASS</small> A<small>CTIONS</small> § 11.41 ...........10, 11, 12

M<small>ANUAL</small> F<small>OR</small> C<small>OMPLEX</small> L<small>ITIGATION</small> (F<small>OURTH</small>) (2004) ....................................1, 11, 12

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

**MEMORANDUM OF LAW**

## I.      INTRODUCTION

Plaintiff Amit Patel brought this consumer protection class action against Defendants TransUnion LLC and TransUnion Rental Screening Solutions, Inc. ("Defendants" or "Trans Union") under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").  As set forth in Mr. Patel's Amended Class Action Complaint (ECF 41) and this Court's Class Certification Order certifying a Class and Subclass (ECF 96), reported at *Patel v. Trans Union, LLC*, 308 F.R.D. 292 (N.D. Ca. 2015), this is a consumer class action brought on behalf of consumers who were the subjects of Trans Union SmartMove reports.

The Class Certification Order certified Class Claims asserted under the FCRA in Counts I and VI (misnumbered as "Count V") of the Amended Complaint arising out of the allegations set forth therein.  The other Counts in the Amended Complaint have been dismissed as to Plaintiff, and without prejudice to the class membership.  (ECF 142).

By this motion, Plaintiff hereby commences the court approval process outlined in the MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.63 (2004) (hereinafter "MANUAL") for the settlement of class actions.  Plaintiff and his counsel respectfully request that the Court enter an order: (1) granting preliminary approval of the proposed Class Settlement Agreement and Release attached hereto as Appendix I;[1] (2) approving the Parties' proposed notice program and form of notice; (3) directing that notice of the proposed Settlement be given to the Class; and (5) setting a Final Approval Hearing to determine whether the proposed Settlement is fair,

---

[1]      Unless otherwise defined herein, all capitalized terms herein have the same meaning as in the Agreement.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

reasonable and adequate and whether an order awarding a service award, attorneys' fees, reimbursement of expenses should be approved.

As set forth below, the proposed settlement is well "within the range of possible approval," such that the Court should grant preliminary approval, authorize notice to the Class, and schedule a Final Approval Hearing.  *See, e.g.*, *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).  Before engaging in settlement negotiations, the Parties conducted a substantial amount of discovery, engaged in extensive motion practice and understood the strengths, weaknesses and risks of proceeding through to trial.  The settlement discussions, overseen by a retired federal magistrate judge familiar with the claims at issue, were protracted, adversarial and always at arm's length.  Plaintiff and the Class are represented by counsel experienced in class action litigation and believe the settlement is more than fair, reasonable and adequate.  Accordingly, Plaintiff respectfully requests that the Court grant this motion.

## II.    PROCEDURAL HISTORY

On February 4, 2014, Plaintiff filed a Complaint in the United States District Court for the Northern District of California challenging Defendants' alleged practice of mis-attributing "Alert List" records on reports delivered to potential landlords, and subsequently compounding such conduct by failing to disclose to the affected rental applicants the mis-attributed records that Trans Union was reporting about them.  Plaintiff filed an Amended Complaint on October 14, 2014.  (ECF 41).  Defendants filed Answers on October 31, 2014.  (ECF 45, 46).

### A.    Discovery Proceedings

The Parties conducted substantial discovery in this matter, beginning with a first phase of discovery limited to class action issues.  During this initial phase, Plaintiff exchanged discovery

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

requests and responses with each Defendant independently, and the Parties exchanged and reviewed several thousand pages of documents.  The Parties conducted seven depositions, including the deposition of the Plaintiff, five of Defendants' corporate representatives, and a third party.

Following the Court's Class Certification Order, the Parties continued to a second phase of discovery targeted to the merits of the claims of Plaintiff and the Class.  The Parties exchanged an additional set of interrogatories and document requests, and Plaintiff responded to requests for admissions served by each Defendant.  The Parties conducted three additional depositions of the corporate representatives of Defendants, plus a deposition of an additional third party.

**B.    Motion Practice and Class Certification**

In February 2015, Plaintiff filed his Motion for Class Certification.  (ECF 56-4, 60). Plaintiff sought class certification for two classes and two claims: (1) a national class challenging the Defendants' willful failure to maintain and follow reasonable procedures to ensure the maximum possible accuracy of their information, in violation of 15 U.S.C. § 1681e(b), and (2) a national subclass challenging the Defendants' willful failure to provide consumers with all information in their files, in violation of 15 U.S.C. § 1681g.  *Id.*

Defendants opposed class certification.  (ECF 70).

On June 26, 2015, the Court entered the Class Certification Order (ECF 96), reported at 308 F.R.D. 292 (N.D. Ca. 2015).  The Court certified a Class and a Subclass, defined as follows:

> All natural persons residing in the United States who, from February 2012 until December 2013, were the subjects of Trans Union Rental Screening Solutions SmartMove reports containing at least one item of "Alert List" information (the "Class").

> All natural persons residing in the United States who, from February 2012 until December 2013, were the subjects of Trans Union Rental Screening Solutions SmartMove reports containing at least one item of "Alert List" information who

requested a file disclosure from, and were sent a disclosure by, Trans Union, LLC (the "Subclass").

308 F.R.D. at 310.

Defendants sought permission to appeal the Class Certification Order under Rule 23(f), which Plaintiff opposed.  Subsequently, the Court stayed the Litigation pending a decision by the Supreme Court in *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2014).  After the *Spokeo* decision issued, remanding the case to the Ninth Circuit, *see Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), the Parties resumed the Litigation and a Revised Scheduling Order was entered on June 27, 2016 (ECF 123).  Thereafter, Defendants moved to decertify the Class, Plaintiff opposed the motion, and the Court denied decertification on October 21, 2016.  (ECF 132).

## C.   Notice of the Litigation Sent to the Class

Following the denial of decertification, notice of the Litigation was provided to the certified Class and Subclass.  The notice was approved by this Court.  (ECF 133, 134).

On October 28, 2016, Defendants' Counsel provided Class Counsel[2] with a list of names and addresses for 10,505 Class Members, and 2,193 Subclass Members.  Class Counsel provided this list to RSM US LLP ("RSM"), a third-party class action administrator.  *See* Exhibit A hereto, Declaration of RSM US LLP in Connection with Notice Dissemination ("RSM Decl.").  RSM determined that there were 10,501 Class Members.  *Id*. at ¶ 3.

---

[2]   Class Counsel are Francis & Mailman, P.C. and Evans Law Firm, Inc.  Agreement, § 1.14; *see also* ECF 56-32, 56-33.  The Evans Law Firm also worked extensively with the family attorney for Mr. Patel, Michelle Noble Cain, Esq., prior to and in connection with investigating this case, facilitating client communications and assisting in collecting documents and other evidence and has a referral fee interest in the case, as will be discussed in detail in connection with the Motion for Attorneys' Fees and Costs.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

RSM mailed the approved notice to the Class Members, via first class mail.  *Id.* at ¶ 4.

Sixteen (16) notices were returned with a forwarding address provided by the USPS. *Id.* at ¶ 5(b).

RSM re-mailed those notices to the updated addresses.  *Id.*

Two thousand and twenty-seven (2,027) such notices were returned without a forwarding

address.  *Id.* at ¶ 5(a).  RSM obtained new addresses for and then re-mailed one thousand eight

hundred and forty-nine (1,849) of those notices. *Id.*  Two hundred and forty-three (243) of those

re-mailed notices were returned as undeliverable. *Id.*  RSM calculates that the notice plan resulted

in notice reaching ninety-six percent (96%) of the Class membership. *Id.* at ¶ 6.

In response to the notice, the Settlement Administrator received a total of two (2)

requests by Class Members to be excluded from the Class.  Those persons are identified on

Exhibit B hereto, filed under seal.

**D.**     **Mediation and Documentation of Settlement**

The Parties participated in a private mediation session with the Hon. James Larson of

JAMS in San Francisco on January 28, 2015.  The mediation did not result in a settlement.

After additional discovery and motion practice, the Parties continued their settlement

discussions, and conducted in-person settlement discussions in Philadelphia on November 9,

2016. As a result of this meeting, the Parties agreed to proceed to mediation with the Hon. Diane

Welsh of JAMS, in Philadelphia on May 15, 2017.  The mediation resulted in a term sheet

reflecting an agreement to settle the Litigation.  The Parties notified the Court of the agreement

in principle on June 12, 2017.  ECF 139.

Documenting a formal settlement agreement and collateral documents took additional

time to prepare and exchange drafts, and a series of telephone negotiations concerning the details

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

of the terms and conditions of the agreement.  The Parties eventually finalized their agreement as of September 15, 2017, resulting in the settlement document attached hereto as Appendix I.

### III.     THE PROPOSED SETTLEMENT

Plaintiff and the Defendants arrived at the proposed settlement in this case after extensive briefing on class certification, Defendants' attempt to stay the case, Defendants' unsuccessful attempt to decertify the certified Class and Subclass, written discovery and eleven depositions which included Defendants' witnesses, Mr. Patel and two third parties.

The Parties also conducted arm's-length, contentious negotiations (with the participation of Defendants' insurance carrier) that included two separate full day mediation session with a professional mediator and a series of additional sessions involving counsel for the Parties.  After several months of discussion following the mediation and numerous exchanges of draft documents, the Parties reached a class-wide settlement.

### A.     The Class And Subclass

Under the Agreement, the Parties agreed to resolve the claims of the certified Class and Subclass of natural persons as defined in the Class Certification Order, described above.  The Court also appointed Mr. Patel as the Class Representative and his counsel as Class Counsel. (ECF 96).

### B.     The Consideration Provided To The Class Under The Agreement

The Agreement requires Defendants to establish a Settlement Fund of $8,000,000.00 to settle the Class Claims.  An initial deposit of $27,000.00 will be paid to the Settlement Administrator within ten business days following the entry of the Preliminary Approval Order, and the balance of $7,973,000.00 will be paid to the Settlement Administrator following Final Approval.  Agreement, § 4(a)(ii).  From the Settlement Fund, the Parties have agreed that

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

payments will be made as follows.   The allocation of compensation to Class Members is consistent with discovery produced by Defendants in the course of the Litigation.

### 1. **Automatic Payment Pool**

The sum of $4,202,000.00 shall be allocated for the Automatic Payment Pool.   Class Members will each be automatically sent a check for $400.00. *Id*., § 10(a).   There is no requirement that a Class Member submit a claim in order to be mailed the Automatic Payment. The Automatic Payment Checks must be cashed within sixty days from the date of mailing.   To the extent an Automatic Payment Check is not presented for payment within that time period, it shall become null and void, and the proceeds of such checks shall be included and waterfall into the Claims Made Pool. *Id*.

### 2. **Claims Made Pool**

In addition to receiving an Automatic Payment, a Class Member also has the option of submitting a claim to be paid a *pro rata* share of the Claims Made Pool. *Id*., §§ 8, 10(b).   The Parties calculate that after the estimated costs of notice and settlement administration, and assuming the Court approves the agreed upon amounts for the Service Award to Mr. Patel and the Fee Petition (see below), the Claims Made Pool will be in excess of $1,000,000.00.   As mentioned above, the amount of funds in the Claims Made Pool is likely to increase as a result of uncashed Automatic Payments which waterfall into the Pool.   The amount of each Claimant's individual *pro rata* share will depend on how many Claimants submit Claim Forms.

### 3. **Notice and Settlement Administration**

The Settlement Fund will be used to pay all costs of notice and settlement administration.

After an evaluation of several bids for settlement administration services, RSM was chosen to be the Settlement Administrator in this case. Agreement, § 1.43. Having handled the

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

notice process following class certification in this case (see above), and submitting a competitive bid for the work, RSM was deemed the best suited for settlement and claims administration. RSM will perform all tasks specified and assigned to it in the Agreement, such as mailing and re-mailing the Settlement Notice (Exhibit C to Agreement), sending out the CAFA Notice, setting up a settlement website and toll-free telephone number, receiving and processing Claims Forms, handling the payments to Class Members, and providing regular reports to the Parties and a report to the Court prior to the Final Approval Hearing. *Id.*, § 5.

The Settlement Administrator shall ensure that the information that it receives from Defendants and Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with the privacy policies of Defendants as well as applicable law.

### 4.   <u>Service Award</u>

Defendants agree to the sum of $10,000.00 as the Service Award to be paid to the Class Representative, subject to the approval of the Court.  Agreement, § 9(b).

### 5.   <u>Attorneys' Fees and Costs</u>

The Agreement provides that Class Counsel may file the Fee Petition for an award of attorneys' fees and reimbursable expenses in an amount not to exceed one-third of the Settlement Fund, without objection by Defendants. *Id*, §§ 1.24, 9(a).

### 6.   <u>Residual Funds to *Cy Pres* Recipients</u>

The Agreement provides that there will be no reversion of any funds to the Defendants under any circumstances. *Id.*, § 4(b)(vii).  To the extent money remains in the Settlement Fund following payment of checks from the Claims Made Pool, the Parties have agreed that up to

$10,000.00 may be paid to the Settlement Administrator to defray reasonable Notice and Administration Expenses actually incurred by the Settlement Administrator.  *Id.*, § 4(b)(vi).

Any remaining amounts shall be distributed to the *cy pres* recipients proposed by the Parties:  Consumer Federation of California (https://consumercal.org/), Credit Builders Alliance (https://www.creditbuildersalliance.org/) and the Jump$tart Coalition for Personal Financial Literacy (http://www.jumpstart.org/).  *Id.*, § 4(c).

## C.   Release

The scope of the release to which each Class Member would be bound is limited to claims that were asserted or could have been asserted arising out of or related to the facts or claims alleged in the Litigation relating to the Class Claims.  *Id.*, § 11(a).  Plaintiff, on behalf of himself only, will provide Defendants with a general release.  *Id.*, § 11(b).

## D.   The Required Class Action Fairness Act Notice

The Defendants shall prepare the notice required to be served under the Class Action Fairness Act of 2005 ("CAFA").  28 U.S.C. § 1715.  *Id.*, § 5(e).  The Settlement Administrator shall mail the CAFA Notice within ten days after the filing of the Settlement Agreement with the Court, and Defendants' Counsel shall file a certificate of such service with the Court.  *Id.*

## E.   Objections

Any Class Member who wishes to object to the Settlement or Fee Petition at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a Notice of Objection by the Objection Deadline.  *Id.*, § 7.

The Notice of Objection shall be mailed to Class Counsel, Defendants' Counsel and the Clerk of the Court.  Objections shall be personally signed and state: the caption of the Litigation; the full name, address and telephone number of the Class Member objecting to the Settlement; a

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such Class Member wishes to be considered in support of the objection; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Petition; any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; the identity of all counsel representing the objector who will appear at the Final Approval Hearing; and, all relief sought. *Id.*, § 7.1

Any objector wishing to be heard at the Final Approval Hearing must also file a notice of intent to appear with the Court Clerk's office no later than ten (10) business days before the Final Approval Hearing, and must provide both Class Counsel and Defendants' Counsel with copies of the notice of intent to appear. *Id.*, § 7.1.3.

## IV.     THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### A.     The Settlement Approval Process

The Ninth Circuit has a "'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quoting *Class Plaintiffs v. Seattle*, 995 F.2d 1268, 1276 (9th Cir. 1992)); *see also* HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS § 11.41 (4th ed. 2002) ("NEWBERG") ("By their very nature, because of the uncertainties of outcome, difficulties of proof, length of litigation, class action suits lend themselves readily to compromise."). There is an "overriding public interest in settling and quieting litigation," *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976), and the Ninth Circuit "has long deferred to the private

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

consensual decision of the parties" to settle, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) *vacated on other grounds* 688 F.3d 645.

Where, as here, the parties propose to resolve the claims of a class through settlement, they must obtain the court's approval. *See* Fed. R. Civ. P. 23(e)(1)(A). The typical process for approving class action settlements is described in the MANUAL at §§ 21.632-.635 and is comprised of three steps:

(1)  Preliminary approval of the proposed settlement at an informal hearing;

(2)  Dissemination of mailed and/or published notice of the settlement to all affected class members; and

(3)  A "formal fairness hearing," or final approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. *Id.* at §§ 21.632-.635.

This procedure, commonly employed by federal courts, serves the dual function of safeguarding class members' procedural due process rights and enabling the court to fulfill its role as the guardian of class members' interests. *See* NEWBERG § 11.25.

Plaintiff asks that the Court grant preliminary approval of the proposed settlement.  At this stage, the Court "must make a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms and must direct preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." MANUAL § 21.632.  Courts should grant preliminary approval and direct notice to the class if the settlement has no obvious deficiencies and "falls within the range of possible judicial approval." *Beck-Ellman v. Kaz USA, Inc.*, No. 10-cv-02134, 2013 WL 1748729, at *5 (S.D. Cal. Jan. 7, 2013); *Alberto v. GMRI, Inc.,*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

252 F.R.D. 652, 666 (E.D. Cal. 2008); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079; NEWBERG, *supra*, § 11.25.

**B.      Preliminary Approval**

A proposed class action settlement is fair and should be preliminarily approved if the Court finds that: (1) the negotiations leading to the proposed settlement occurred at arm's length; (2) there was sufficient discovery in the litigation for the plaintiff to make an informed judgment on the merits of the claims; and (3) the proponents of the settlement are experienced in similar litigation. *Young v. Polo Retail,* No. C-02-4546 VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006); *see also Rodriguez*, 563 F.3d at 965, ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 280-81 (S.D.N.Y. 1999) ("a 'presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery'") (quoting MANUAL § 30.42 (3d ed. 1995)); NEWBERG, *supra*, § 11.41. The settlement easily satisfies these requirements.

**1.      The Settlement Negotiations Were at Arm's Length**

Typically, "[t]here is a presumption of fairness when a proposed class settlement, which was negotiated at arm's-length by counsel for the class, is presented for Court approval." NEWBERG, *supra*, §11.41; *see also Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (great weight given to the recommendation of counsel who are the most closely acquainted with the facts of the litigation); *In re Employee Benefit Plans Secs. Litig.*, No. 3-92-708, 1993 WL 330595, at *5 (D. Minn. June 2, 1993) (same).

There is no doubt that the proposed settlement was reached through arm's length bargaining. From the beginning of the case, the Parties engaged in extensive, adversarial motion

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

practice and discovery.  Class certification issues were extensively briefed and argued in the context of both Plaintiff's Motion for Class Certification and Defendants' Motion to Decertify Class.  Further, Defendants sought and obtained a stay of the Litigation, pending the appeal of the Ninth Circuit *Spokeo* decision to the Supreme Court.

With sufficient information to make the process meaningful, the Parties engaged in two separate formal mediation sessions before well-respected mediators, armed with sufficient discovery and well-researched and thought-out assessments of the likelihood of success of their respective claims and defenses.  While the class settlement in principle was reached on the date of the second mediation, the Parties continued to negotiate among themselves and eventually reached a written class settlement agreement, documented with the necessary collateral documents, ultimately resulting in the formal settlement attached hereto as Appendix I.

Additionally, the fact that the settlement process and the progress made at that session was overseen by an experienced mediator indicates the settlement was anything but collusive. *See, e.g., Adams v. Inter-Con Sec. Sys. Inc.*, No. C-06-5428 MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007); *see also In re Netflix Privacy Litig.*, No. 5:11-cv-00379 EJD, 2012 WL 2598819, at *1, 2 (N.D. Cal. July 5, 2012).

### 2.  Plaintiff's Counsel Had Ample Discovery to Make an Informed Judgment on the Merits of the Claims

As described above, before engaging in settlement negotiations, Class Counsel undertook substantial factual discovery regarding class certification, liability, and damages.  Class Counsel reviewed many pages of documents and undertook a significant amount of factual discovery and research.  Counsel analyzed all this information in light of relevant rulings by federal District Courts within California, and by the Ninth Circuit. Accordingly, Class Counsel made informed decisions when negotiating the proposed settlement.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

3.    **Plaintiff's Counsel, Who Are Highly Experienced in Class Action Procedure and the Claims at Issue in the Case, Believe the Settlement Is Fair, Reasonable and Adequate**

In negotiating the proposed settlement, Plaintiff had the benefit of highly skilled and experienced counsel.  Class Counsel have broad experience litigating and trying consumer and class action cases on behalf of plaintiffs.  (ECF 56-32, 56-33).[3]  In their view, the settlement provides substantial benefits to the Class, especially when one considers the attendant expense, risks, delays, and uncertainties of litigation, trial and post-trial proceedings.

4.    **The Risks of Litigation Support Approval**

The Settlement provides all of the significant benefits described above to the Class without the risks, costs, and delays inherent in continued litigation, trial, and appeal of Plaintiff's claims. The expense, complexity, and duration of litigation are important factors considered in evaluating the reasonableness of a settlement.  *Churchill Village, LLC v. General Electric*, 361 F.3d 566, 577 (9th Cir. 2004). Litigating this class action through trial would be time-consuming and expensive. As with most class actions, the claims at issue are complex and risky.

Even though Plaintiff succeeded in certifying the Class and Subclass, he now faces the task of proving liability on the merits, which would require further risky litigation and expert

---

[3]    *See Ramirez v. Trans Union, LLC*, No. 3:12-cv-632 (N.D. Cal.); *White v. Experian Info. Solutions*, 993 F.Supp.2d 1154, 1169, 1172 (C.D. Cal. 2014) (finding Francis & Mailman "FCRA specialists" and appointing firm and its team as interim class counsel over objections from competing group because their team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."), *aff'd sub nom. Radcliffe v. Experian Info. Solutions, Inc.*, 818 F.3d 537, 548 (9th Cir. 2016); *Sapp v. Experian Info. Solutions*, No. 10-4312, 2013 WL 2130956 (E.D. Pa. May 15, 2013); *LaRocque v. TRS Recovery Services, Inc.*, 285 F.R.D. 139 (D. Me. 2012) (certifying firm of Francis & Mailman as class counsel in consumer class action); *accord, Giddiens v. First Advantage LNS Screening Solutions, Inc.*, No. 2:12-cv-2624 (E.D. Pa.) at Dkt. No. 55 (Jan. 20, 2015 order granting final approval and certifying Francis & Mailman as class counsel); *Serrano v. Sterling Testing Systems, Inc.*, 711 F. Supp. 2d 402, 412 (E.D. Pa. 2010); *Summerfield v. Equifax Info. Services, LCC*, 264 F.R.D. 133 (D. N.J. 2009); *Chakejian v. Equifax Info. Services, LLC*, 256 F.R.D. 492 (E.D. Pa. 2009); *Jones v. Midland Funding, LLC*, C.A. No. 3:08cv802 (RNC) (D. Conn. October 13, 2009); *Jordan v. Commonwealth Financial Systems, Inc.*, 237 F.R.D. 132 (E.D. Pa. 2006); *Bonett v. Education Debt Services, Inc.*, No. 01-6528, 2003 WL 21658267, at *3 (E.D. Pa. 2003).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

work.  Even if Plaintiff successfully passed the liability hurdle, a battle would likely ensue concerning whether Plaintiff and other Class Members have sustained damages and, if so, the proper measure of those damages, requiring yet more expert testimony and entailing further risks to Plaintiff's and the Class's chances of recovery.  Although Plaintiff is and remains confident in the strength of his case and is prepared to litigate it through trial at all times, the risks are numerous and real.  The battles would be fought not only at trial but also on appeal.

By contrast, the settlement provides significant cash benefits to the Class in the form of FCRA damages.  Under the FCRA, a prevailing plaintiff in a class action may obtain, *inter alia*, actual damages or between $100 and $1,000 in statutory damages for each member of a class. 15 U.S.C. § 1681n(a)(1)(A).  At this stage of litigation, the automatic check in the amount of $400.00 per Class Member (without having to file a claim or take any other action) represents a substantial benefit to the Class.  Further, the additional option provided to Class Members of submitting a claim for a *pro rata* share of the Claims Made Pool is a significant benefit available to all members who believe they incurred actual damages as a result of Defendants' actions.

While Plaintiff's counsel firmly believes in the merits of the Class Claims, demonstrating liability is not at all a certainty.  Liability under the FCRA is not strict and only arises upon a finding of negligence or willful failure to comply. 15 U.S.C. §§ 1681n and 1681o.  Defendants contest liability in all regards.  Further, unless there is a finding of willful noncompliance,[4]

---

[4]     In *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 69 (2007), the Supreme Court considered the standard for whether a defendant "willfully" violates the FCRA, including whether willfulness also includes "recklessness." *Id.* at 52. While it held that the former encompassed the latter, the Court also concluded that this willfulness standard is not met "unless the action is not only a violation [of the FCRA] under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. To overcome this hurdle, it is the plaintiff's burden to prove that a defendant's attempts to comply with the FCRA were "objectively unreasonable." *Id.*

Plaintiff (and thus the Class) must establish actual damages.  Consequently, absent approval of the Settlement, Plaintiff will be put to challenging proofs, including as to issues of willfulness, and all Parties face the prospect of a long and expensive litigation which will likely culminate in a trial on a class-wide basis and, thereafter, a lengthy appeal.

### 5. <u>The Settlement Presents No Deficiencies</u>

#### a. <u>The *Cy Pres* Beneficiaries Meet Ninth Circuit Requirements</u>

In *Dennis v. Kellogg Co.,* 697 F.3d 858, 865 (9th Cir. 2012), the Ninth Circuit held that there must be a "driving nexus between the plaintiff class and the *cy pres* beneficiaries[.]" That case involved claims for false advertising where the parties reached a settlement that provided for $5.5 million "worth" of Kellogg's food to be donated to charities that feed the indigent. In reversing the district court's order granting final approval, the Ninth Circuit stated that any *cy pres* award must be "guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members, and (3) must not benefit a group 'too remote from the plaintiff class.'" *Id.* at 865.

Here, to the extent the Settlement Fund is not fully distributed to Class Members, any residual amount would be distributed to three recipients: the Consumer Federation of California; the Credit Builders Alliance; and, the Jump$tart Coalition for Personal Financial Literacy.  The Class in this case is comprised of consumers who were the subject of background reports that incorrectly identified them as being included on government "Alert Lists."  The underlying statutory provisions alleged in the Litigation are intended to promote accuracy in consumer reporting and to disclose to subjects of the reports all information in their files.  The proposed *cy*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1

2

*pres* recipients provide services that benefit the interests of Class Members, and serve the objectives of the underlying statute at issue in the Litigation.[5]

3

**b.     Class Counsel's Anticipated Application for Attorneys' Fees**

4

5

6

7

8

9

10

11

12

13

District courts have the discretion to award attorneys' fees based on a percentage of the common fund or based on the lodestar method. *See In re Wash. Pub, Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994). Additionally, attorneys may recover their reasonable expenses from a common fund. *See In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008). Here, Class Counsel will apply to the Court no later than ten days prior to the Final Approval Hearing for an award of attorneys' fees and expenses not to exceed one-third of the Settlement Fund and will make a full presentation in their application for attorneys' fees and reimbursable costs. Ultimately, this Court will determine the amount of fees to award and this should not prevent granting preliminary approval to the Settlement.

14

**V.     ELEMENTS FOR CERTIFICATION OF A CLASS SETTLEMENT**

15

16

17

This Court has already ruled that the Class and Subclass may be certified, with Mr. Patel as Class Representative and his lawyers as Class Counsel. *Patel v. Trans Union, LLC*, 308 F.R.D.

18

19

20

21

22

---

[5]     The Consumer Federation of California ("CFC") is a non-profit California corporation that is based in Sacramento and advocates for consumer protection interests by working with state and federal regulatory agencies and the California legislature. http://consumercal.org/. CFC has been approved as a *cy pres* recipient in numerous California consumer protection class action settlements. CFC will use any funds received from this settlement only for the protection of consumer reporting and background checking rights of California consumers.

23

24

25

Credit Builders Alliance (CBA) describes itself as an innovative non-profit social enterprise dedicated to building the capacity of a diverse and growing network of hundreds of nonprofits in almost all 50 states, including Puerto Rico, that help low- and moderate- income households build strong credit and other financial assets. (https://www.creditbuildersalliance.org/).

26

27

Jump$tart focuses on teaching financial literacy to school-age children, including, among other things, the Jump$tart Financial Foundations for Educators program, which helps school teachers with personal finance topics. (http://www.jumpstart.org/).

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

292 (N.D. Ca. 2015).  As such, all the elements for certification of the Class for whom the case is being settled have been met.

## VI.        **THE PROPOSED CLASS NOTICE IS CONSTITUTIONALLY SOUND**

Class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Central Hanover* Trust, 339 U.S. 306, 314 (1950).  Notice also must satisfy Rule 23(c)(2)(B), which provides that the notice must clearly and concisely state the following in plain, easily understood language:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; and (vi) the binding effect of a class judgment on members under Rule 23(c)(3).

Here, the original notice approved by this Court and sent to the Class contained the required information.  The proposed Notice of the settlement is written in easy and plan language, and also complies with Rule 23(c)(2)(B). Settlement Agreement, Exhibit C.  Accordingly, the form of notice and plan of dissemination should be approved.

## VII.        **PROPOSED SCHEDULE**

Plaintiff proposes, and the Settlement Agreement contemplates, the following schedule for the approval process.  If the Court grants preliminary approval, these time frames and key deadlines will be triggered by the entry of the accompanying proposed Order Preliminarily Approving Class Action Settlement.

| Event | Date |
|-------|------|
| Entry of Preliminary Approval Order | Day 0 |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

| | |
|---|---|
| Settlement Fund established with initial payment of $27,000 | Business Day 10 |
| Notice to Class, Claim Forms mailed out | Day 28 |
| Claims Submission Deadline (allowing time for re-mailing) | Day 118 |
| Objection Deadline | Day 118 |
| Deadline for filing intent to appear at Final Approval Hearing | 10 Business Days before Final Approval Hearing |
| Deadline for Plaintiff's Counsel to file Motion for Final Approval of Class Action Settlement, and for Award of Attorneys' Fees and Service Payment | 10 Days before Final Approval Hearing |
| Final Approval Hearing | Day 130 |

## VIII.    CONCLUSION

The settlement is an excellent result considering the nature of the litigation and the mediation process. Each Class Member is entitled to a cash recovery as a result of the settlement, regardless of whether they were aware that Defendants' conduct potentially violated the FCRA or whether they suffered actual harm.  In addition, each Class Member may submit a claim for actual damages should they so choose.  The terms of the settlement, as well as the circumstances surrounding negotiations and its elimination of further costs caused by litigating this case through trial and appeal, satisfy the requirements for preliminary approval.

WHEREFORE, Plaintiff requests that the Court enter an Order, substantially similar to the proposed Preliminary Approval Order filed concurrently with this Motion, that: (1) grants preliminary approval to the proposed settlement; (2) approves of the proposed Notice filed concurrently with this Motion; (3) orders that the proposed Notice be mailed to Class Members in accordance with the Agreement; (4) approves the appointment of the Settlement

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

Administrator; and, (5) sets the date of the Final Approval Hearing at the Court's earliest availability, but no sooner than 130 days from the date of the granting of this Motion.

Respectfully Submitted,

Dated: September 15, 2017      **FRANCIS & MAILMAN, P.C.**

By:     <u>/s/ James A. Francis</u>
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Lauren KW Brennan (*pro hac vice*)
Land Title Bldg., Suite 1902
100 South Broad Street
Philadelphia, PA  19110
Telephone:  (215) 735-8600
Facsimile:  (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com
lbrennan@consumerlawfirm.com

Ingrid M. Evans (CA State Bar No. 179094)
**EVANS LAW FIRM, INC.**
3053 Fillmore Street, #236
San Francisco, CA 94123
Ingrid@evanslaw.com
Tel: (415)-441-8669
Tel: (888) 503-8267

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

Dated:  September 15, 2017           */s/ James A. Francis*

Jams A. Francis

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF