# **Appendix I**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMIT PATEL, on behalf of himself and all others similarly situated,<br><br>         Plaintiffs,<br><br>   vs.<br><br>TRANS UNION, LLC, in its own name and t/a TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and TRANSUNION BACKGROUND DATA SOLUTIONS, and TRANS UNION RENTAL SCREENING SOLUTIONS, INC., in its own name and t/a TRANSUNION BACKGROUND DATA SOLUTIONS,<br><br>         Defendants. | Case No.: 3:14-CV-00522 LB |

**CLASS SETTLEMENT AGREEMENT AND RELEASE**

This Class Settlement Agreement and Release ("**Agreement**") is hereby entered into by and between the Class Representative, on behalf of himself and Class Members and Subclass Members, and Defendants, as those terms are defined herein.[1]

This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle all released rights and claims to the extent set forth below, subject to the terms and conditions set forth herein.

**RECITALS**

WHEREAS, by the Litigation, the Class Representative asserted claims, including the Class Claims, against Defendants for alleged violations of the FCRA;

WHEREAS, by the Class Certification Order, the Court certified a Class and a Subclass of consumers for the purpose of asserting the Class Claims;

WHEREAS, the purpose of this Agreement is to settle the Class Claims of the Class Representative, Class Members and Subclass Members;

---

[1]  Capitalized terms shall have the meaning and definitions set forth in Section 1 of this Agreement.

WHEREAS, Defendants deny the allegations and claims asserted by the Class Representative, Class Members and Subclass Members, but nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Class Claims on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing to defend the Litigation;

WHEREAS, counsel for the Parties have conducted an extensive investigation of the facts and claims alleged in the Litigation, including, but not limited to, reviewing documents and data;

WHEREAS, the Parties have engaged in extensive arm's-length negotiations by telephone and in-person conferences, as well as a mediation with former U.S. Magistrate Judge Diane Welsh of JAMS, concerning the settlement of the Class Claims; and

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery for the Class Representative and the Class and Subclass, or might result in a recovery that is less favorable to the Class Representative and the Class and Subclass, the Class Representative and Class Counsel are satisfied that the terms and conditions of the Settlement are fair, reasonable and adequate and that this Agreement is in the best interests of the Class Representative and the Class and Subclass.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.     DEFINITIONS

The defined terms set forth above and herein shall have the following meanings ascribed to them.

1.1     "**Agreement**" means this Class Settlement Agreement and Release.

1.2     "**Automatic Payment**" means the payment of Four Hundred Dollars ($400.00) to each Class Member as provided for in Section 10(a) below.

1.3     "**Automatic Payment Check**" means a check from the Settlement Fund for an Automatic Payment.

1.4     "**Automatic Payment Pool**" means the sum of Four Million Two Hundred and Two Thousand Dollars and Zero Cents ($4,202,000.00) that will be used to make the Automatic Payments as provided for in Section 10(a) below.

1.5     "**CAFA**" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715(a)-(d).

1.6     "**CAFA Notice**" means notice of this proposed settlement to the appropriate federal and state officials, as required by CAFA, which shall be prepared  and mailed as provided for in Section 2.2.1 below and Section 5(e) below.

1.7    "**Claim Form**" means the document, in the form of Exhibit D, to be mailed to Class Members together with the Settlement Notice.

1.8    "**Claimant**" means a Class Member who timely files a Damages Claim.

1.9    "**Claims Made Pool**" means the total amount of money from the Settlement Fund that will be used to pay Damages Claims as provided for in Section 10(b) below.

1.10    "**Claims Submission Deadline**" means the date sixty (60) days after the date of mailing of the Settlement Notice by which all Claim Forms must be submitted.

1.11    "**Class**" or "**Class Members**" means the certified class of natural persons as defined in the Class Certification Order, but excluding the two (2) individuals who previously opted out of the Class.

1.12    "**Class Certification Order**" means this Court's June 26, 2015 order certifying the Class and Subclass (ECF 96), reported at *Patel v. Trans Union, LLC*, 308 F.R.D. 292 (N.D. Ca. 2015).

1.13    "**Class Claims**" means the claims asserted under the FCRA in Counts I and VI (misnumbered as "Count V") of the amended class action complaint in the Litigation (ECF 41), arising out of the allegations set forth therein and certified by the Class Certification Order.

1.14    "**Class Counsel**" means James A. Francis, John Soumilas, David A. Searles and Lauren KW Brennan of the law firm Francis & Mailman, P.C., and Ingrid M. Evans of the Evans Law Firm, Inc.

1.15    "**Class Representative**" means the named plaintiff, Amit Patel.

1.16    "**Court**" means the United States District Court for the Northern District of California, where the Litigation is currently pending.

1.17    "**Damages Claim**" means a claim by a Class Member submitted by a Claim Form by the Claims Submission Deadline as provided for in Section 8 below.

1.18    "**Damages Claim Check**" means a check from the Settlement Fund to a Claimant for a Damages Claim.

1.19    "**Damages Claim Payment Amount**" means the amount paid to each Claimant calculated in accordance with Section 10(b)(i) below.

1.20    "**Defendants**" means Trans Union and TURSS.

1.21    "**Defendants' Counsel**" means Michael O'Neil of the law firm of Reed Smith LLP.

1.22    "**Effective Date**" means the date when the last of the following with respect to the Final Approval Order approving the Settlement has occurred: (i) the expiration of five (5) business days after the time to file a motion to alter or amend the Final Approval Order under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of five (5) business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed; and (iii) if such motion to alter or amend is filed, or if an appeal is taken, five (5) business days after a final determination of any such motion or appeal that permits the consummation of the Settlement in substantial accordance with

the terms and conditions of this Agreement without further opportunity for either an appeal or Rule 59(e) motion.

1.23  "**FCRA**" means the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

1.24  "**Fee Petition**" means the petition for an award of fees and costs submitted by Class Counsel as provided for in Section 9(a) below.

1.25  "**Final Approval**" means the approval of the Agreement by the Court at or after the Final Approval Hearing, and entry on the Court's docket of the Final Approval Order.

1.26  "**Final Approval Hearing**" means the hearing at which the Court will consider arguments relating to finally deciding whether to approve this Settlement, and make such other rulings as are contemplated by this Agreement.

1.27  "**Final Approval Motion**" means the motion that Plaintiff shall file seeking Final Approval.

1.28  "**Final Approval Order**" means the final order and judgment entered by the Court giving Final Approval to the Settlement and dismissing with prejudice the claims of the Class and Subclass and entering a judgment according to the terms set forth in this Agreement, in the form of Exhibit A hereto.

1.29  "**Final Judgment**" shall have the same meaning as Final Approval Order.

1.30  "**Litigation**" means the lawsuit filed by the Class Representative in the United States District Court for the Northern District of California, captioned *Amit Patel v. Trans Union LLC and Trans Union Rental Screening Solutions, Inc.*, Case No. 3:14-CV-00522-LB.

1.31  "**Net Settlement Fund**" means the amount remaining in the Settlement Fund after the allocation for payment of the Service Award, the amount claimed in the Fee Petition, the amounts for cashed Automatic Payment Checks, and Notice and Administration Expenses in accordance with Section 4(b) below.

1.32  "**Notice of Objection**" means an objection made by a Class Member to this Settlement by written notice of such objection postmarked by the Objection Deadline.

1.33  "**Notice and Administration Expenses**" means the fees, costs, and expenses incurred by the Settlement Administrator to carry out its obligations under this Agreement.

1.34  "**Objection Deadline**" means the date sixty (60) days after the date of the Settlement Notice by which all objections must be submitted.

1.35  "**Parties**" means the Class Representative, Trans Union and TURSS.

1.36  "**Preliminary Approval**" means preliminary approval of the Agreement by the Court and approval of the Settlement Notice Plan and the Settlement Notice.

1.37  "**Preliminary Approval Hearing**" means the initial hearing that shall be requested by the Parties in order for the Court to consider preliminary approval of the Parties' proposed Settlement.

1.38  "**Preliminary Approval Motion**" means the motion that Plaintiff shall file seeking Preliminary Approval.

1.39    "**Preliminary Approval Order**" means the order entered by the Court granting Preliminary Approval in the form of Exhibit B hereto.

1.40    "**Released Parties**" means Trans Union and TURSS and their respective parents, subsidiaries, successors, predecessors, officers, directors, stockholders, employees, representatives, agents, assigns, insurers, reinsurers, and attorneys, individually and collectively.

1.41    "**Settlement**" means the agreement between the Class Representative, on behalf of himself and Class Members and Subclass Members, and Defendants to fully, finally and forever settle and compromise the Class Claims, as memorialized in this Agreement and the accompanying documents attached hereto.

1.42    "**Service Award**" means the payment made from the Settlement Fund to the Class Representative for his service in the matter, as approved and directed by the Court.

1.43    "**Settlement Administrator**" means RSM US LLP.

1.44    "**Settlement Fund**" means the Eight Million Dollars and Zero Cents ($8,000,000.00) to be paid by Defendants pursuant to the Agreement.

1.45    "**Settlement Notice**" means the notice to be sent to the Class Members by the Settlement Administrator, pursuant to the terms of this Agreement and subject to the Court's approval thereof, and in the form of Exhibit C hereto.

1.46    "**Settlement Notice Plan**" means the plan for sending the Settlement Notice as provided for in Section 6 below.

1.47    "**Subclass**" or "**Subclass Members**" means Class Members who are also part of the certified subclass of natural persons as defined in the Class Certification Order.

1.48    "**Trans Union**" means defendant Trans Union LLC.

1.49    "**TURSS**" means defendant Trans Union Rental Screening Solutions, Inc.

1.50    "**USPS**" means the United States Postal Service.

## 2.    SCHEDULING OF HEARINGS AND MOTIONS

2.1    On or before September 15, 2017, or another date agreed to by the Parties and directed by the Court, Class Counsel shall file a Preliminary Approval Motion with the Court, which shall seek Preliminary Approval.

2.2    The date of any Final Approval Hearing shall be scheduled for a date no earlier than ninety (90) days after the CAFA Notice is sent.

2.2.1    The Settlement Administrator shall mail, via First Class United States Mail, postage prepaid, the CAFA Notice within ten (10) days after this Agreement is filed with the Court.

(a)    The Defendants shall prepare and provide a draft cover letter for the CAFA Notice to Class Counsel and the Settlement Administrator five (5) business days before the deadline for mailing such CAFA Notice.  The Settlement Administrator shall prepare the exhibits to the cover letter, and identify the recipients of the CAFA Notice, in accordance with Section 5(e) below.

(b)     Within ten (10) business days after mailing the CAFA Notice, the Settlement Administrator shall provide a certification to Class Counsel and Defendants' Counsel certifying that the CAFA Notice was mailed and to whom it was mailed.

2.2.2   Within five (5) business days of the time the Settlement Administrator provides the certification in accordance with Section 2.2.1(b) above, Defendants' Counsel shall file a certification with the Court that the CAFA Notice has been served and upon whom it has been served.

2.3     Class Counsel shall file the Final Approval Motion no later than ten (10) days prior to the Final Approval Hearing, or within any other time set by the Court.

2.4     Class Counsel shall file the Fee Petition no later than ten (10) days prior to the Final Approval Hearing, or within any other time set by the Court.

2.4.1   The hearing on the Fee Petition shall occur during the Final Approval Hearing.

## 3.     CLASS LIST AND NOTICE TO CLASS MEMBERS FOLLOWING CLASS CERTIFICATION

3.1     On October 28, 2016, Defendants' Counsel provided Class Counsel with a list of names and addresses for 10,505 Class Members, and 2,193 Subclass Members.  Class Counsel provided this list to the Settlement Administrator.  The Settlement Administrator determined that there were 10,501 unique Class Members.

3.2     The Settlement Administrator mailed the notice approved by this Court (ECF 133, 134) to the Class Members, via First Class United States Mail, postage prepaid.

3.2.1   Sixteen (16) such notices were returned with a forwarding address provided by the USPS.  The Settlement Administrator re-mailed those notices to the updated addresses.

3.2.2   Two thousand and twenty-seven (2,027) such notices were returned without a forwarding address.  The Settlement Administrator obtained new addresses for and then re-mailed one thousand eight hundred and forty-nine (1,849) of those notices. Two hundred and forty-three (243) of those re-mailed notices were returned as undeliverable.

3.3     In response to the notices, the Settlement Administrator received a total of two (2) requests by Class Members to be excluded from the Class.

## 4.     THE SETTLEMENT FUND

### (a)     Creation of and deposit into the Settlement Fund

The Settlement Fund shall consist of Eight Million Dollars and Zero Cents ($8,000,000.00) to be paid to the Settlement Administrator by Defendants.

### (i)     First payment

The first payment into the Settlement Fund shall consist of the sum of Twenty-Seven Thousand Dollars and Zero Cents ($27,000.00), to be paid by Defendants to the Settlement

Administrator within ten (10) business days after entry of the Preliminary Approval Order, to be used to pay Notice and Administration Expenses prior to the date of the Final Approval Hearing.

#### (ii)    Second payment

The balance of the Settlement Fund, in the amount of Seven Million Nine Hundred Seventy-Three Thousand Dollars and Zero Cents ($7,973,000.00), shall be paid by Defendants to the Settlement Administrator within thirty (30) days after the Effective Date.

### (b)    Allocation of the Settlement Fund

#### (i)    Automatic Payment Pool

Four Million Two Hundred Two Thousand Dollars and Zero Cents ($4,202,000.00) shall be allocated for the Automatic Payment Pool, from which the Settlement Administrator shall fund Automatic Payments to Class Members in accordance with Section 10(a) below.

The amounts of any unclaimed or uncashed Automatic Payment Checks shall then become part of the Net Settlement Fund.

#### (ii)    Service Award

Ten Thousand Dollars and Zero Cents ($10,000.00) shall be preliminarily allocated for the Service Award.

Any amount sought for the Service Award but not approved by the Court shall then become part of the Net Settlement Fund.

#### (iii)    Fee Petition

Two Million Six Hundred Sixty-Six Thousand and Six Hundred Sixty-Six Dollars and Zero Cents ($2,666,666.00) shall be preliminarily allocated for payment of amounts sought by Class Counsel in the Fee Petition.

Any amount sought by the Fee Petition but not allowed by the Court shall then become part of the amounts to be distributed to the *cy pres* recipients in accordance with Section 4(c) below.

#### (iv)    Notice and Administration Expenses

Notice and Administration Expenses shall be capped at one hundred ten thousand dollars ($110,000.00).   Twenty-seven thousand dollars ($27,000.00) shall be allocated initially for payment to the Settlement Administrator for Notice and Administration Expenses.

Any amount included within the $110,000 cap, but not actually incurred by and paid to the Settlement Administrator, shall become part of the Net Settlement Fund.

#### (v)    Claims Made Pool

The Claims Made Pool shall consist of the entirety of the Net Settlement Fund.

> **(vi)** **Money remaining in Settlement Fund after payments of Damages Claims**

To the extent money remains in the Settlement Fund following payment of checks from the Claims Made Pool in accordance with Section 10(b) below, up to Ten Thousand Dollars and Zero Cents ($10,000.00) may be paid to the Settlement Administrator to defray reasonable Notice and Administration Expenses actually incurred by the Settlement Administrator in excess of the $110,000 cap.

Any remaining amounts shall be distributed to the *cy pres* recipients in accordance with Section 4(c) below.

> **(vii)** **No reversion to Defendants**

There shall be no reversion of any portion of the Settlement Fund to Defendants.

> **(c)** ***Cy pres* distribution**

Any amounts remaining in the Settlement Fund after all other payments specified in this Agreement are made shall be distributed as a *cy pres* award by the Settlement Administrator in equal payments to the Consumer Federation of California (https://consumercal.org/), Credit Builders Alliance (https://www.creditbuildersalliance.org/) and Jump$tart (http://www.jumpstart.org/).

The Settlement Administrator is responsible for securing from the *cy pres* recipients wiring instructions, as well as all other information necessary to make the *cy pres* distributions.

The *cy pres* distribution shall occur sixty (60) days after the void date of the latest dated Damages Claim Check.

## 5.   RESPONSIBILITIES OF THE SETTLEMENT ADMINISTRATOR

> **(a)** **Representation by Class Counsel**

Class Counsel represents and warrants that they have contracted, or will contract, with the Settlement Administrator to perform all of the tasks specified and assigned to it in this Agreement, within the time limits specified in this Agreement.

> **(b)** **Information security**

The Settlement Administrator shall ensure that the information that it receives from Defendants and Class Members is secured and managed in such a way as to protect the security and confidentiality of the information.  Except as specifically provided in this Agreement, the Settlement Administrator shall not disclose or disseminate any information that it receives from Defendants and Class Members without the prior written consent of all Parties.

- 8 -

**(c)      Settlement website and toll-free telephone number**

Not later than fourteen (14) days after entry of the Preliminary Approval Order, the Settlement Administrator shall update the website http://www.pateltransunionclassaction.com/ and add to that website, among other things: the Settlement Notice; the Amended Class Action Complaint in the Litigation (ECF 41); the Class Certification Order (ECF 96); the Agreement; the Preliminary Approval Motion; and the Preliminary Approval Order.

Not later than fourteen (14) days after entry of the Preliminary Approval Order, the Settlement Administrator shall establish a toll-free number for Class Members to call the Settlement Administrator with questions.

The website and the toll-free number shall be maintained while the Settlement Administrator is administering the Settlement.  The internet address of the website and the toll-free number shall be included in the Settlement Notice.  The Settlement Administrator shall cause to be maintained a record of activities, including logs of inquiries to the internet website, downloads, phone calls and/or mailings, and shall ensure that a running tally is kept of the number and types of materials mailed by it or downloaded from the internet website in a computerized database form.  The telephone line shall be capable of providing general information, in English and in Spanish, concerning deadlines for objecting to the Settlement, and the dates of relevant Court proceedings, including the Final Approval Hearing.

**(d)      Mailing of Settlement Notice**

Within fourteen (14) days after the entry of the Preliminary Approval Order, the Settlement Administrator shall update the addresses in its records for the Class Members.  The Settlement Administrator shall update addresses through the National Change of Addresses Database.

Within twenty-eight (28) days after the entry of the Preliminary Approval Order, the Settlement Administrator shall mail the Settlement Notice to each Class Member via First Class United States Mail, postage prepaid.

**(i)      Re-mailing of Settlement Notice**

The address of the Settlement Administrator shall be used as the return address for the Settlement Notice.  For any Settlement Notice that is returned by the USPS as undeliverable, the Settlement Administrator shall re-mail such notices to any updated address provided by the USPS.  If the USPS does not provide an updated address, the Settlement Administrator shall attempt to obtain an updated address from one or more commercial search firms or databases, and shall then re-mail the notices to any such updated address.

**(e)      CAFA Notice**

The Defendants shall be responsible for submitting the CAFA Notice to the Settlement Administrator.  The Settlement Administrator shall attach to the CAFA Notice received from Defendants: (1) the exhibits identified by Defendants; and (2) lists of the names of the Class Members who reside in each state, derived from the list of Class Members determined by the

Settlement Administrator and described in Section 3 above.  On behalf of the Defendants, and in accordance with Section 2.2.1 above, the Settlement Administrator will mail the CAFA Notice on the appropriate federal and state officials not later than ten (10) days after the filing of this Settlement Agreement with the Court.  The Settlement Administrator shall, within ten (10) business days after mailing, prepare and provide to Class Counsel and Defendants' Counsel the certification described in Section 2.2.1(b) above.

**(f)    Processing Claims Forms**

The Settlement Administrator shall receive and process Claim Forms in accordance with Section 8(b) below.

**(g)    Payments to Class Members**

The Settlement Administrator shall prepare and deliver to Class Members the Automatic Payments in accordance with Section 10(a) below, and payments for Damages Claims in accordance with Section 10(b) below.

**(h)    Reporting**

The Settlement Administrator shall provide regular reports to the Parties, but no less frequently than every month, regarding the status of the mailing of the Settlement Notices to Class Members, any re-mailing of Settlement Notices, the submission and processing of Claims Forms, the distribution and redemption of payments to Class Members, and other activities undertaken pursuant to this Agreement.

The Settlement Administrator shall prepare for filing a declaration of mailing in connection with the Settlement Notice no later than fifteen (15) days prior to the Final Approval Hearing.  The declaration will also include a summary of the Claims Forms received and processed.

**(i)    IRS Form 1099**

The Settlement Administrator shall, as necessary, satisfy all reporting requirements, if any, to issue IRS Form 1099s to Class Members.

For purposes of tax reporting, TURSS will provide to the Settlement Administrator any Social Security Numbers for the Class Members available in its records, and Trans Union will provide to the Settlement Administrator any Social Security Numbers for the Subclass Members available in its records.

**(j)    Notice and Administration Expenses**

All Notice and Administration Expenses shall be paid to the Settlement Administrator from the Settlement Fund.

(k)      **Provision of payment and wiring information to Defendants**

(i)      **First payment**

At least five (5) business day before filing of the Preliminary Approval Motion, the Settlement Administrator shall provide to Defendants' Counsel (i) an executed IRS Form W-9 for the Settlement Administrator, as well as (ii) wiring instructions for the payment required by Section 4(a)(i) above.

(ii)      **Second payment**

Within three (3) days of the time the Final Approval Motion is filed by Class Counsel, the Settlement Administrator shall provide to Defendants' Counsel wiring instructions for the payment required by Section 4(a)(ii) above.

**6.      THE SETTLEMENT NOTICE**

6.1      The Settlement Notice shall be in the form of Exhibit C hereto, or in another form agreed to by the Parties that contains the same information as Exhibit C hereto.

6.2      The Settlement Administrator shall be responsible for mailing the Settlement Notices in accordance with Section 5(d) above.

6.2.1  Each Settlement Notice shall include a Claim Form, populated with the information of the Class Member to whom it is mailed.

**7.      OBJECTIONS AND REQUESTS TO APPEAR AT FINAL APPROVAL HEARING**

7.1      Any Class Member who wishes to object to the Settlement or Fee Petition at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a Notice of Objection by the Objection Deadline.

7.1.1   The Notice of Objection shall be sent by First Class United States Mail to: (a) Class Counsel; (b) Defendants' Counsel; and (c) the Clerk of the Court.

7.1.2   Such objection shall be personally signed and state: the caption of the Litigation; the full name, address and telephone number of the Class Member objecting to the Settlement; a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such Class Member wishes to be considered in support of the objection; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Petition; any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; the identity of all counsel representing the objector who will appear at the Final Approval Hearing; and, all relief sought.

7.1.3   Any objector wishing to be heard at the Final Approval Hearing must also file a notice of intent to appear with the Court Clerk's office no later than ten (10) business days before the Final Approval Hearing, and must provide both Class Counsel and Defendants' Counsel with copies of the notice of intent to appear.

7.2     The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objections to the Settlement or Fee Petition, in accordance with such Class Member's due process rights.

7.2.1   The Preliminary Approval Order shall further provide that persons who fail to properly or timely file their objections, along with the required information and documentation set forth above, or to serve them as provided above, shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

7.3     Unless otherwise allowed by law, only Class Members who object to the Settlement by the Objection Deadline and pursuant to the terms of this Section 7 may appeal any Final Judgment or ruling on the Fee Petition.

## 8.     DAMAGES CLAIMS

In addition to receiving an Automatic Payment, Class Members may also submit Damages Claims.

### (a)     Claim Forms

To assert a Damages Claim, a Class Member must submit a completed Claim Form by the Claims Submission Deadline by which such Class Members certify to the best of his or her knowledge, information, and belief that they were damaged as a result of the conduct that qualified that Class Member to be a member of the Class and/or the Subclass.

A Claim Form (or resubmitted Claim Form) shall be deemed to have been submitted timely when postmarked by the USPS or other expedited mail service on or before the Claims Submission Deadline.

### (b)     Processing of Claim Forms

The Settlement Administrator shall receive and process all Claim Forms.

The Settlement Administrator shall disallow any Damages Claim when the Claim Form is not completed in full, or is not signed by the Class Member.

Further, the Settlement Administrator shall disallow any Damages Claim if the person who submitted the form is not a member of the Class.

### (i)     Process for disallowed Claim Forms

If the Damages Claim is disallowed for any reason, then the Settlement Administrator, within seven (7) days after the decision to disallow, shall notify the person who submitted the form by first class mail, with an electronic copy to Class Counsel and Defendants' Counsel: (a) that the claim has been disallowed in whole or in part; and, (b) the reasons for such disallowance. The Settlement Administrator shall include a clean copy of a Claim Form with the mailing.

A person who submitted the form may, within fourteen (14) days after the date of mailing of the notice of disallowance, resubmit a disallowed Claim Form, which shall be reviewed by the

Settlement Administrator and either finally allowed or finally disallowed by the Settlement Administrator as above within seven (7) days after receipt of the resubmitted Claim Form.

The Settlement Administrator shall notify the person who submitted the form, Class Counsel, and Defendants' Counsel with respect to any such decision on a resubmitted Claim Form.

### (ii)  Untimely Claim Forms

With the written agreement of Class Counsel and Defendants' Counsel, the Settlement Administrator may allow a Claim Form postmarked after the Claims Submission Deadline.

## 9.  FEE PETITION AND SERVICE AWARD

### (a)  Fee Petition

Within the time specified by Section 2.4 above, Class Counsel shall petition the Court for an award of attorneys' fees, plus reimbursement of litigation costs and expenses, in a total amount not to exceed Two Million Six Hundred Sixty-Six Thousand Six Hundred Sixty-Six Dollars and Zero Cents ($2,666,666.00).

Defendants agree not to object or oppose Class Counsel's Fee Petition. Defendants shall have no responsibility for, or any liability with respect to, the payment of attorneys' fees and expenses to Class Counsel, and the sole source of any award of attorneys' fees or costs shall be the Settlement Fund, pursuant to the terms of this Agreement.

### (i)  Payment of amounts awarded for Fee Petition

Within five (5) business days after receiving the payment from Defendants required by Section 4(a)(ii) above, the Settlement Administrator shall pay to Class Counsel the amount awarded by the Court relating to the Fee Petition. Such payment shall be made without tax withholding.

### (ii)  Separate consideration of Fee Petition

The Fee Petition is to be considered separately from the Court's consideration of the fairness, reasonableness, and good faith of this Agreement. The outcome of any proceeding related to the Fee Petition shall not terminate this Agreement or otherwise affect the Court's ruling on the Final Approval Motion.

### (b)  Service Award

The Class Representative may, subject to Court approval, receive from the Settlement Fund a one-time Service Award of an amount not to exceed Ten Thousand Dollars ($10,000.00) in consideration of his services in this matter. Any request for a Service Award shall be made as part of the Final Approval Motion.

Within five (5) business days after receiving the payment from Defendants required by Section 4(a)(ii) above, the Settlement Administrator shall remit these funds to Class Counsel,

who shall then distribute the Service Award to the Class Representative.  Such payment shall be made without tax withholding.

### (i) Release by Class Representative

The Class Representative agrees to the releases in Section 11(b) below and Section 11(c) below, regardless of the amount of any Service Award approved by the Court.

## 10. PAYMENTS TO CLASS MEMBERS

### (a) Automatic Payments

### (i) Initial mailing of Automatic Payment Checks

Within ten (10) business days after receiving the payment from Defendants required by Section 4(a)(ii) above, the Settlement Administrator shall: update the addresses in its records for the Class Members through the National Change of Addresses Database, as well as other commercial search firms or databases; and mail to each Class Member an Automatic Payment Check via First Class United States Mail, postage prepaid.

### (ii) Re-mailing of Automatic Payment Checks

The address of the Settlement Administrator shall be used as the return address for the Automatic Payment Checks.  In the event that any Automatic Payment Check is returned as undeliverable, the Settlement Administrator shall re-mail a reissued Automatic Payment Check to any updated address provided by the USPS.  If the USPS does not provide an updated address, the Settlement Administrator shall attempt to obtain an updated address from one or more commercial search firms or databases, and shall then re-mail a reissued Automatic Payment Check to any updated addresses.

### (iii) Uncashed Automatic Payment Checks

The Automatic Payment Checks must clearly indicate that they shall be void if not presented for payment within sixty (60) days from the date of mailing.

To the extent that Automatic Payment Checks are not presented for payment by a Class Member within sixty (60) days of mailing, such checks remaining uncashed on that date shall become null and void, and any such Class Member shall have no further recourse.  Provided, however, that any Class Member who timely submitted a Claim Form shall be eligible to receive a payment from the Claims Made Pool.

### (b) Payments for Damages Claims

### (i) Calculation of payments of Damages Claim Payment Amounts from Claims Made Pool

Each Claimant, except those whose Damages Claims are disallowed by the Settlement Administrator, is entitled to a Damages Claim Payment Amount equal to a *pro rata* share of the Claims Made Pool.

### (ii)    Initial mailing of Damage Claim Checks

Within forty-five (45) days after the void date of the latest dated Automatic Payment Pool Check, the Settlement Administrator shall mail to each Claimant a Damages Claim Check in the amount of the Damages Claim Payment Amount.

### (iii)    Re-mailing of Damage Claim Checks

The address of the Settlement Administrator shall be used as the return address for the Damages Claim Checks.  In the event that any Damages Claim Check is returned as undeliverable, the Settlement Administrator shall re-mail a reissued Damages Claim Check to any updated address provided by the USPS.  If the USPS does not provide an updated address, the Settlement Administrator shall attempt to obtain an updated address from one or more commercial search firms or databases, and shall then re-mail a reissued Damages Claim Check to any updated addresses.

### (iv)    Uncashed Damages Claim Checks

The Damages Claim Checks must clearly indicate that they shall be void if not presented for payment within sixty (60) days from the date of mailing.

To the extent that Damages Claim Checks are not presented for payment by a Claimant within sixty (60) days of mailing, such checks remaining uncashed on that date shall become null and void, and any such Claimant shall have no further recourse.

### (c)    Tax consequences to Class Members

Class Members shall be solely responsible for complying with any and all income tax liabilities and obligations which are or may become due or payable in connection with this Agreement and the Settlement.

The Settlement Administrator shall provide each Class Member with a notice advising him or her to seek personal tax advice regarding any tax consequences of the Settlement Fund disbursement.  The notice regarding the potential tax treatment to Class Members shall be included with each disbursement to Class Members.  For the avoidance of doubt, none of the Defendants, Defendants' Counsel, or Class Counsel, have made, or are making in connection with the Settlement, any representations regarding possible tax consequences relating to the Settlement Fund disbursements to Class Members, and none of the Defendants, Defendants' Counsel or Class Counsel shall be held responsible for any such tax consequences.

## 11.    RELEASE OF CLAIMS

### (a)    Class Members

Upon the Effective Date, and in exchange for the relief described in this Agreement, each Class Member hereby releases and forever discharges the Released Parties from any and all claims, actions, and causes of action, including claims for attorneys' fees, asserted or which could have been asserted as of the Effective Date, that arise out of or relate to the Class Claims.

**(b)      Class Representative**

Upon the Effective Date, and in exchange for the relief described in this Agreement, the Class Representative hereby releases and forever discharges the Released Parties from any and all claims, actions, and causes of action, including claims for attorneys' fees, asserted or which could have been asserted as of the Effective Date, or which now exist or might arise out of any duties or obligations owed by Defendants to Class Representative as of the Effective Date.  This release includes all claims, whether known or unknown, asserted or unasserted, which Class Representative may currently have against the Released Parties, or that may arise in the future up to and including the Effective Date.

**(c)      Release of unknown claims**

Class Representative and each Class Member further acknowledges that this Agreement is a full and final accord and release of each and every matter specifically and generally referred in Section 11(a) above and Section 11(b) above.  Class Representative and each Class Member acknowledges that they may hereafter discover facts in addition to or different from those which they now know or believe to be true, but it is their intention to fully and finally and forever settle and release any and all matters, disputes, and differences known or unknown, suspected or unsuspected, which heretofore have existed with or relating to Released Parties with respect to any alleged acts or failures to act on the part of Defendants or the Released Parties specifically and generally referred in Section 11(a) above and Section 11(b) above.  In furtherance of this intention, the release herein shall be, and will remain, in effect as a full and complete general release notwithstanding the discovery or existence of any such additional or different facts.  Accordingly, Class Representative and each Class Member hereby waives all rights or benefits under California Civil Code Section 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Class Representative and each Class Member accepts and assumes the risk for claims arising before or after the Effective Date of this Agreement, known or unknown, and they specifically waive any rights they may otherwise have under Section 1542.

**12.     MODIFICATION BY COURT**

This Agreement, and the Settlement, shall be null and void if the Court requires changes to the Agreement that substantively alter the Parties' rights or duties before approving the Settlement.  Provided, however, that the Parties, in their sole discretion, can consent to modify this Agreement, in accordance with Section 13(k) below, to be consistent with any modifications requested or required by the Court.

13.     **MISCELLANEOUS PROVISIONS**

    **(a)**    **Cooperation between the Parties; Further acts**

    The Parties shall cooperate in good faith and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms.  The Parties shall work together, diligently and in good faith, to obtain expeditiously a Preliminary Approval Order, Final Approval Order, and Final Judgment and dismissal.

    **(b)**    **Admissibility of Agreement**

    This Agreement shall not be offered or be admissible in evidence in any action or proceeding except: (1) the hearings necessary to obtain and implement Court approval of this Settlement; and (2) any hearing to enforce the terms of this Agreement or any related order in the Litigation.

    **(c)**    **Entire agreement**

    With the exception of the individual settlement of Plaintiff's individual claims and dismissal of those claims pursuant to stipulation (ECF 142), this Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties (including the Parties' settlement term sheet) shall be deemed merged into this Agreement.

    **(d)**    **Binding effect**

    This Agreement shall apply to and be binding upon and shall inure to the benefit of the Parties hereto, the Released Parties, and Class Counsel, as well as their respective successors, heirs and assigns.  The Parties acknowledge it is their intent to consummate this Agreement and agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

    **(e)**    **Arms' length transaction; Materiality of terms**

    The Parties have negotiated all the terms and conditions of this Agreement at arm's length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

    **(f)**    **Captions**

    The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**(g)      Construction**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**(h)      No claims arising from this Agreement**

No person shall have any claim against the Released Parties, Defendants, Defendants' Counsel, the Class Representative, or Class Counsel based on distribution of benefits made substantially in accordance with this Agreement or any Settlement-related order(s) of the Court.

**(i)      Governing law**

This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of California, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**(j)      Continuing Jurisdiction**

The Court shall retain jurisdiction over the interpretation and implementation of this Agreement.

**(k)      Waivers, modifications, and amendments to be in writing**

No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement and the Settlement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any Party to insist upon the strict performance by the other Party or Parties of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**(l)      Notices**

Any notice or other formal communication required or permitted to be delivered under this Agreement shall be in writing and sent by First Class United States mail to counsel for the Party to whom the notice is directed at the following addresses:

> If to Defendants:      Reed Smith LLP
> 10 South Wacker Drive
> Chicago, IL 60606
> Attention: Michael O'Neil, Esq.

If to Plaintiffs:          Francis & Mailman, P.C.
                           Land Title Building, Suite 1902
                           100 South Broad Street
                           Philadelphia, PA 19119
                           Attention:  James A. Francis, Esq.

**(m)      Authorization of counsel**

Class Counsel, on behalf of the Class and Subclass, are expressly authorized by Class Representative and the Class Members and Subclass Members to take all appropriate action required or permitted to be taken by the Class and Subclass pursuant to the Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Agreement on behalf of the Class and Subclass that they deem necessary or appropriate.

Each attorney or other person executing the Agreement on behalf of any Party hereto hereby warrants that such attorney or other person has the full authority to do so.

**(n)      Counterparts**

The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**(o)      Signatures**

Any signature made and transmitted by facsimile, email, PDF or other electronic methods for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by such electronic means.

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereto have caused this Settlement Agreement and Release to be executed as of the date written below.

Dated: 9/15/17 , 2017                           *Amit Patel*
                                                _____
                                                Amit M. Patel

                                                **FRANCIS & MAILMAN, P.C.**

Dated: Sept 15th , 2017          By:   _____
                                                James A. Francis
                                                John Soumilas
                                                David A. Searles
                                                Lauren KW Brennan
                                                Attorneys for Plaintiff and Class Members

Dated: _____, 2017          **Trans Union LLC**

                                        By:   _____

                                        Its:   _____

Dated: _____, 2017          **Trans Union Rental Screening Solutions, Inc.**

                                        By:   _____

                                        Its:   _____

                                                **REED SMITH LLP**

Dated: _____, 2017          By:   _____
                                                Michael O'Neil
                                                Albert E. Hartman
                                                Attorneys for Defendants

IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereto have caused this Settlement Agreement and Release to be executed as of the date written below.

Dated: _____, 2017

_____

Amit M. Patel

**FRANCIS & MAILMAN, P.C.**

Dated: _____, 2017         By: _____

James A. Francis
John Soumilas
David A. Searles
Lauren KW Brennan
Attorneys for Plaintiff and Class Members

Dated: *15 Sept*, 2017         **Trans Union LLC**

By: _____

Its: _____

Dated: *15 Sept*, 2017         **Trans Union Rental Screening Solutions, Inc.**

By: _____

Its: _____

**REED SMITH LLP**

Dated: *Sept 15*, 2017         By: _____

Michael O'Neil
Albert E. Hartman
Attorneys for Defendants

- 20 -

# EXHIBIT A

# EXHIBIT A

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

AMIT PATEL, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

TRANS UNION, LLC in its own name and t/a
TRANS UNION RENTAL SCREENING
SOLUTIONS, INC. and TRANSUNION
BACKGROUND DATA SOLUTIONS, and
TRANS UNION RENTAL SCREENING
SOLUTIONS, INC. in its own name and t/a
TRANSUNION BACKGROUND DATA
SOLUTIONS,

Defendants.

Case No. 3:14-cv-00522-LB

### FINAL APPROVAL ORDER

This matter, having come before the Court on the Plaintiff Amit Patel's motion for Final Approval of the proposed class action Settlement with Defendants Trans Union LLC and Trans Union Rental Screening Solutions, Inc.; the Court having considered all papers filed and arguments made with respect to the Settlement, and having entered a Preliminary Approval Order on _____, 2017 (ECF__); and the Court, being fully advised in the premises, finds that:[1]

    A.    As set forth in the Court's Class Certification Order (ECF 96) and Preliminary Approval Order, this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(3).

    B.    Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Settlement Notice Plan approved by the Preliminary

---

[1] Unless otherwise defined herein, all capitalized terms in this order have the same meaning as in the Agreement.

1   Approval Order.  That Settlement Notice Plan, which provided notice by mail and website in an

2   adequate and sufficient manner, constitutes the best notice practicable under the circumstances,

3   and satisfies Rule 23(e) and the due process guarantees of the U.S. Constitution.

4        C.     Notification of this settlement to the appropriate federal and state officials

5   pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715(a)-(d) ("CAFA") was

6   timely provided.  The Court has reviewed such CAFA Notice and finds that the notice complies

7   fully with the applicable requirements of CAFA.

8        D.     The Settlement was arrived at as a result of arms-length negotiations conducted in

9   good faith by counsel for the Parties, including a mediation with a former federal Magistrate

10  Judge, and is supported by the Class Representative.

11       E.     The Settlement is fair, reasonable and adequate to members of the Class in light

12  of the complexity, expense, and duration of litigation and the risks involved in establishing

13  liability and damages, and in maintaining the class action through trial and appeal.

14       F.     The relief provided under the Settlement constitutes fair value given in exchange

15  for the releases of claims against the Released Parties.

16       G.     The people listed on Exhibit ___ to the Preliminary Approval Motion (ECF ___)

17  have validly excluded themselves from the Class and shall not be bound by the Settlement.

18       H.     It is in the best interests of the Parties and the Class Members, and consistent with

19  principles of judicial economy, that this Court shall retain jurisdiction over the interpretation,

20  implementation, and performance of the Settlement and this Final Approval Order.

21       IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

22       1.     The Settlement submitted by the Parties is finally approved pursuant to Rule 23(e)

23  of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests

24  of the Class Members.  Any objections have been considered and are hereby overruled.

25       2.     The Parties are directed to consummate the Agreement in accordance with its

26  terms.

27       3.     This action is hereby dismissed on the merits with prejudice, and without an

28  award of costs or fees to any party.

4.      Pursuant to the releases contained in Section 11 of the Agreement, the claims of the Class Representative and the Class Members are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Approval Order.  The Plaintiff, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the released claims against any of the Released Parties, as set forth in the Agreement.

5.      Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over the interpretation, implementation, and performance of the Settlement and this Final Approval Order.

6.      Upon consideration of Class Counsel's Fee Petition, the Court shall enter a separate order awarding reasonable fees and expenses in an amount as set forth in that order.

7.      Upon consideration of the application for a Service Award, Class Representative Amit Patel is awarded the sum of ten thousand dollars ($10,000.00) in consideration of the valuable service he has performed for and on behalf of the Class.

8.      All Class Members shall be bound by all of the terms, conditions and obligations of the Agreement, and all determinations and judgments in the Litigation concerning the Settlement.

9.      Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Litigation or of any liability, fault or wrongdoing of any kind.

10.      Final Judgment is hereby entered in this action, consistent with the terms of the Agreement.

BY THE COURT:

Dated: _____          _____
                                       HON. LAUREL BEELER
                                       UNITED STATES MAGISTRATE JUDGE

3

# EXHIBIT B

# EXHIBIT B

1

## UNITED STATES DISTRICT COURT

2

## NORTHERN DISTRICT OF CALIFORNIA

3

## SAN FRANCISCO DIVISION

4  AMIT PATEL, on behalf of himself and all others
   similarly situated,

5

6              Plaintiffs,                            Case No. 3:14-cv-00522-LB

7                    v.

8  TRANS UNION, LLC in its own name and t/a
   TRANS UNION RENTAL SCREENING
   SOLUTIONS, INC. and TRANSUNION

9  BACKGROUND DATA SOLUTIONS, and
   TRANS UNION RENTAL SCREENING

10 SOLUTIONS, INC. in its own name and t/a
   TRANSUNION BACKGROUND DATA

11 SOLUTIONS,

12             Defendants.

13

14          **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

15       The Court, having reviewed the Agreement[1] entered into by the Parties, hereby orders

   that:

16

17       1.      The Court has considered the proposed Settlement of the Class Claims asserted by

18 the Class and Subclass of persons certified by the Class Certification Order entered June 26,

   2015 (ECF 96):

19

20            All natural persons residing in the United States who, from
              February 2012 until December 2013, were the subjects of Trans
              Union Rental Screening Solutions SmartMove reports containing
21            at least one item of "Alert List" information.

22            All natural persons residing in the United States who, from
              February 2012 until December 2013, were the subjects of Trans
23            Union Rental Screening Solutions SmartMove reports containing
              at least one item of "Alert List" information who requested a file
24            disclosure from, and were sent a disclosure by, Trans Union, LLC.

25            a.      Excluded from the Class are the two (2) individuals who submitted timely

26 requests to be excluded in response to the notice sent by the Settlement Administrator pursuant

27

28 ――――――――――――――――
   [1]     Unless otherwise defined herein, all capitalized terms in this order have the same meaning as
   in the Agreement.

1  to the Class Certification Order.  Those persons were identified on Exhibit __ (filed under seal)

2  to the Preliminary Approval Motion (ECF ___).

3      2.      By the Class Certification Order, the Court has already ruled that the prerequisites

4  to a class action under Fed. R. Civ. P. 23(b)(a) and (b)(3) have been satisfied.

5      3.      The Agreement entered into between the Plaintiff Amit Patel and Defendants

6  Trans Union LLC and Trans Union Rental Screening Solutions, Inc. appears, upon preliminary

7  review, to be fair, reasonable, and adequate to the Class.   Accordingly, the Settlement is

8  preliminarily approved, pending a Final Approval Hearing as provided for herein.

9      4.      The Court has appointed Plaintiff Amit Patel as Class Representative and the law

10  firms of Francis & Mailman, P.C. and Evans Law Firm, Inc. as Class Counsel.

11      5.      The Court appoints RSM US LLP as Settlement Administrator.

12      6.      The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on

13  _____, 2018 in the United States District Court, Courtroom C - 15th Floor, 450

14  Golden Gate Avenue, San Francisco, CA 94102 at _____ _.m. for the following purposes:

15      a.      To determine whether the proposed Settlement is fair, reasonable and

16  adequate and should be granted Final Approval by the Court;

17      b.      To determine whether a Final Judgment should be entered dismissing the

18  claims of the Class and Subclass, with prejudice;

19      c.      To consider the Fee Petition by Class Counsel for an award of attorneys'

20  fees and expenses;

21      d.      To consider the request for a Service Award to the Class Representative;

22  and

23      e.      To rule upon other such matters as the Court may deem appropriate.

24      7.      Within ten (10) business days of the entry of this Preliminary Approval Order,

25  Defendants shall transfer the sum of Twenty-Seven Thousand Dollars and Zero Cents

26  ($27,000.00) to the Settlement Administrator to create the Settlement Fund.

27      8.      Upon entry of this Preliminary Approval Order, the Settlement Administrator

28  shall proceed with the Settlement Notice Plan.

a.    The Court finds that the Settlement Notice Plan set forth in the Agreement fully satisfies the requirements of Fed. R. Civ. P. 23 and the due process guarantees of the U.S. Constitution, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9.    A Class Member may object to the Settlement.

a.    To exercise this objection right, the Class Member must provide a Notice of Objection via First Class United State Mail to the Clerk of Court, Class Counsel, and Defendants' Counsel.  The Notice of Objection must be postmarked no later than the Objection Deadline.

b.    For an objection to be considered by the Court, such objection shall be personally signed and state:

i.    the caption of the Litigation;

ii.    the full name, address and telephone number of the Class Member objecting to the Settlement;

iii.    a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such Class Member wishes to be considered in support of the objection;

iv.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Petition;

v.    any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

vi.    the identity of all counsel representing the objector who will appear at the Final Approval Hearing; and,

vii.    all relief sought.

10.     Any objector wishing to be heard at the Final Approval Hearing must, no later than ten (10) business days before that hearing, file a notice of intent to appear with the Court Clerk's office, and must provide both Class Counsel and Defendants' Counsel with copies of the notice of intent to appear.

11.     The right to object must be exercised individually by an individual Class Member, not as a member of a group and, except in the case of a deceased or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

12.     All briefs, memoranda, petitions and affidavits to be filed in support of Final Approval of the Settlement, for a Service Award to the Class Representative and relating to the Fee Petition shall be filed not later than ten (10) days before the Final Approval Hearing.

13.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement.

Dated:_____                              BY THE COURT:


                                                    _____
                                                    HON. LAUREL BEELER
                                                    UNITED STATES MAGISTRATE JUDGE

4

# EXHIBIT C

# EXHIBIT C

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMIT PATEL, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 3:14-cv-00522-LB |
| TRANS UNION, LLC in its own name and t/a TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and TRANSUNION BACKGROUND DATA SOLUTIONS, and TRANS UNION RENTAL SCREENING SOLUTIONS, INC. in its own name and t/a TRANSUNION BACKGROUND DATA SOLUTIONS, | |
| Defendants. | |

## YOU ARE A MEMBER OF A CLASS ACTION

### READ THIS NOTICE CAREFULLY

***A federal court authorized this notice.  This is not a solicitation from a lawyer.***

You previously received notice that you were a member of the Class in the case referenced above.  You are receiving this second notice because this case has been settled.

The settlement will provide a settlement fund of $8,000,000.00 to pay people who are members of the Class.

Lawyers for the Class will ask the Court for up to one-third of the settlement fund—as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement—and for $10,000 to be paid to the Class Representative, Amit Patel, for his services to the Class.

Defendants Trans Union LLC and Trans Union Rental Screening Solutions, Inc. deny any and all liability and the two sides disagree on how much money, if

1

# EXHIBIT C

any, could have been won if this case went to trial.  The settlement avoids costs and risks to you from continuing the lawsuit; pays money to people like you; and releases Defendants from liability.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: YOU CAN DO ONE OR MORE OF THE FOLLOWING | |
|---|---|
| **DO NOTHING** | **Receive a payment of $400.00**. |
| **FILE A CLAIM** | **If you incurred damages as a result of the Defendants' alleged violations of the law, you may choose, in addition to the automatic payment of $400.00, to file a claim for damages.**  By filing a claim, you will receive the additional cash payment described more fully below. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ...........................................................................................
1.   What is contained in this notice package?
2.   What is this lawsuit about?
3.   Why is this a class action?
4.   Why is there a settlement?

**THE CERTIFIED CLASS AND SUBCLASS**........................................................
5.   Why am I am part of the settlement?

# EXHIBIT C

**THE SETTLEMENT BENEFITS — WHAT YOU GET**...........................................▢

   6.   What does the settlement provide?

   7.   When would I get my payment?

**THE LAWYERS REPRESENTING YOU**................................................................▢

   8.   Do I have a lawyer in this case?

   9.   How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ..................................................................▢

   10.  How do I tell the Court that I don't like the settlement?

**THE COURT'S FAIRNESS HEARING** .................................................................▢

   11.  When and where will the Court decide whether to approve the settlement?

   12.  Do I have to come to the hearing?

   13.  May I speak at the hearing?

**IF YOU DO NOTHING** ........................................................................................▢

   14.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** ......................................................................▢

   15.  How do I get more information?

## Basic Information

| 1.   What is contained in this notice package? |
| --- |

This package explains the lawsuit, the settlement, your legal rights, what benefits are available to you as a member of the certified Class, and how to get them.

You have a right to know about a proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement.

The Court in charge of the case is the United States District Court for the Northern District of California. This class action is captioned as *Patel v. Trans Union, LLC and Trans Union Rental Screening Solutions, Inc.* The person who sued is called the Plaintiff, and the companies he sued are called the Defendants.

QUESTIONS? CALL 1-_____ TOLL FREE, OR VISIT www.pateltransunionclassaction.com

Para recibir una notificación en español, llame al 1-_____ o visite nuestra página web: www.pateltransunionclassaction.com

# EXHIBIT C

### 2.   What is this lawsuit about?

The lawsuit claimed that Defendants failed to comply with the federal Fair Credit Reporting Act by disclosing "Alert List" information concerning consumers who had submitted rental applications to landlords.  Defendants deny that they did anything wrong.  The Amended Class Action Complaint and other pertinent documents are available on the website: www.pateltransunionclassaction.com.

### 3.   Why is this a class action?

In a class action, one or more people called Class Representative (in this case Amit Patel), sue on behalf of people who have similar claims.  All these people are a Class or Class Members.  One court resolves the issues for all Class Members.  Honorable U.S. Magistrate Judge Laurel Beeler is in charge of this class action.

### 4.   Why is there a settlement?

The Court entered an Order certifying a Class and a Subclass of persons, but did not decide in favor of the Plaintiff or the Defendants.

You previously received a notice explaining the suit, informing you that you were a member of the certified Class, and explaining your options and legal rights based on the Court's class certification order.

There was no trial.  Instead, both sides agreed to a settlement after vigorous pre-trial litigation, including a mediation session in front of the Honorable U.S. Magistrate Judge Diane Welsh (Ret.) in Philadelphia, Pennsylvania.  By reaching a settlement agreement (available at www.pateltransunionclassaction.com), the parties avoid the cost of a trial, and the people affected will get compensation.  The Class Representative and the attorneys think the settlement is best for all Class Members.

**The Certified Class and Subclass**

### 5.  Why am I am part of the settlement?

Judge Beeler decided that everyone who fits this description is a Class Member:

> All natural persons residing in the United States who, from February 2012 until December 2013, were the subjects of Trans Union Rental

# EXHIBIT C

Screening Solutions SmartMove reports containing at least one item of "Alert List" information.

Judge Beeler also decided that everyone who fits this description is a Subclass Member:

> All natural persons residing in the United States who, from February 2012 until December 2013, were the subjects of Trans Union Rental Screening Solutions SmartMove reports containing at least one item of "Alert List" information who requested a file disclosure from, and were sent a disclosure by, Trans Union, LLC.

As explained by the prior notice, you are a Class Member, and may be a Subclass Member.

**The Settlement Benefits — What You Get**

| 6.   What does the settlement provide? |
| --- |

The settlement agreement provides that Defendants will pay the sum of $8,000,000.00 into a settlement fund.

The settlement fund will be used to make automatic payments of $400.00 to each Class Member without the need to file a claim.

In addition, over $1 million of the settlement fund will be used to pay damages claims for each Class Member who completes and submits the  Claim Form accompanying this Notice.

Subject to the approval of the Court, the settlement fund shall also be used to pay a service award to the Class Representative in the amount of $10,000.00, and Class Counsel's fees and expenses not to exceed one-third of the settlement fund.  The settlement fund shall also be used to pay the costs of notice and settlement administration.

No portion of the settlement fund shall revert to Defendants.  The settlement provides that uncashed checks shall be paid to non-profit organizations to be approved by the Court.  More details on all of the settlement benefits are set forth in the settlement agreement which is available at www.pateltransunionclassaction.com.

# EXHIBIT C

| 7. | When would I get my payment? |
|---|---|

The Court will hold a Fairness Hearing on ▬▬▬▬▬, 2018 in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102 at ▬▬▬▬ .m. to decide whether to approve the settlement. If Judge Beeler approves the settlement after that, there may be appeals. It's always uncertain what the outcome of any appeals will be, and resolving them can take time, perhaps more than a year. **Please be patient**.

### The Lawyers Representing You

| 8. | Do I have a lawyer in this case? |
|---|---|

The law firm of Francis & Mailman, P.C. in Philadelphia, Pennsylvania, represents you and other Class Members. The contact information for the law firm is:

> **FRANCIS & MAILMAN, P.C.**
> 100 S. Broad Street, Suite 1902
> Philadelphia, PA 19110
> Tel: (215) 735-8600 or 1-877-735-8600
> patelsettlement@consumerlawfirm.com

These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 9. | How will the lawyers be paid? |
|---|---|

Class Counsel will ask the Court to approve payment to them of up to one-third of the settlement fund for attorneys' fees and expenses. The attorneys' fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than this amount. Defendants have agreed not to oppose the request for fees and expenses, up to one-third of the settlement fund. The costs of sending notice and administering the settlement will also be paid from the settlement fund.

### Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

# EXHIBIT C

| 10. | How do I tell the Court that I don't like the settlement? |
|---|---|

As a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Patel v. Trans Union, LLC*. Be sure to include your full name, address and telephone number; the reasons you object to the settlement; whether you plan to come to the Fairness Hearing and you (or anyone else) want to speak; if you have a lawyer (who is not one of the lawyers for the Class), the name of the lawyer(s) representing you; and if they exist, any agreements or documents relating to your objection or the process of objecting.

Mail the objection to the three different places shown here, postmarked no later than **Month 00, 0000**:

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court Northern District of California U.S. Courthouse 450 Golden Gate Avenue San Francisco, CA 94102 | Francis & Mailman, P.C. 100 S. Broad Street Suite 1902 Philadelphia, PA 19110 Attention: James A. Francis, Esq. | Reed Smith LLP 10 South Wacker Drive Chicago, IL 60606 Attention: Michael O'Neil, Esq. |

**The Court's Fairness Hearing**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

| 11. | When and where will the Court decide whether to approve the settlement? |
|---|---|

The Court will hold a Fairness Hearing at ____ .m. on _____, 2018, in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and whether the requested payments to Class Counsel and Class Representative are proper. If there are objections, the Court will consider them. Judge Beeler will also listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.



# EXHIBIT C

| 12. | Do I have to come to the hearing? |
|---|---|

No.  Class Counsel will answer questions Judge Beeler may have.  But you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

| 13. | May I speak at the hearing? |
|---|---|

You may ask the Court for permission to speak at the Fairness Hearing.  If you plan to speak at the hearing because you don't like the settlement, you must send a letter as described in Section 10 above.  You must also file a notice of intent to appear at the hearing with the Court Clerk's office no later than **Month 00, 0000**. You must send copies of the notice to both Class Counsel and Defendants' counsel at the addresses provided in Section 10 above.

**If You Do Nothing**

| 14. | What happens if I do nothing at all? |
|---|---|

If you do nothing, and if the Court approves the settlement, you will still receive the $400.00 automatic payment.

**Getting More Information**

| 15. | How do I get more information? |
|---|---|

This notice summarizes the proposed settlement.  More details—including the settlement agreement, the Amended Class Action Complaint, answers to common questions, plus other information to help you understand the settlement—are available at www.pateltransunionclassaction.com.

You can also request this information by contacting Class Counsel identified in Section 8 above.

# EXHIBIT D

# EXHIBIT D

First Name M.I. Last Name
Street Address 1
Street Address 2
City, ST Zip Code

## CLAIM FORM

COMPLETE THIS FORM TO OBTAIN AN ADDITIONAL CASH PAYMENT, AS DESCRIBED IN THE SETTLEMENT NOTICE.

I HEREBY CERTIFY AS FOLLOWS:

1.  I AM THE PERSON IDENTIFIED ABOVE.

2.  THE ADDRESS INFORMATION SET FORTH ABOVE IS CORRECT, OR MY CURRENT ADDRESS IS: _____.

3.  MY TELEPHONE NUMBER IS _____ AND MY E-MAIL ADDRESS IS _____.

4.  TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF, I LOST OR WAS DELAYED IN OBTAINING A RENTAL OPPORTUNITY AS A RESULT OF THE CONDUCT THAT IS THE BASIS FOR THE CLASS CLAIMS ASSERTED AGAINST DEFENDANTS IN THIS LAWSUIT.


SIGN BELOW TO VERIFY THAT THE INFORMATION YOU ARE SUPPLYING IS CORRECT.


_____          _____
Signature                                Printed Name

Date: _____

**NOTE: THIS CLAIM FORM WILL NOT BE VALID WITHOUT YOUR SIGNATURE. YOU MUST ALSO CERTIFY THAT THE ADDRESS LISTED ABOVE IS CORRECT, OR PROVIDE YOUR CURRENT ADDRESS. IF YOU SUBMIT THE FORM WITHOUT THAT INFORMATION, YOU WILL <u>NOT</u> RECEIVE AN ADDITIONAL CASH PAYMENT FROM THE SETTLEMENT FUND.**

**THIS CLAIM FORM MUST BE RETURNED TO THE FOLLOWING ADDRESS NO LATER THAN [_____, *2017*]:**

Settlement Administrator
Address