PATEL V. TRANSUNION LITIGATION

DECLARATION OF MAILING

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMIT PATEL, on behalf of himself and all others similarly situated, :<br><br>Plaintiff, :<br><br>v. :<br><br>TRANS UNION, LLC in its own name and t/a TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and TRANSUNION BACKGROUND DATA SOLUTIONS, and TRANS UNION RENTAL SCREENING SOLUTIONS, INC. in its own name and t/a TRANSUNION BACKGROUND DATA SOLUTIONS, :<br><br>Defendants. : | Case No. 3:14-cv-00522-LB |

## DECLARATION OF RSM US LLP
## IN CONNECTION WITH NOTICE DISSEMINATION

Frank Barkan, pursuant to 28 U. S. C. § 1746, hereby declares and states as follows:

1.    I am an employee of RSM US LLP which was appointed to aid in giving notice to potential Class Members and I was principally responsible for overseeing the dissemination of Notice and Claim Forms ("Notices") to members of the Class and Subclass.

### Settlement Notice Mailing

2.    Pursuant to the Court's Order Certifying the Class, dated June 26, 2015, a Joint Proposed Form of Notice was mailed to 10,501 individuals.  The class member data that was provided to RSM included the class members' name and mailing address. This mailing was accomplished on December 1, 2016 and we previously submitted an Declaration of Mailing on August 14, 2017 (See "Exhibit A").

3.    Pursuant to the signed Order Approving Preliminary Settlement ("Order") dated October 26, 2017, RSM was instructed to mail Notice and Claim Forms to 10,501 Settlement Class Members preliminarily certified as follows:

All natural persons residing in the United States who, from February 2012 until December 2013, were the subject of Trans Union Rental Screening Solutions SmartMove reports containing at least one item of "Alert List" information.

The Court also certified a Subclass of consumers consisting of:

> All natural persons residing in the United States who, from February 2012 until December 2013, were the subject of Trans Union Rental Screening Solutions SmartMove reports containing at least one item of "Alert List" information who requested a file disclosure from, and were sent a disclosure by, Trans Union LLC.

4.    Notices were mailed, via U.S. First Class Mail to all 10,501 Class Members of the attached Notice marked "Exhibit B" on November 22, 2017 by James A. Lerner, President at Metro Action Group LLC. (See "Exhibit C") Prior to mailing, we processed this list through the National Change of Address database in an attempt to obtain the most recent mailing addresses.

5.    Each Notice was accompanied by a Claim Form. Each form was populated with the name and address of the Class Member to whom the form was sent, as well as a unique number for that Class Member.

### Website

6.    On November 22, 2017, the website, ***http://www.pateltransunionclassaction.com***, was updated with the following documents:
- Settlement Agreement
- Motion for Preliminary Approval
- Order Approving Preliminary Settlement
- Notice
- Claim Form

7.    As of February 21, 2018, the Settlement Website has received 168 email inquiries.

### Undeliverable Notices

8.    As of the close of business on February 21, 2018, we have received 1,706 Notice Packages returned by the U.S. Postal Service as undeliverable.

a.)    1,695 Notices have been returned without a forwarding address. Using the search firm Accurint, a LexisNexis address search service, we were able to locate 1,163 new addresses. Notices were re-mailed to these 1,163 class members. As of the date of this Declaration, 129 Notices have been returned again as undeliverable with no forwarding address.

b.)    Eleven Notices were returned with a forwarding address and they were re-mailed to the updated addresses.

9.     In summary, the total number of Notices that were presumed to be successfully delivered are as follows:

| | | |
|---|---|---|
| Total Notices mailed | | 10,501 |
| | | |
| Less: Notices returned undeliverable | ( 1,695) | |
| Notices re-mailed from search effort | 1,163 | |
| Notices re-mailed to forwarding addresses | 11 | |
| Notices returned again undeliverable | ( 129) | ( 650) |
| | | |
| Total Notices presumed delivered | | 9,851     93.81% |

## Objections to the Settlement

10.     Pursuant to Paragraph 7.3 of the Order, any class member who wanted to object to the Settlement was instructed to file a Notice of Objection with the Court, Class Counsel, and Defense Counsel. As of the date of this Declaration, we have not received any Objections in our office.

## Receipt of Claim Forms

11.     a)     **Claims from Class Members**

As of the close of business February 21, 2018, we have received 874 Claim Forms from individuals whose names and addresses appear on the initial mailing list. None of those claims have been rejected. 872 of these 874 Claim Forms were submitted on the pre-populated Claim Forms included with the mailed Notices.

      b)     **Claims from non-Class Members**

We also received an additional 3,314 Claim Forms that were not submitted on pre-populated Claim Forms. (For the convenience of Class Members, a blank, un-populated Claim Form was available on the settlement website.)

122 of the handwritten forms were submitted by a person whose name matched a name on the Class List, but who provided a different address. We mailed a letter to each of those 122 people requesting additional confirmation of their current and prior addresses, so that we can attempt to match that information to the Class List.

The remaining 3,192 handwritten forms were submitted by a person whose name was not found on the Class List. In two other unrelated settlements that we have recently administrated, we have encountered the situation where non-class members become aware of a class action settlement, obtain a claim form from the settlement website, and file claims in hopes of receiving a share of the settlement fund. Based on our experience, the problem of non-class members attempting to file claims is not an isolated issue but appears to have become a trend in the industry. Notably, several names and addresses of individuals who filed handwritten claims in this settlement match the names and addresses of individuals who were non-class members that filed claims in a previous unrelated settlement that we recently administered.

Other than the 122 people whose names (but not addresses) match to the Class List, the 3,192 claims filed by people who are not Class Members have been rejected. However, as a result of receiving these thousands of additional claims (almost three times as many as filed by Class Members), we have incurred additional, unexpected costs in order to determine if any of these claims should be eligible to participate in the settlement. At the present time, we estimate that the total additional fees should be approximately $30,000.00, which were not included in our original estimate for costs of notice and claims administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 21, 2018

Frank Barkan

# Exhibit A

PATEL V. TRANSUNION LITIGATION

DECLARATION OF MAILING

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| AMIT PATEL, on behalf of himself and all others similarly situated, | : | Case No. 3:14-cv-00522-LB |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRANS UNION, LLC in its own name and t/a TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and TRANSUNION BACKGROUND DATA SOLUTIONS, and TRANS UNION RENTAL SCREENING SOLUTIONS, INC. in its own name and t/a TRANSUNION BACKGROUND DATA SOLUTIONS, | : | |
| | : | |
| Defendants. | : | |

DECLARATION OF RSM US LLP
IN CONNECTION WITH NOTICE DISSEMINATION

I, Risa Neiman, declare under penalty of perjury as follows:

1.     I am an employee of RSM US LLP which was appointed to aid in giving notice to potential Class Members and I was principally responsible for overseeing the dissemination of notice to members of the Class and Subclass.

2.     Pursuant to the signed Order Certifying the Class dated June 26, 2015, a class action was preliminarily certified on behalf of the following class of plaintiffs:

> All natural persons residing on the United States who, from February 2012 until December 2013, were the subject of Trans Union Rental Screening Solutions SmartMove reports containing at least one item of "Alert List" information.

The Court also certified a Subclass of consumers consisting of:

> All natural persons residing on the United States who, from February 2012 until December 2013, were the subject of Trans Union Rental Screening Solutions SmartMove reports containing at least one item of "Alert List" information who requested a file disclosure from, and were sent a disclosure by, Trans Union LLC.

**Initial Notice Mailing**

3.    On November 25, 2016, we were provided with a mailing list containing a total of 10,505 names and addresses. We identified 4 exact duplicates and these records were removed from the list. This list was then processed through the United States Postal Service National Change of Address database.

4.    Pursuant to the Order, a mailing was made of the attached Notice marked "Exhibit A" to the 10,501 persons with valid addresses on December 1, 2016, via U.S. First Class Mail.

**Undeliverable Notices**

5.    As of the close of business on June 6, 2017, we have received 2,043 Notice Packages returned by the U.S. Postal Service as undeliverable.

      a.)    2,027 Notices have been returned without a forwarding address. Using the search firms Accurint, a LexisNexis address search service and TLO, a TransUnion address search firm, we were able to locate 1,849 new addresses. Notices were re-mailed to these 1,849 class members.

      b.)    16 Notices were returned with a forwarding address and they were re-mailed to the updated addresses.

6.    In summary, the total number of Notices that were presumed to be successfully delivered are as follows:

| | | | |
|---|---|---|---|
| Total Notices mailed | | 10,501 | |
| Less: Notices returned undeliverable | (2,043) | | |
| Notices re-mailed from search effort | 1,849 | | |
| Notices re-mailed to forwarding addresses | 16 | | |
| Notices returned again undeliverable | ( 243) | ( 421) | |
| Total Notices presumed delivered | | 10,080 | 96% |

**Exclusion Requests**

7.    As of August 14, 2017, we have received requests from two individuals to be excluded from the Class. Copies of these exclusion requests are attached as "Exhibit B".

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct, executed on August 14, 2017 in Blue Bell, PA.

Risa Neiman

# Exhibit A

| | |
|---|---|
| AMIT PATEL, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>       v.<br><br>TRANSUNION, LLC in its own name and t/a TRANSUNION RENTAL SCREENING SOLUTIONS, INC. and TRANSUNION BACKGROUND DATA SOLUTIONS, and TRANSUNION RENTAL SCREENING SOLUTIONS, INC. in its own name and t/a TRANSUNION BACKGROUND DATA SOLUTIONS,<br><br>              Defendants. | Case No. 3:14-cv-00522-LB<br><br><br><br><br>JOINT PROPOSED FORM OF NOTICE TO THE CLASS |

## YOU ARE A MEMBER OF A CLASS ACTION
## *DO NOT THROW THIS AWAY. THIS IS NOT JUNKMAIL OR AN AD, YOU COULD LOSE RIGHTS OR BENEFITS*

**Dear Mr/Ms.:**

       I write to you because you are a member of a class action in the case referenced above.  I am one of the lawyers involved in the case and want to explain what the case is about and why you are in it.  Please just take a few minutes to just review this notice as it may affect your rights to receive benefits, and it will explain what you need to know.

       We do not expect that you know the plaintiff Mr. Amit Patel and may not even recall the name of the Defendants TransUnion LLC and TransUnion Rental Screening Solutions, Inc. (collectively "Defendants").  However, Defendants' records indicate that you are a member of the following Class certified by the Court:

       All natural persons residing in the United States who, from February 2012 until December 2013, were the subject of TransUnion Rental Screening Solutions SmartMove reports containing at least one item of "Alert List" information.

The Court also certified a Subclass of consumers consisting of:

       All natural persons residing in the United States who, from February 2012 until December 2013, were the subject of TransUnion Rental Screening Solutions SmartMove reports containing at least one item of "Alert List" information who requested a file disclosure from, and were sent a disclosure by, TransUnion LLC.

       Because you are a member of the Class and may be a member of the Subclass, you have a legal claim or claims and that's why we are writing to you.  There are some other things you need to know which we have outlined below.  If at any time after reading this notice you still have questions or want to discuss what this notice means, you can get more information by visiting the website www.pateltransunionclassaction.com or calling one of the lawyers' offices free of charge.

There has been no money or benefit recovered to date, and there is no guarantee that there will be money or a benefit available in the future. However, the Court did grant a motion certifying the above Class, and *you have a choice to make now*.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT**

| DO NOTHING | **Stay in this lawsuit. Await the outcome. Give up certain rights.** |
|---|---|
| | By doing nothing, you keep the possibility of getting money or benefits that may come from a trial on liability and damages or a settlement. But, you give up any rights to sue Defendants individually and to seek damages for the same legal claims that are in this lawsuit. Similarly, if you do nothing and Defendants win a trial on damages, you will lose your claims covered by this lawsuit. |
| **ASK TO BE EXCLUDED** | **Remove yourself from this class action. Get no benefits or money. Keep certain rights**. |
| | If you ask to be excluded and money or benefits are awarded later, you will not share in such recovery. But, you keep any rights you may have to sue Defendants separately about the same legal claims that are in this lawsuit. |

- Your options are explained in this notice. To ask to be excluded, you must act before January 30, 2017.

- The Plaintiff and his lawyers must prove the claims against the Defendants at trial. If money or benefits are obtained from the Defendants, you will be notified about how to obtain your share.

- Any questions? Read on and/or visit www.pateltransunionclassaction.com or call 1-877-735-8600.

**BASIC INFORMATION**

1. **Why did I get this letter?**

This letter was sent to you because sometime in 2012 or 2013, a consumer reporting agency called TransUnion Rental Screening Solutions, Inc. sold a consumer report called a "SmartMove" report about you to a landlord in connection with your application to rent an apartment. The report TransUnion Rental Screening Solutions sold about you contained an item of "Alert List" information. "Alert List" information comes from federal law enforcement databases such as the FBI and Secret Service, the Office of Foreign Assets Control Database of terrorists and drug traffickers, and other domestic and international government watch lists.

If you asked TransUnion LLC for a copy of your consumer file, more commonly called a "credit report," sometime in 2012 or 2013, you are a member of the Subclass and have an additional claim, because TransUnion LLC did not include "Alert List" information from the SmartMove report in the response it sent to your request.

This letter explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial on damages. The trial is to decide whether TransUnion LLC and/or its subsidiary TransUnion Rental Screening Solutions, is liable for willfully violating the Fair Credit Reporting Act, the amount of statutory damages between $100-$1,000 per class member, plus punitive damages, if any, to be assessed against Defendants. Judge Laurel Beeler of the United States District Court for the Northern District of California is overseeing this class action. The lawsuit is known as *Patel v. TransUnion, LLC*, Civil Action No. 3:14-cv-522-LB (N.D. Cal.).

2. **What is this lawsuit about?**

There are two claims in the case.

The first claim, which is the same for everyone in the Class, is that the procedures Defendants used to associate consumers with "Alert List" information were inadequate, and resulted in Defendants erroneously identifying consumers as being part of a government watch list when they were not. Specifically, the claim is

that Defendants' procedures violated a federal law called the Fair Credit Reporting Act, by failing to maintain reasonable procedures to assure the "maximum possible accuracy" of the information they associated with consumers.

The second claim, which applies only to members of the Subclass, is that TransUnion LLC failed to include the "Alert List" information in its response to requests for information, in violation of another part of the Fair Credit Reporting Act.

**3.    What is a class action and who is involved?**

In a class action lawsuit, one or more people called the "Class Representative," in this case Amit Patel, sue on behalf of other people who have similar claims.  In essence, the Class Represenative is the leader or "face" of the Class.  All of the people together are called a "Class" or "Class Members."  Mr. Patel is also called the Plaintiff and the Class Representative and he is pursuing the above claims on behalf of the Class and Subclass. The consumer reporting agencies he sued, TransUnion LLC and TransUnion Rental Screening Solutions, Inc., are called the Defendants. One court resolves the issues for everyone in the Class and Subclass, except for those people who choose to exclude themselves from the Class and Subclass.

**4.    Why is this lawsuit a class action?**

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.  Specifically, the Court found that:

- There are thousands of persons about whom TransUnion Rental Screening Solutions sold SmartMove reports containing Alert List information, and a substantial number who also asked TransUnion LLC for a copy of their file in 2012 or 2013;

- There are legal questions and facts that are common to each of them;

- The claims of Plaintiff Amit Patel are typical of the claims of the rest of the Class and Subclass;

- Mr. Patel and the attorneys representing the Class will fairly and adequately represent the interests of the Class;

- The common legal questions and facts are more important than questions that affect only individuals; and

- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order certifying the Class, which is available at www.pateltransunionclassaction.com.


## THE CLAIMS IN THE LAWSUIT

**5.    What does the lawsuit complain about?**

In the lawsuit, Plaintiff claims that Defendants violated the Fair Credit Reporting Act and as described in section 2 above.  You can read the Plaintiff's full Complaint at www.pateltransunionclassaction.com.

**6.    How did Defendants answer?**

Defendants denied that they violated any laws.  Defendants' Answers to the Complaint are also at the same website.

**7.    Has the Court decided who is right?**

The Court has not yet decided whether the Defendants have violated the law.

**8.    What is the Plaintiff asking for?**

The Plaintiff will ask the Court to award money, known as statutory damages, of $100 to $1,000, to each member of the Class and Subclass for each claim.  Plaintiff will also ask the Court to order Defendants to pay punitive damages.

**9. Is there any money available now?**

No money or benefits are available now because the Court has not yet decided whether or how much Defendants should pay the Class and Subclass in damages. There is no guarantee that money or benefits will ever be obtained. If they are, you will be notified about how to get a share.

<u>**YOUR RIGHTS AND OPTIONS**</u>

You have to decide whether to stay in the Class (do nothing right now) or ask to be excluded before the trial. You have until January 30, 2017, to exclude yourself.

**10. What happens if I do nothing at all?**

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. **By doing <u>nothing</u> you stay in the Class.** If you stay in the Class and the Plaintiff obtains money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiff wins or loses the trial, you will not be able to sue, or continue to sue, Defendants about the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

**11. Why would I ask to be excluded?**

If you already have a lawsuit against the Defendants for similar claims and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class – which also means to re-move yourself from the Class, and is sometimes called "opting-out" of the Class – you will not get any money or benefits from this lawsuit even if the Plaintiff wins damages at trial or there is a settlement (that may or may not be reached) between Defendants and the Plaintiff. However, you may then be able to sue or continue to sue Defendants on your own. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against Defendants after you exclude yourself, you'll have to seek damages in court, and you may have to hire and pay your own lawyer for that lawsuit. If you do exclude yourself so you can start your own lawsuit against Defendants, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations or other time-sensitive requirements.

**12. How do I ask the Court to exclude me from the Class?**

To ask to be excluded, you must send an "Opt-Out Request" in the form of a letter sent by U.S. Mail, fac-simile or e-mail stating that you want to be excluded from *Patel v. TransUnion, et al.* Instructions on submitting a request to opt-out are also on the class action website, www.pateltransunionclassaction.com. On the website you will also find a copy of a sample letter that you may use as a template to request to be excluded from *Patel v. TransUnion, et al.* Be sure to include your name, address, and telephone number, and sign the letter. You must mail your Opt-Out Request postmarked or time-stamped by January 30, 2017, to: *Patel v. TransUnion* Opt-Outs, P.O. Box 1387, Blue Bell, PA 19422, or fax the letter to (215) 641-8680 or e-mail your request to questions@pateltransunionclassaction.com.

<u>**THE ATTORNEYS REPRESENTING YOU**</u>

**13. Do I have an attorney in this case?**

The Court has certified the law firms of Francis & Mailman, P.C. and Evans Law Firm, Inc. as Class Counsel. The law firms and the attorneys are called "Class Counsel" and the contact information is as follows:

| | |
|---|---|
| **FRANCIS & MAILMAN, P.C.** | **EVANS LAW FIRM, INC.** |
| 100 S. Broad Street, 19th Floor | 3053 Fillmore Street, #236 |
| Philadelphia, PA 19110 | San Francisco, CA 94123 |
| (215) 735-8600 | (415) 441-8669 |
| www.consumerlawfirm.com | www.evanslaw.com |

**14.    Should I get my own attorney?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you may retain one.  For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

**15.    How will the attorneys be paid?**

If Class Counsel get money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would either be deducted from any money obtained for the Class or paid separately by Defendants.

<u>**THE TRIAL**</u>

**16.    When is the trial?**

The trial is currently scheduled for November 6, 2017.  Note that trial dates are sometimes rescheduled. You may obtain more information about the trial date at www.pateltransunionclassaction.com.

**17.    Do I have to come to the trial?**

You do not need to attend the trial.  Class Counsel will present the case for the Plaintiff and the Class, and Defendants will present their defenses. You or your own lawyer are welcome to attend at your own expense.

**18.    Will I get money after the trial?**

If at some point the Plaintiff obtains money or benefits as a result of the trial or a settlement, and you did not exclude yourself from the Class, you will be notified about how to participate.  We do not know how long this will take.

<u>**GETTING MORE INFORMATION**</u>

**19.    Are more details available?**

Visit the website, www.pateltransunionclassaction.com where you will find the Court's Order certifying the Class, Plaintiff's Class Action Complaint, the Defendants' Answers to the Complaint, as well as information about how to exclude yourself as a Class member. You may also speak to one of the attorneys working on this class action by calling: 1-877-735-8600 or e-mailing at the following address: info@consumerlawfirm.com.

Patel v. TransUnion
c/o Settlement Administrator
P.O. Box 1387
Blue Bell, PA 19422

**IMPORTANT LEGAL INFORMATION**



PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
SCRANTON, PA
PERMIT # 384

First Name M.I. Last Name
Street Address 1
Street Address 2
City, ST Zip Code

# Exhibit B



## FINAL EXCLUSION LIST - 2 CLASS MEMBERS

| Ref Number | First Name | Middle Name | Last Name |
|---|---|---|---|
| 618 | James | R | Bowman |
| 7979 | Andrew | | Smith |

Patel v. Trans Union Opt Outs
P.O. Box 1387
Blue Bell, PA 19422

Re: *Patel v. Trans Union, LLC et al.* Exclusion Request

Dear Sir or Madam,

Please exclude me from the class in the *Patel v. Trans Union, LLC et al.* class action.

Thank you,

Signature: _____

Printed Name: James R. Bowman

Address: 12317 Tesoro Ct.

San Diego, CA 92128

Telephone #: 760-694-3790

#618

# 7979

Patel v. Trans Union Opt Outs
P.O. Box 1387
Blue Bell, PA 19422

Re: *Patel v. Trans Union, LLC et al.* Exclusion Request

Dear Sir or Madam,

Please exclude me from the class in the *Patel v. Trans Union, LLC et al.* class action.

Thank you.

Signature: *Andrew Smith*

Printed Name: Andrew Smith

Address: 215 Promenade Vista St. APT 2047

Charleston, SC 29412-5111

Telephone #: (864) 979-2800

## re: Opt-Out Request, Andrew Smith

Tue 12/6/2016 3:24 PM
**From:** questions@pateltransunionclassaction.com
**To:** Andrew Smith



Thank you.  We will process your request.

---

**From**: "Andrew Smith" <atsmith@charlestonlaw.edu>
**Sent**: Tuesday, December 06, 2016 1:47 PM
**To**: questions@pateltransunionclassaction.com
**Subject**: Opt-Out Request, Andrew Smith

Dear Sir or Madam,

My name is Andrew Smith and on December 6, 2016 I received via regular mail your Joint Proposed Form of Notice to the Class in *Patel v. TransUnion, LLC et. al* (Case No. 3:14-cv-00522-LB). Attached please find a PDF copy of my "Opt-Out Request" which was completed on the template provided on your website and per the instructions on page 4 of the Notice. Thank you.

--
Andrew T. Smith
J.D. Candidate 2017
Charleston School of Law

*Charleston Law Review, Student Works Editor*
*Trial Advocacy Board & Moot Court Board*
E: Atsmith@charlestonlaw.edu

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| ———————————————————— | X | |
| AMIT PATEL, on behalf of himself and all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:14-cv-00522-LB |
| | : | |
| TRANS UNION LLC in its own name and t/a TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and TRANSUNION BACKGROUND DATA SOLUTIONS, and TRANS UNION RENTAL SCREENING SOLUTIONS, INC. in its own name and t/a TRANSUNION BACKGROUND DATA SOLUTIONS, | : | |
| | : | |
| Defendants. | : | |
| ———————————————————— | X | |

## YOU ARE A MEMBER OF A CLASS ACTION

## READ THIS NOTICE CAREFULLY

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

You previously received notice that you were a member of the Class in the case referenced above. You are receiving this second notice because this case has been settled.

The settlement will provide a settlement fund of $8,000,000.00 to pay people who are members of the Class.

Lawyers for the Class will ask the Court for up to one-third of the settlement fund—as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement—and for $10,000 to be paid to the Class Representative, Amit Patel, for his services to the Class.

Defendants Trans Union LLC and Trans Union Rental Screening Solutions, Inc. deny any and all liability and the two sides disagree on how much money, if any, could have been won if this case went to trial. The settlement avoids costs and risks to you from continuing the lawsuit; pays money to people like you; and releases Defendants from liability.

QUESTIONS? CALL 1-800-222-2760 TOLL FREE, OR VISIT www.pateltransunionclassaction.com
Para recibir una notificación en español, llame al 1-800-222-2760 o visite nuestra página web: www.pateltransunionclassaction.com

1

| Your Legal Rights and Options in This Settlement: You Can Do One or More of the Following | |
|---|---|
| **Do Nothing** | **Receive a payment of $400.00**. |
| **File A Claim** | **If you incurred damages as a result of the Defendants' alleged violations of the law, you may choose, in addition to the automatic payment of $400.00, to file a claim for damages.** By filing a claim, you will receive the additional cash payment described more fully below. |
| **Object** | Write to the Court about why you don't like the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

**BASIC INFORMATION**............................................................................................................**4**

    1. What is contained in this notice package?

    2. What is this lawsuit about?

    3. Why is this a class action?

    4. Why is there a settlement?

**THE CERTIFIED CLASS AND SUBCLASS**.......................................................................**4**

    5. Why am I am part of the settlement?

**THE SETTLEMENT BENEFITS — WHAT YOU GET** ...................................................**5**

    6. What does the settlement provide?

    7. When would I get my payment?

**THE LAWYERS REPRESENTING YOU**...........................................................................**5**

    8. Do I have a lawyer in this case?

    9. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ..............................................................................**5**

    10. How do I tell the Court that I don't like the settlement?

**THE COURT'S FAIRNESS HEARING**.............................................................................**6**

    11. When and where will the Court decide whether to approve the settlement?

    12. Do I have to come to the hearing?

    13. May I speak at the hearing?

**IF YOU DO NOTHING**.......................................................................................................**6**

    14. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ...................................................................................**6**

    15. How do I get more information?

QUESTIONS? CALL 1-800-222-2760 TOLL FREE, OR VISIT www.pateltransunionclassaction.com

Para recibir una notificación en español, llame al 1-800-222-2760 o visite nuestra página web: www.pateltransunionclassaction.com

3

## Basic Information

### 1. What is contained in this notice package?

This package explains the lawsuit, the settlement, your legal rights, what benefits are available to you as a member of the certified Class, and how to get them.

You have a right to know about a proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement.

The Court in charge of the case is the United States District Court for the Northern District of California. This class action is captioned as *Patel v. Trans Union LLC and Trans Union Rental Screening Solutions, Inc.* The person who sued is called the Plaintiff, and the companies he sued are called the Defendants.

### 2. What is this lawsuit about?

The lawsuit claimed that Defendants failed to comply with the federal Fair Credit Reporting Act by disclosing "Alert List" information concerning consumers who had submitted rental applications to landlords. Defendants deny that they did anything wrong. The Amended Class Action Complaint and other pertinent documents are available on the website: www.pateltransunionclassaction.com.

### 3. Why is this a class action?

In a class action, one or more people called Class Representative (in this case Amit Patel), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members. Honorable U.S. Magistrate Judge Laurel Beeler is in charge of this class action.

### 4. Why is there a settlement?

The Court entered an Order certifying a Class and a Subclass of persons, but did not decide in favor of the Plaintiff or the Defendants.

You previously received a notice explaining the suit, informing you that you were a member of the certified Class, and explaining your options and legal rights based on the Court's class certification order.

There was no trial. Instead, both sides agreed to a settlement after vigorous pre-trial litigation, including a mediation session in front of the Honorable U.S. Magistrate Judge Diane Welsh (Ret.) in Philadelphia, Pennsylvania. By reaching a settlement agreement (available at www.pateltransunionclassaction.com), the parties avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members.

## The Certified Class and Subclass

### 5. Why am I am part of the settlement?

Judge Beeler decided that everyone who fits this description is a Class Member:

> All natural persons residing in the United States who, from February 2012 until December 2013, were the subjects of Trans Union Rental Screening Solutions SmartMove reports containing at least one item of "Alert List" information.

Judge Beeler also decided that everyone who fits this description is a Subclass Member:

> All natural persons residing in the United States who, from February 2012 until December 2013, were the subjects of Trans Union Rental Screening Solutions SmartMove reports containing at least one item of "Alert List" information who requested a file disclosure from, and were sent a disclosure by, Trans Union LLC.

As explained by the prior notice, you are a Class Member, and may be a Subclass Member.

QUESTIONS? CALL 1-800-222-2760 TOLL FREE, OR VISIT www.pateltransunionclassaction.com
Para recibir una notificación en español, llame al 1-800-222-2760 o visite nuestra página web: www.pateltransunionclassaction.com

4

## The Settlement Benefits — What You Get

### 6. What does the settlement provide?

The settlement agreement provides that Defendants will pay the sum of $8,000,000.00 into a settlement fund.

The settlement fund will be used to make automatic payments of $400.00 to each Class Member without the need to file a claim.

In addition, over $1 million of the settlement fund will be used to pay damages claims for each Class Member who completes and submits the Claim Form accompanying this Notice.

Subject to the approval of the Court, the settlement fund shall also be used to pay a service award to the Class Representative in the amount of $10,000.00, and Class Counsel's fees and expenses not to exceed one-third of the settlement fund. The settlement fund shall also be used to pay the costs of notice and settlement administration.

No portion of the settlement fund shall revert to Defendants. The settlement provides that uncashed checks shall be paid to non-profit organizations to be approved by the Court. More details on all of the settlement benefits are set forth in the settlement agreement which is available at www.pateltransunionclassaction.com.

### 7. When would I get my payment?

The Court will hold a Fairness Hearing on March 8, 2018 in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102 at 9:30 a.m. to decide whether to approve the settlement. If Judge Beeler approves the settlement after that, there may be appeals. It's always uncertain what the outcome of any appeals will be, and resolving them can take time, perhaps more than a year. **Please be patient**.

## The Lawyers Representing You

### 8. Do I have a lawyer in this case?

The law firm of Francis & Mailman, P.C. in Philadelphia, Pennsylvania, represents you and other Class Members. The contact information for the law firm is:

> **FRANCIS & MAILMAN, P.C.**
> 100 S. Broad Street, Suite 1902
> Philadelphia, PA 19110
> Tel: (215) 735-8600 or 1-877-735-8600
> patelsettlement@consumerlawfirm.com

These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 9. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment to them of up to one-third of the settlement fund for attorneys' fees and expenses. The attorneys' fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than this amount. Defendants have agreed not to oppose the request for fees and expenses, up to one-third of the settlement fund. The costs of sending notice and administering the settlement will also be paid from the settlement fund.

## Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

### 10. How do I tell the Court that I don't like the settlement?

As a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Patel v. Trans Union LLC*. Be sure to include your full name, address and telephone number; the reasons you object to the settlement; whether you plan to come to the Fairness Hearing and you (or anyone else) want to speak; if you have a lawyer (who is not one of the lawyers for the Class), the name of the lawyer(s) representing you; and if they exist, any agreements or documents relating to your objection or the process of objecting.

QUESTIONS? CALL 1-800-222-2760 TOLL FREE, OR VISIT www.pateltransunionclassaction.com
Para recibir una notificación en español, llame al 1-800-222-2760 o visite nuestra página web: www.pateltransunionclassaction.com

5

Mail the objection to the three different places shown here, postmarked no later than **January 22, 2018**:

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court | Francis & Mailman, P.C. | Reed Smith LLP |
| Northern District of California | 100 S. Broad Street | 10 South Wacker Drive |
| U.S. Courthouse | Suite 1902 | Chicago, IL 60606 |
| 450 Golden Gate Avenue | Philadelphia, PA 19110 | Attention: Michael O'Neil, Esq. |
| San Francisco, CA 94102 | Attention: James A. Francis, Esq. | |

## The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**11. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at 9:30 a.m. on March 8, 2018, in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and whether the requested payments to Class Counsel and Class Representative are proper. If there are objections, the Court will consider them. Judge Beeler will also listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**12. Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Beeler may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**13. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. If you plan to speak at the hearing because you don't like the settlement, you must send a letter as described in Section 10 above. You must also file a notice of intent to appear at the hearing with the Court Clerk's office no later than **February 22, 2018**. You must send copies of the notice to both Class Counsel and Defendants' counsel at the addresses provided in Section 10 above.

## If You Do Nothing

**14. What happens if I do nothing at all?**

If you do nothing, and if the Court approves the settlement, you will still receive the $400.00 automatic payment.

## Getting More Information

**15. How do I get more information?**

This notice summarizes the proposed settlement. More details—including the settlement agreement, the Amended Class Action Complaint, answers to common questions, plus other information to help you understand the settlement—are available at www.pateltransunionclassaction.com.

You can also request this information by contacting Class Counsel identified in Section 8 above.

QUESTIONS? CALL 1-800-222-2760 TOLL FREE, OR VISIT www.pateltransunionclassaction.com
Para recibir una notificación en español, llame al 1-800-222-2760 o visite nuestra página web: www.pateltransunionclassaction.com

6

**Patel v. Trans Union LLC** <u>**CLAIM FORM**</u>

COMPLETE THIS FORM TO OBTAIN AN ADDITIONAL CASH PAYMENT,
AS DESCRIBED IN THE SETTLEMENT NOTICE.

UNIQUE CODE: ######
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

<u>INSTRUCTIONS:</u>

1. VERIFY THAT YOUR NAME AND ADDRESS INFORMATION IS CORRECT.

2. ADD YOUR TELEPHONE NUMBER AND E-MAIL ADDRESS.

3. SIGN BELOW VERIFYING THAT THE INFORMATION YOU ARE SUPPLYING IS CORRECT.

4. MAIL THE ENTIRE PAGE OF YOUR COMPLETED CLAIM FORM TO:

Patel v. Trans Union LLC, c/o Settlement Adminstrator
P.O. Box 1387, Blue Bell, PA 19422

**THIS CLAIM FORM MUST BE RETURNED TO THE ADDRESS ABOVE NO LATER THAN JANUARY 22, 2018**

---

**Section I: Updated Personal Information**

**If the preprinted information above is not correct, make any changes here.**
**(STOP! Do not complete this section if the preprinted information above is correct)**

First Name, MI, Last Name: _____

Mailing Address: _____

City, State, Zip Code: _____

---

**Section II: Additional Information**

Telephone Number: (___) _____

Email Address (if you have one): _____

---

**Section III: Signature**

TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF, I LOST OR WAS DELAYED IN OBTAINING A RENTAL OPPORTUNITY AS A RESULT OF THE CONDUCT THAT IS THE BASIS FOR THE CLASS CLAIMS ASSERTED AGAINST DEFENDANTS IN THIS LAWSUIT.

SIGN BELOW TO VERIFY THAT THE INFORMATION YOU ARE SUPPLYING IS CORRECT.

_____     _____
Signature     Printed Name

Date: _____

---

**NOTE: THIS CLAIM FORM WILL NOT BE VALID WITHOUT YOUR SIGNATURE. YOU MUST ALSO CERTIFY THAT THE ADDRESS LISTED ABOVE IS CORRECT, OR PROVIDE YOUR CURRENT ADDRESS. IF YOU SUBMIT THE FORM WITHOUT THAT INFORMATION, YOU WILL <u>NOT</u> RECEIVE AN ADDITIONAL CASH PAYMENT FROM THE SETTLEMENT FUND.**

# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| AMIT PATEL, on behalf of himself and all others similarly situated, | : | Case No. 3:14-cv-00522-LB |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRANS UNION, LLC in its own name and t/a TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and TRANSUNION BACKGROUND DATA SOLUTIONS, and TRANS UNION RENTAL SCREENING SOLUTIONS, INC. in its own name and t/a TRANSUNION BACKGROUND DATA SOLUTIONS, | : | |
| | : | |
| Defendants. | : | |

DECLARATION OF THE METRO ACTION GROUP LLC
IN CONNECTION WITH NOTICE DISSEMINATION

I, James A. Lerner, declare under penalty of perjury as follows:

1.      I am President at The Metro Action Group LLC, engaged by RSM US LLP to assist in providing notice to the Class.

2.      The Metro Action Group LLC delivered to the United States Post Office, at Bellmawr, NJ, a total of 10,501 pieces of First Class Mail on November 22, 2017 which consisted of a Notice and Proof of Claim Form to potential members of the Settlement Class.

3.      These mailings were requested and authorized by RSM US LLP.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct, executed on January 22, 2018 in Havertown, Pennsylvania.

_____
James A. Lerner