# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

AMIT PATEL, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

TRANS UNION, LLC in its own name and t/a TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and TRANSUNION BACKGROUND DATA SOLUTIONS, and TRANS UNION RENTAL SCREENING SOLUTIONS, INC. in its own name and t/a TRANSUNION BACKGROUND DATA SOLUTIONS,

Defendants.

Case No. 3:14-cv-00522-LB

**FINAL APPROVAL ORDER**

This matter, having come before the Court on the Plaintiff Amit Patel's motion for Final Approval of the proposed class action Settlement[1] with Defendants Trans Union LLC and Trans Union Rental Screening Solutions, Inc.; the Court having considered all papers filed and arguments made with respect to the Settlement, and having entered a Preliminary Approval Order on October 26, 2017 (ECF 53); and the Court, being fully advised in the premises, finds that:

A. As set forth in the Court's Class Certification Order (ECF 96) and Preliminary Approval Order, this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(3).

B. Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Settlement Notice Plan approved by the Preliminary Approval Order. That Settlement Notice Plan, which provided notice by mail and website in an

---

[1] Unless otherwise defined herein, all capitalized terms in this order have the same meaning as in the Agreement.

adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Rule 23(e) and the due process guarantees of the U.S. Constitution.

  C. Notification of this settlement to the appropriate federal and state officials pursuant to CAFA was timely provided. The Court has reviewed such CAFA Notice and finds that the notice complies fully with the applicable requirements of CAFA.

  D. The Settlement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the Parties, including a mediation with a former federal Magistrate Judge, and is supported by the Class Representative.

  E. The Settlement is fair, reasonable and adequate to members of the Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

  F. The relief provided under the Settlement constitutes fair value given in exchange for the releases of claims against the Released Parties.

  G. The people listed on Exhibit B to the Preliminary Approval Motion (ECF 145-3) have validly excluded themselves from the Class and shall not be bound by the Settlement.

  H. It is in the best interests of the Parties and the Class Members, and consistent with principles of judicial economy, that this Court shall retain jurisdiction over the interpretation, implementation, and performance of the Settlement and this Final Approval Order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

  1. The Settlement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Class Members. Any objections have been considered and are hereby overruled.

  2. The Parties are directed to consummate the Agreement in accordance with its terms. Provided, however, that:

    a. Consistent with Section 8(b)(ii) of the Agreement (providing that, with the Parties' agreement, the Settlement Administrator may allow untimely Claim Forms), the Settlement Administrator may allow Damages Claims submitted by any of the 122 individuals identified in Paragraph 11(b) of the Declaration of RSM US LLP in Connection with Notice

Dissemination ("RSM Dec.") who have established themselves as Class Members and re-submitted valid Claim Forms; and

        b. As compensation for additional, unexpected costs and fees incurred in receiving, reviewing and responding to claims submitted by individuals who are not Class Members (*see* Paragraph 11(b) of the RSM Dec.), the amount that is allocated to pay the Settlement Administrator for Notice and Administrator Expenses actually incurred by the Settlement Administrator under Section 4(b)(iv) of the Agreement shall be increased by thirty-thousand dollars ($30,000.00).

    3. This action is hereby dismissed on the merits with prejudice, and without an award of costs or fees to any party.

    4. Pursuant to the releases contained in Section 11 of the Agreement, the claims of the Class Representative and the Class Members are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Approval Order. The Plaintiff, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the released claims against any of the Released Parties, as set forth in the Agreement.

    5. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over the interpretation, implementation, and performance of the Settlement and this Final Approval Order.

    6. Upon consideration of Class Counsel's Fee Petition, the Court has entered a separate order awarding reasonable fees and expenses in an amount as set forth in that order.

    7. Upon consideration of the application for a Service Award, Class Representative Amit Patel is awarded the sum of ten thousand dollars ($10,000.00) in consideration of the valuable service he has performed for and on behalf of the Class.

    8. All Class Members shall be bound by all of the terms, conditions and obligations of the Agreement, and all determinations and judgments in the Litigation concerning the Settlement.

9. Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Litigation or of any liability, fault or wrongdoing of any kind.

10. Final Judgment is hereby entered in this action, consistent with the terms of the Agreement.

BY THE COURT:

Dated: _____

_____
HON. LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE