EVANS LAW FIRM, INC.
Ingrid M. Evans (CA State Bar No. 179094)
3053 Fillmore Street, #236
San Francisco, CA 94123
Tel: (415)-441-8669
Tel: (888) 503-8267

FRANCIS & MAILMAN, P.C.
James A. Francis *(Pro Hac Vice)*
John Soumilas *(Pro Hac Vice)*
David A. Searles *(Pro Hac Vice)*
Lauren KW Brennan *(Pro Hac Vice)*
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
Tel: (215) 735-8600
Fax: (215) 940-8000

Attorneys for Plaintiff
AMIT PATEL and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMIT PATEL, on behalf of himself and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>TRANS UNION, LLC in its own name and t/a TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and TRANSUNION BACKGROUND DATA SOLUTIONS, and TRANS UNION RENTAL SCREENING SOLUTIONS, INC. in its own name and t/a TRANSUNION BACKGROUND DATA SOLUTIONS,<br><br>          Defendants. | Case No. 3:14-cv-00522-LB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES**<br><br>Date: March 8, 2018<br>Time: 9:30 a.m.<br>Place: Courtroom C |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   INTRODUCTION ................................................................................................................ 1

II.  PROCEDURAL HISTORY ................................................................................................. 2

III. CLASS COUNSEL'S FEE REQUEST SHOULD BE APPROVED
     AS FAIR AND REASONABLE .......................................................................................... 2

     A.   Methods Of Determining An Appropriate Fee ........................................................ 2

          1.   Percentage-of-the-Fund Method ..................................................................... 2

          2.   The Lodestar Method ..................................................................................... 4

     B.   Class Counsel's Fee Request Is Reasonable Under the Percentage Method ........... 4

          1.   The Value of the Settlement ........................................................................... 4

          2.   The Requested Fee Percentage Is Reasonable in Comparison to
               Awards in Similar Cases ................................................................................ 5

          3.   The Circumstances of the Case Support the Requested Fees and
               Reimbursement of Expenses .......................................................................... 5

     C.   Class Counsels' Fee Request Is Also Reasonable Under The Lodestar
          Method ...................................................................................................................... 8

          1.   Counsels' Lodestar Is Reasonable .................................................................. 8

          2.   Despite Significant Hurdles, Class Counsel Secured Substantial
               Benefits for the Class ..................................................................................... 8

     D.   Class Counsel Should Be Reimbursed for Their Expenses. .................................... 9

IV.  CONCLUSION .................................................................................................................. 10

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Adoma v. Univ. of Phoenix, Inc.*,
   2012 WL 6651141 (E.D. Cal. Dec. 20, 2012) ........................................................................ 3

*Antonopulos v. N. Am. Thoroughbreds, Inc.*,
   1991 WL 427893 (S.D. Cal. May 6, 1991) ............................................................................ 4

*Beasley v. Wells Fargo Bank*,
   235 Cal. App. 3d 1407 (1991) ............................................................................................... 9

*Clark v. City of Los Angeles*,
   803 F.2d 987 (9th Cir. 1986) .............................................................................................. 8-9

*Fernandez v. Victoria Secret Stores LLC*,
   2008 WL 8150856 (C.D. Cal. July 21, 2008) ....................................................................... 5

*Fischel v. Equitable Life Assur. Soc'y of U.S.*,
   307 F.3d 997 (9th Cir. 2002) ................................................................................................. 8

*Franco v. Ruiz Foods Prods., Inc.*,
   2012 WL 5941801 (E.D. Cal. Nov. 27, 2012) ....................................................................... 3

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ............................................................................................... 3

*Harris v. Marhoefer*,
   24 F.3d 16 (9th Cir. 1994) ................................................................................................... 10

*In re Heritage Bond Litig.*,
   2005 WL 1594403 (C.D. Cal. June 10, 2005) ....................................................................... 3

*Hicks v. Toys "R" US – Delaware, Inc.*,
   2014 WL 4670896 (C.D. Cal. Sept. 2, 2014) ........................................................................ 5

*Hofstetter v. Chase Home Finance, LLC*,
   2011 WL 5545912 (N.D. Cal. Nov. 14, 2011) ....................................................................... 3

*Johnson v. General Mills, Inc.*,
   2013 WL 3213832 (C.D. Cal. June 17, 2003) ....................................................................... 3

*Kidrick v. ABC Television & Appliance Rental*,
   1999 WL 1027050 (N.D. W. Va. May 12, 1999) .................................................................. 5

*Knight v. Red Door Salons, Inc.*,
   2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ........................................................................... 3

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES

*Maley v. Del Global Techs. Corp.*,
    186 F. Supp. 2d 358 (S.D.N.Y. 2002) .................................................................................. 5

*In re M.D.C. Holdings Sec. Litig.*,
    1990 WL 454747 (S.D. Cal. Aug. 30, 1990) ...................................................................... 4

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ............................................................................................... 3

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) .............................................................................. 3

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d. 934 (9th Cir. 2015) .............................................................................................. 2

*Paul, Johnson, Alston & Hunt v. Graulty*,
    886 F.2d 268 (9th Cir. 1989) ............................................................................................... 4

*Powers v. Eichen*,
    229 F.3d 1249 (9th Cir. 2000) ......................................................................................... 2, 3

*In re Public Ser. Co. of New Mexico*,
    1992 WL 278452 (S.D. Cal. July 28, 1992) ...................................................................... 4

*Rodriguez v. D.M. Camp & Sons*,
    2013 WL 2146927 (E.D. Cal. May 15, 2013) ................................................................... 3

*Safeco Insurance Co. of America v. Burr*,
    551 U.S. 47 (2007) .............................................................................................................. 7

*Schiller v. David's Bridal, Inc.*,
    2012 WL 2117001 (E.D. Cal. June 11, 2012) ................................................................... 3

*Six (6) Mex. Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ............................................................................................ 3

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ........................................................................................... 3, 4

*Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*,
    258 F. Supp. 2d 254 (S.D.N.Y. 2003) ................................................................................ 5

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) .................................................................................... 4, 5, 6

*In re Washington Public Power Supply System Secs. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ........................................................................................... 4, 8

*Williams v. Brinderson Constructors, Inc.*,
    C.A. No. 15-2474, ECF 50 (C.D. Cal. Feb. 6, 2017) ....................................................... 5

**STATUTES**

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, *et seq.* ............................................... 2, 7, 9

   15 U.S.C. § 1681n(a)(3) ................................................................................................. 2

   15 U.S.C. § 1681o(a)(2) ................................................................................................. 2

**FEDERAL RULES**

Fed. R. Civ. P. 23 ........................................................................................................................ 7

Fed. R. Civ. P. 23(h) ................................................................................................................... 2

**CONSTITUTIONAL PROVISIONS**

Article III ..................................................................................................................................... 6

Plaintiff Amit Patel and the Class, by the undersigned Class Counsel, respectfully submit this Memorandum of Law in support of their Motion for Award of Attorneys' Fees and Reimbursement of Costs and Expenses.

## I.   INTRODUCTION

This Court preliminarily approved the class action settlement negotiated between the Parties in this action on October 26, 2017 (ECF 153).[1] Now, after almost four years of hard-fought litigation, motion practice, interim appeal, discovery, and negotiation that resulted in the settlement, Class Counsel move for an award of attorneys' fees and reimbursement of costs as provided by the Settlement Agreement, § 9(a). The amount sought is reasonable in accordance with the percentage of recovery method as cross-checked by the lodestar method of awarding attorneys' fees.

The settlement's value, which directly resulted from the efforts of Class Counsel, is substantial. The Settlement Agreement requires Defendants to establish a Settlement Fund of $8,000,000.00. This sum shall be used to pay all Class Members an Automatic Payment of $400 each (without the need to file a claim), with an option to submit a claim to be paid a *pro rata* share of a Claims Made Pool. *Id*. §§ 8, 10(b). Further, the Fund will pay for costs of notice and settlement administration, a service award to the Class Representative, and counsel fees and costs.

Class Counsel now, as compensation for their achievement and effort, and for accepting the risk that there would be no recovery if they were not successful, request the Court approve an award equal to one-third of the Settlement Fund, $2,666,666.66, for the total of attorneys' fees and expenses.

As detailed below, Class Counsel's efforts and risks clearly justify the requested award of fees and reimbursement of expenses. In support of their application approving payment for fees and reimbursement of expenses, Class Counsel rely upon the Declaration of James A. Francis ("Francis Dec.") and the Declaration of Ingrid Evans ("Evans Dec."), including Class Counsel's time and the expenses incurred on behalf of the Plaintiff and Class, filed herewith.

The reaction of the Class supports the request for fees and expenses. The Notice provided to Class Members expressly informed them that Class Counsel would apply for an award of attorneys'

---

[1] Capitalized terms herein shall have the same meaning as defined in the Settlement Agreement (ECF 145-1) unless otherwise defined herein.

fees and costs not to exceed one-third of the Settlement Fund. To date, no Class Member has objected to the fee and costs requested,[2] which evidences both a satisfactory result and a reasonable fee.

## II. PROCEDURAL HISTORY

The settlement in this matter is the result of vigorous advocacy, extensive discovery and motion practice, and contested, protracted settlement negotiations. The case was undertaken and pursued on a contingent basis and represented a financial risk for Class Counsel.

A detailed recitation of the background and procedural history of the case is set forth in Plaintiff's Motion for Final Approval of Class Action Settlement, filed contemporaneously herewith.

## III. CLASS COUNSEL'S FEE REQUEST SHOULD BE APPROVED AS FAIR AND REASONABLE

Federal Rule of Civil Procedure 23(h) provides: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." The Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, *et seq.* ("FCRA"), is a fee-shifting statute that mandates the award of attorney's fees and costs to a prevailing party. 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2).

### A. Methods Of Determining An Appropriate Fee

"In the Ninth Circuit, there are two primary methods to calculate attorney's fees: the lodestar method and the percentage-of-recovery method." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d. 934, 949 (9th Cir. 2015). Regardless of which of the two methods is used, the award must be reasonable when considered in light of the circumstances of a particular case. *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000).

#### 1. Percentage-of-the-Fund Method

Generally, under the percentage method, a court assesses the amount of the common fund by determining the value of the benefits that the settlement agreement confers upon the class and then

---

[2] The only objection to the Settlement was filed December 1, 2017 (ECF 155). The objection did not reference the fees and costs requested, and was later withdrawn (ECF 156).

awards a percentage of that fund as attorneys' fees.  *Staton v. Boeing Co.*, 327 F.3d 938, 974-75 (9th Cir. 2003).

In the Ninth Circuit, the typical range of acceptable attorneys' fees is 20% to 33 1/3% of the total settlement value, with 25% considered to be the "benchmark."  *Powers*, 229 F.3d at 1256; *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."); *Six (6) Mex. Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Rodriguez v. D.M. Camp & Sons*, No.: 1:09-cv-00700-AWI-JLT, 2013 WL 2146927, at *13 (E.D. Cal. May 15, 2013) ("In the Ninth Circuit, the typical range of acceptable attorneys' fees is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark" and granting fee request of 30% of $675,000 common fund).

"However, in most common fund cases, the award exceeds [the 25%] benchmark."  *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008) (*citing In re Activision Secs. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989) ("This court's review of recent reported cases discloses that nearly all common fund awards range around 30% even after thorough application of either the lodestar or twelve-factor method.")).[3]

---

[3]   *See also Johnson v. General Mills, Inc.*, 2013 WL 3213832, at *6 (C.D. Ca. June 17, 2003) (awarding fees amounting to "30% of the total settlement fund" and observing that "[o]ther courts have regularly awarded fee amounts above the benchmark in common fund cases.") (*citing Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) ("The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark.  However, the exact percentage varies depending on the facts of the case, and in most common fund cases, the award exceeds that benchmark.") (internal quotation marks and citations omitted)); *Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616-AWI-SKO, 2012 WL 2117001 at *19 (E.D. Cal. June 11, 2012) (approving attorney fee award that represented 32.1% of the total class settlement amount); *Franco v. Ruiz Foods Prods., Inc.*, No. 1:10-cv-02354-SKO, 2012 WL 5941801 at *18 (E.D. Cal. Nov. 27, 2012) (holding attorney's fees award of 33 percent of the total class settlement amount as fair and reasonable); *Adoma v. Univ. of Phoenix, Inc.*, No. CIV. S-10-0059 LKK/GGH, 2012 WL 6651141 (E.D. Cal. Dec. 20, 2012) (approving attorneys' fees award that represented 29% of the common fund); *Hofstetter v. Chase Home Finance, LLC*, No. C 10-1313 WHA, 2011 WL 5545912 at *2 (N.D. Cal. Nov. 14, 2011) (granting attorney's fee award that represented 32 percent of class settlement); *Knight v. Red Door Salons, Inc.*, No. 08-01520-SC, 2009 WL 248367 at *5 (N.D. Cal. Feb. 2, 2009) (awarding fees amounting to 30% of common fund); *In re Heritage Bond Litig.*, No. 02-ML-1475-DT, 2005 WL 1594403 at *19-21 (C.D. Cal. June 10, 2005) (awarding fees amounting to one-third of the common fund and citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000) (affirming award of fees equal to one-third of total

As the Ninth Circuit has held, "[t]he 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases. Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1048-50 (9th Cir. 2002). Thus, in *Vizcaino*, the Ninth Circuit approved an award of attorneys' fees amounting to 28% of the $96,885,000 settlement in that case, which was based on the district court's consideration of factors including the excellent results achieved by counsel, the risky nature of the representation, the benefits generated for the class in that case "beyond the cash settlement fund," the market rate for such contingency representation, and the length and expense of the litigation. *Id.* at 1048-50; *see also In re Washington Public Power Supply System Secs. Litig.*, 19 F.3d 1291, 1299-1302 (9th Cir. 1994) (holding district court abused its discretion in failing to apply risk multiplier to lodestar).

In this case, the Settlement provides for, and Plaintiff has requested, attorney's fees and reimbursable expenses totaling $2,666,666.66. After deduction of expenses, the fees requested here total $2,576,131.10, which is 32% of the $8,000,000 Settlement Fund. The fee request constitutes a multiplier of approximately 2.02 of Class Counsel's lodestar, as discussed below, and is well within the range of approval for a non - "Mega Fund" case.

### 2. The Lodestar Method

Under the lodestar method, a court "calculates the fee award by multiplying the number of hours reasonably spent by a reasonable hourly rate and then enhancing that figure, if necessary, to account for the risks associated with the representation." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *see also Staton*, 327 F.3d at 965.

### B. Class Counsel's Fee Request Is Reasonable Under the Percentage Method

### 1. The Value of the Settlement

The total monetary settlement is valued at eight million dollars. The requested award, for

---

recovery); *In re Public Ser. Co. of New Mexico*, No. 91-00536-M, 1992 WL 278452 at *1, *12 (S.D. Cal. July 28, 1992) (awarding one-third); *Antonopulos v. N. Am. Thoroughbreds, Inc.*, No. 87-00979-G-CM, 1991 WL 427893 at *1, *4 (S.D. Cal. May 6, 1991) (awarding one-third); *In re M.D.C. Holdings Sec. Litig.*, No. 89-00090-E-M, 1990 WL 454747 at *1, *10 (S.D. Cal. Aug. 30, 1990) (awarding 30% attorneys' fee plus expenses)).

both fees and costs, is 33% of the Settlement Fund. This is in line with awards in comparable cases and merited by the results achieved and the work performed by Class Counsel to achieve those results.

### 2. The Requested Fee Percentage Is Reasonable in Comparison to Awards in Similar Cases

A review of attorney fee awards in similar size cases supports the requested fees here – indeed, the requested fees here represent a smaller percentage of the common fund than many awards in similar or slightly larger cases. *See Williams v. Brinderson Constructors, Inc.*, C.A. No. 15-2474 (ECF 50 at 7) (C.D. Cal. Feb. 6, 2017) (cases awarding percentages such as 30-50 percent of the fund involved relatively smaller funds of less than $10 million), citing *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 297-98 (N.D. Cal. 1995). *See also, e.g., Hicks v. Toys "R" US – Delaware, Inc.*, 2014 WL 4670896 (C.D. Cal. Sept. 2, 2014) (awarding 33% of fund of $4 million); *Fernandez v. Victoria Secret Stores LLC*, 2008 WL 8150856, * (C.D. Cal. July 21, 2008) (award of 34% of $10 million fund citing an academic study collecting contingency fee agreements); *Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 262 (S.D.N.Y. 2003) (granting attorneys' fees in amount of 33 1/3% of $1.5 million settlement fund); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 370 (S.D.N.Y. 2002) (awarding 33.3% of $3.8 million settlement fund); *Kidrick v. ABC Television & Appliance Rental*, 1999 WL 1027050, at *1-2 (N.D. W. Va. May 12, 1999) (awarding 30.6% of approximately $400,000 settlement fund, noting that "[a]n award of fees in the range of 30% of the fund has been held to be reasonable …. Fees as high as 50% of the fund have been awarded.") (internal citations omitted).

As this settlement, under $10 million, is on the smaller side of class settlements, the request for an award of one-third of the Settlement Fund, which includes both fees and costs, is reasonable.

### 3. The Circumstances of the Case Support the Requested Fees and Reimbursement of Expenses

Assessing an appropriate fee based on a percentage of the fund involves taking into account "all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048. The Ninth Circuit's analysis in *Vizcaino* is instructive. In that case, Microsoft denied employee stock purchase and savings plan

benefits to employees it denominated as "freelance." It placed $96,885,000 into a class action settlement fund. The court in *Vizcaino* ultimately approved attorney's fees of up to 28% of the settlement fund based on analysis of five "relevant circumstances": (1) counsel "achieved exceptional results for the class … in the absence of supporting precedents … and against Microsoft's vigorous opposition throughout the litigation"; (2) the case was extremely risky for class counsel; (3) counsel's performance generated benefits beyond the cash settlement fund (Microsoft agreed to change its personnel classification practices and class members also received non-monetary benefits associated with full-time employment); (4) the 28% rate awarded was at or below the market rate; and (5) the burdens of representation of the class on a contingency basis over significant time, incurring costs and expenses, and requiring counsel to forego significant other work, resulting in a decline in the firm's annual income. *Id*. at 1048-49. Factors that the Ninth Circuit has deemed relevant in determining whether a fee award is reasonable include: (a) the results of Class Counsel's efforts; (b) the complexity of the issues in the case, and the attendant risks they presented; and, (c) whether the fee is within the range typically associated with cases of this kind. *Id*. at 1048-50.

Plaintiff's request is reasonable under the Ninth Circuit's percentage-of-the-fund approach, as stated in *Vizcaino*. Class Counsel's efforts produced very good results. The settlement establishes a $8,000,000 Settlement Fund, provides for sizeable automatic payments to each Class member and provides a simple, streamlined option for submitting a claim for even more money.

Class Counsel were only able to prosecute this case so effectively and efficiently by virtue of their considerable experience in this area of the law. Class Counsel specialize in consumer class actions, have served as counsel for classes of plaintiffs in a variety of substantive areas, and have had extensive involvement in class action issues outside of litigation itself. (Francis Dec.; Evans Dec.) Hence, the fee requested is reasonable.

The contested issues in the litigation were complex, including determinations of whether Plaintiff had Article III standing to assert his claims, whether the Defendants were related entities such that Defendant Trans Union, LLC was liable for the actions of Defendant Trans Union Rental

Screening Solutions, Inc., whether Plaintiff met all the elements of Rule 23 and whether Defendants' actions were willful within the meaning of the FCRA.[4] Had the case not settled, these issues would have continued to be hotly contested. Armed with sufficient discovery and a well-researched and thought-out assessment of the likelihood of success of upholding the Class Certification Order and prevailing on the merits, the Parties eventually resumed the initially unsuccessful attempt to mediate the case. Ultimately, the Parties finalized a written settlement agreement after the last mediation session, followed by numerous conference calls, spanning a period of six months.

Finally, the risks of litigation faced by Class Counsel in this case were significant, and Class Counsel faced the very real possibility of gaining nothing for their efforts. Class certification always poses a risk and often involves an expensive and prolonged battle of experts in connection with certification, merits, and damages issues. If Plaintiff had been unable to certify a class, the case would effectively be over, and the Class and its counsel would gain nothing from continued litigation. While Plaintiff did prevail at class certification, proving liability on the merits would require further risky litigation and possibly additional expert work. Even if Plaintiff successfully passed the liability hurdles, a battle would ensue concerning whether Plaintiff and other Class Members sustained damages and, if so, the proper measure of those damages, requiring yet more expert testimony and entailing further risks to Plaintiff's and the Class's chances of recovery. Although Class Counsel were and remain confident in the strength of their case and have been prepared to litigate it through trial at all times, the risks were numerous and real.

In short, Class Counsel have earned the award they seek, the request is reasonable and there are no special circumstances that would justify a downward adjustment. The requested award easily satisfies any test or yardstick, not only because of the results Class Counsel achieved for the Class and the risks of receiving nothing if they did not succeed, but because they made a conscious effort not to overreach.

---

[4] *See Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 69 (2007) (willfulness standard is not met "unless the action is not only a violation [of the FCRA] under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.").

**C.      Class Counsels' Fee Request Is Also Reasonable Under The Lodestar Method**

      **1.      Counsels' Lodestar Is Reasonable**

Class Counsels' lodestar in this case is $1,273,572.45. The complexities of this case, the risks involved and the results obtained more than justify the base lodestar.

Counsel's hourly rates are the same as the regular current rates charged for their services in their standard non-class matters, including both contingent and non-contingent matters. The hourly rates of Lead Class Counsel, Francis & Mailman, P.C., are set based upon the opinions of independent outside counsel at the law firm of Fox Rothschild, LLP. Francis Dec., ¶ 20, Exhibit C (December 12, 2017 expert report of Abraham C. Reich, Esquire, Co-Chair and Partner for the law firm of Fox Rothschild, LLP), and Exhibit D (December 12, 2017 expert report of Jeffrey D. Polsky). As set forth in the Polsky Report, the requested hourly rates are appropriate in light of the rates charged by comparably skilled legal practitioners in the San Francisco legal market. As detailed in the Reich Report, these hourly rates are further supported by the contingent nature of the representation, the time and labor required, the requisite skill to perform the legal services properly, the experience, reputation and ability of the lawyers, and the results obtained.

The hourly rates of the Evans Law Firm have been approved by both federal and California state courts in numerous fee applications; similar rates have been approved in other cases, which supports the reasonableness of the rates requested herein. *See* Evans Dec., ¶ 10, n. 1.

Counsel spent 2,117 hours litigating this case through to the hearing on final approval. Additionally, they incurred $90,535.56 in expenses. This action was taken on a contingent basis; thus, Counsel was unable to mitigate any of the risk of nonpayment and, in fact, were required to spend monies to effectively litigate.

      **2.      Despite Significant Hurdles, Class Counsel Secured Substantial Benefits for the Class**

In determining whether a lodestar is reasonable, courts often evaluate the risks involved and the results class counsel obtained for the Class. *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1008-09 (9th Cir. 2002); *WPPSS*, 19 F.3d at 1299; *Clark v. City of Los Angeles*, 803 F.2d

987, 990-91 (9th Cir. 1986). Here, Class Counsel put their class action experience[5] to work in securing substantial benefits for the Class, despite significant risks.

This case was far from a "slam dunk." Defendants challenged many of Plaintiff's theories in their answers, their motion to stay, their opposition to class certification and their motion to decertify the Class, as well as during the mediation and settlement negotiations.

Furthermore, Class Counsel's efforts produced very good results. The settlement establishes a sizeable Settlement Fund of $8,000,000.00, with a minimum payment of $400.00 to Class Members, and the option of seeking even more.

Finally, the contested issues in the litigation were complex, including determinations of whether Plaintiff was typical and adequate to represent other housing applicants, whether he and the Class suffered particularized and concrete harm from Defendants' actions and omissions, and whether Defendants' actions were willful within the meaning of the FCRA. These issues were hotly contested and were subject to a motion to dismiss. Settlement negotiations took place in January 2015 and then later in May 2017. The sessions were overseen by two highly respected mediators, and then there were the numerous follow-up conference calls and exchange of written terms and conditions of settlement.

D.     **Class Counsel Should Be Reimbursed for Their Expenses.**

In addition to their request for attorneys' fees, pursuant to the Settlement Agreement, Plaintiff and Class Counsel seek reimbursement from Defendants for litigation expenses incurred, totaling $90,535.56. Francis Dec., ¶ 24; Evans Dec., ¶ 11. An award of reasonable fees should also include reimbursement for litigation expenses reasonably incurred in prosecuting the case. *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1407, 1419-20 (1991).

Under the common fund doctrine, Class Counsel are entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document productions, depositions, travel, mediation and other litigation-related expenses that would typically be billed to paying

---

[5]     In the accompanying Declarations, Class Counsel detail their years of experience in litigating consumer class actions.

clients. *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Class Counsel has reviewed accounting records and invoices and can attest to the appropriateness and necessity of the costs. Francis Dec., ¶¶ 24-25; Evans Dec., ¶ 11. The requested expenses and costs are the type routinely billed by attorneys in such litigation and are reasonable.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff and Class Counsel request that this Court approve payment of $2,666,666.66 for attorneys' fees and reimbursement of litigation expenses.

Respectfully submitted,

DATE: February 22, 2018        **FRANCIS & MAILMAN, P.C.**

By:   */s/ James A. Francis*
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice)*
David A. Searles (*pro hac vice*)
Lauren KW Brennan (*pro hac vice*)
Land Title Bldg., Suite 1902
100 South Broad Street
Philadelphia, PA  19110
Telephone:  (215) 735-8600
Facsimile:  (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com
lbrennan@consumerlawfirm.com

Ingrid M. Evans (CA State Bar No. 179094)
**EVANS LAW FIRM, INC.**
3053 Fillmore Street, #236
San Francisco, CA 94123
Ingrid@evanslaw.com
Tel: (415)-441-8669
Tel: (888) 503-8267