1
2
3
4

EVANS LAW FIRM, INC.
Ingrid M. Evans (CA State Bar No. 179094)
3053 Fillmore Street, #236
San Francisco, CA 94123
Tel: (415)-441-8669
Tel: (888) 503-8267

5
6
7
8
9

FRANCIS & MAILMAN, P.C.
James A. Francis (*Pro Hac Vice*)
John Soumilas (*Pro Hac Vice*)
David A. Searles (*Pro Hac Vice*)
Lauren KW Brennan (*Pro Hac Vice*)
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
Tel: (215) 735-8600
Fax: (215) 940-8000

10
11

Attorneys for Plaintiff
AMIT PATEL and the Class

12

## UNITED STATES DISTRICT COURT

13

## NORTHERN DISTRICT OF CALIFORNIA

14

## SAN FRANCISCO DIVISION

15
16

AMIT PATEL, on behalf of himself and all
others similarly situated,

17

Plaintiffs,

18

v.

19
20
21
22
23

TRANS UNION, LLC in its own name and
t/a TRANS UNION RENTAL SCREENING
SOLUTIONS, INC. and TRANSUNION
BACKGROUND DATA SOLUTIONS, and
TRANS UNION RENTAL SCREENING
SOLUTIONS, INC. in its own name and t/a
TRANSUNION BACKGROUND DATA
SOLUTIONS,

Defendants.

Case No. 3:14-cv-00522-LB

**DECLARATION OF JAMES A.
FRANCIS IN SUPPORT OF
MOTION FOR AWARD OF
ATTORNEYS' FEES AND
REIMBURSEMENT OF COSTS
AND EXPENSES**

Date: March 8, 2018
Time:  9:30 a.m.
Place:  Courtroom C

24
25
26
27
28

I, James A. Francis, hereby declare as follows:

1.      I am an attorney and founding shareholder of the firm of Francis & Mailman,

P.C. ("F&M"). I submit this Declaration in support of the Motions for Awards of attorneys'

fees and reimbursement of costs and expenses in this case.

2.     I am a member in good standing of the Bars of the Commonwealth of

Pennsylvania and the State of New Jersey, and am admitted *pro hac vice* in this case.  I have

also been admitted to practice before, and am presently a member in good standing of the

Bars of, the following courts:

| Court | Date Admitted |
|---|---|
| Eastern District of Pennsylvania | 1997 |
| Middle District of Pennsylvania | 2009 |
| Eastern District of Michigan | 2011 |
| Northern District of Oklahoma | 2010 |
| District of Colorado | 2013 |
| Eastern District of Wisconsin | 2017 |
| Court of Appeals for the Third Circuit | 2002 |
| Court of Appeals for the Ninth Circuit | 2012 |
| Court of Appeals for the Fourth Circuit | 2014 |
| Court of Appeals for the Second Circuit | 2016 |
| Court of Appeals for the Sixth Circuit | 2016 |
| Court of Appeals for the Eleventh Circuit | 2016 |

3.     I have been admitted *pro hac vice* in jurisdictions across the country,

including, by example only, California, Florida, Rhode Island, Connecticut, Maryland,

Maine, Arizona, Michigan and Washington.

4.     My firm was founded in 1998 and has concentrated its practice in consumer

protection litigation ever since.  Within that more general practice area, we have a particular

emphasis in Fair Credit Reporting Act ("FCRA") litigation and consumer class actions.

F&M has been recognized for its expertise in FCRA litigation and the high caliber of its

work for the classes it represents.  *See White v. Experian Info. Solutions*, No. 05-01070,

2014 WL 1716154, at *13, 19, 22 (C.D. Cal. May 1, 2014), *aff'd sub nom. Radcliffe v.*

*Experian Info. Solutions, Inc*., 818 F.3d 537, 548 (9th Cir. 2016) (finding F&M "FCRA

specialists" and appointing firm and its team as interim class counsel over objections from

a competing national law firm (Boies Schiller) because their team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."); *Barel v. Bank of America*, 255 F.R.D. 393, 398-99 (E.D. Pa. 2009) (finding firm "competent, experienced and well-qualified to prosecute class actions" and noting that class counsel "have done an excellent job in representing the class in the instant litigation.").

5.      Our firm's work and reputation have been recognized specifically by the Northern District of California.  *Patel v. Trans Union, LLC*, 308 F.R.D. 292, 307 (N.D. Cal. 2015)(Beeler, J.) (noting counsel have "extensive experience in litigating [FCRA cases]…have represented consumer classes in many cases in many districts…[and] have shown their proficiency in this case…"); *Larson v. Trans Union, LLC*, C.A. 12-cv-05726, 2015 WL 3945052, at *12 (N.D. Cal. June 26, 2015)(appointing F&M as class counsel).

6.      In 2015, I was ranked one of the Top 100 attorneys in Pennsylvania in *Philadelphia Magazine* and *Pennsylvania Super Lawyers*, a distinction I have been awarded 5 times.  I have been regularly ranked one of the Top 100 Superlawyers in Philadelphia since 2004.  In October of 2014, I was selected as one of a small group of nationally recognized plaintiffs' lawyers and featured in *Law 360's* "Titans of the Plaintiff's Bar" series.

7.      In recognition of my commitment to consumer justice, in May of 2014, I was presented with the *Equal Justice Award* by Community Legal Services of Philadelphia. I currently serve on the Board of Directors of the National Association of Consumer Advocates.

8.      As detailed in our firm's biography, attached hereto as **Exhibit A**, I regularly lecture and serve as faculty on continuing legal education programs focused on FCRA litigation and consumer class actions for both the plaintiff's and defense bar, and have

published articles on the subject as well.  I have appeared on various news programs including the *Today Show* and *PBS NewsHour* to discuss consumer-related issues, and was featured in *The Philadelphia Inquirer*'s biographical "Question & Answer" segment in February of 2009.

9.      I personally have litigated hundreds of FCRA cases, primarily in federal courts throughout the country.  My firm has tried a number of individual FCRA cases and class actions, and has obtained the highest FCRA jury verdict in Pennsylvania.  *See, e.g.,* *Cortez v. Trans Union, LLC*, 2008 WL 19442160 (E.D. Pa. May 1, 2008), *aff'd* 617 F.3d 688 (3d Cir. 2010).  I argued *Cortez* before the United States Court of Appeals for the Third Circuit.

10.     F&M is in the small of minority of class action firms that has actual experience in the trial of a class action.  We have brought four class actions to trial, three of which resulted in successful verdicts for the consumer classes tried over a period of weeks, and the fourth which resulted in a settlement:

(a)      In the summer of 2017, my firm obtained a jury verdict in a case against a consumer reporting agency where the jury awarded statutory damages of $984.22 and punitive damages of $6,353.08 for each of 8,185 class members.  The total verdict exceeded $60,000,000, which is believed to be the largest FCRA verdict ever obtained. *Ramirez v. Trans Union, LLC*, No. 3:12-cv-632 (N.D. Cal. June 21, 2017) (ECF 309); order and opinion denying motion for new trial reported at 2017 WL 5153280 (N.D. Ca. Nov. 7, 2017).

(b)      In *Samuel-Bassett v. Kia Motors America, Inc.,* 34 A.3d 1 (Pa. 2011), we obtained a $5.6 million verdict for class of Pennsylvania car purchasers, plus award of attorney's fees, upheld by Pennsylvania Supreme Court.

(c)      In *Little v. Kia Motors America, Inc.,* 2003 WL 25568765 (N.J. Super. L. 2003), we obtained an approximate $6 million verdict for a class of New Jersey car purchasers.

(d)      In *Chakejian v. Equifax Information Services, LLC*, 275 F.R.D. 201 (E.D. Pa. 2011), we obtained a favorable class settlement following opening statements to the jury.

11.     As demonstrated by our firm's biography, I and my firm have been certified to serve as class counsel (and/or are currently serve) on over 50 occasions by courts throughout the country, including the largest FCRA class settlements in history:

(a)     *Ryals et al. v. Hireright Solutions, Inc.,* C.A. No. 3:09cv625 (E.D. Va. Dec. 22, 2011) – $28.3 million;

(b)     *Henderson v. Acxiom Risk Mitigation, Inc*., C.A. No. 12-589 (E.D. Va., Aug. 7, 2015)- $20.8 million;

(c)     *Thomas v. BackgroundChecks.com,* C.A. No. 13-029 (E.D. Va. Aug. 11, 2015) –$18 million;

(d)     *Berry v. LexisNexis Risk & Info. Analytics Group, Inc.*, No. 3:11-cv-754, 2014 WL 4403524, at *11 (E.D. Va. Sept. 5, 2014) - $13.5-million plus national injunctive relief.

12.     My firm, and I personally, have been certified to serve as class counsel by this Court and by numerous courts in cases throughout the country.  *See, e.g., Berry v. LexisNexis Risk & Info. Analytics Group, Inc.*, 2014 WL 4403524, *11 (E.D. Va. Sept. 5, 2014), *aff'd sub nom. Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015); *Stokes v. RealPage, Inc.,* C.A. No.  15-1520 (E.D. Pa. Feb. 6, 2018) (ECF 63); *Flores v. Express Services Inc.,* 2017 WL 1177098 (E.D. Pa. March 29, 2017); *Carter v. Shalhoub Management Company Inc.*, No. 15-cv-1531 (C.D. Ca. March 15, 2017); *Miller v. Trans Union, LLC*, 2017 WL 412641 (M.D. Pa. Jan. 18, 2017); *Larson v. Trans Union, LLC*, 2016 WL 4367253 (N.D. Ca. Aug. 11, 2016); *Magallon v. Robert Half International, Inc.,* 2015 WL 8778398 (D. Or. Nov. 10, 2015); *Blandina v. Midland Funding, LLC,* 2014 WL 7338744 (E.D. Pa. Dec. 23, 2014); *Patel v. Trans Union, LLC,* 308 F.R.D. 292 (N.D. Ca. 2014); *Ramirez v. Trans Union, LLC,* 2014 WL 3734525 (N.D. Ca. July 24, 2014); *Sapp v. Experian Info. Solutions*, No. 10-4312, 2013 WL 2130956 (E.D. Pa. May 15, 2013); *LaRocque v. TRS Recovery Services, Inc*., 285 F.R.D. 139 (D. Me. 2012); *Giddens v. First Advantage LNS Screening*

*Solutions, Inc.*, No. 2:12-cv-2624 (E.D. Pa. Jan. 20, 2015); *Serrano v. Sterling Testing Systems, Inc.,* 711 F. Supp. 2d 402, 412 (E.D. Pa. 2010); *Summerfield v. Equifax Info. Services, LCC*, 264 F.R.D. 133 (D.N.J. 2009); *Chakejian v. Equifax Info. Services, LLC*, 256 F.R.D. 492 (E.D. Pa. 2009); *Jones v. Midland Funding, LLC,* C.A. No. 3:08cv802 (RNC) (D. Conn. Oct. 13, 2009); *Jordan v. Commonwealth Financial Systems, Inc.,* 237 F.R.D. 132 (E.D. Pa. 2006); *Bonett v. Education Debt Services, Inc.*, No. 01-6528, 2003 WL 21658267 (E.D. Pa. 2003).

13.    My firm was appointed as a member of the team of interim class counsel over contest in the FCRA class action of *White v. Experian Info. Solutions*, 993 F.Supp.2d 1154, 1169, 1172 (C.D. Cal. 2014), *aff'd sub nom. Radcliffe v. Experian Info. Solutions, Inc*., 818 F.3d 537, 548 (9th Cir. 2016).

14.    My firm acted as Lead Class Counsel in this action.  I personally handled or was directly involved in virtually all aspects of this litigation.  The tasks my firm performed can be summarized as follows:

a.    Drafting and filing the Class Action Complaint, and later the Amended Class Action Complaint;

b.    Litigating Plaintiff's Motion for Class Certification, including opposing Defendants' attempt to seek interim review by the court of appeals and opposing defendants' motion to decertify the Class;

c.    Appearing at and taking the lead with all conferences, oral arguments and hearings before the Court;

d.      Taking the lead on all discovery proceedings, including drafting written discovery, responding to Defendants' discovery requests and handling all the numerous depositions in the case, both taking and defending;

e.      Opposing Defendants' motion to stay the case;

f.      Opposing Defendants' motion to decertify the Class;

g.      Coordinating with class action administrator in process to provide Class members with notice of the Court's Class Certification Order;

h.      Taking the lead in preparing for and attending all mediation conferences;

i.      Handling negotiations following the second attempt at mediation and leading to finalization of term sheet and then agreement in principle for class settlement;

j.      Drafting, editing all settlement related documents;

k.      Drafting and filing Plaintiff's Motion for Preliminary Approval;

l.      Coordinating with Settlement Administrator and defense counsel throughout notice process;

m.      Handling inquiries from Class members throughout notice process;

n.      Drafting and filing Plaintiff's Motion for Final Approval and Motion for Attorneys' Fees and Costs;

o.      Attending and presenting argument at the Final Approval Hearing;

p.      Anticipated time that will be spent, assuming final approval, on administering the settlement, working with settlement administrator, handling class member inquiries, etc.

15.     The complete records of my firm's time expended are attached hereto as **Exhibit B** and including a description of the specific work conducted by each attorney and paralegal who was involved in this litigation. Along with me, the primary attorneys who have submitted billable time in this litigation are David A. Searles, John Soumilas, Lauren KW Brennan, and Jordan M. Sartell.  Additionally, my firm seeks billable time for the paralegals referenced below. Exhibit B was generated based upon contemporaneous time records regularly prepared and maintained by my firm.  Time expended which has been considered duplicative or redundant has been eliminated from this lodestar.  As each attorney contemporaneously records time according to his or her own activity descriptions and/or shorthand, there are some variations in the description of an activity and the parties involved in an activity (i.e., sometimes one attorney uses abbreviations for an activity such as "t/c" for telephone call and another does not).   Time expended in preparing this application for fees and reimbursement of expenses has been included in this request.  Additionally, anticipated time going forward has been estimated and included as well.  Consistent with our firm's usual practice, tasks and assignments were apportioned to avoid the expenditure of duplicative time and redundant staffing.

16.     Our attorneys' total time in this case is 1,666.7 hours.

17.     In addition to the work I personally conducted, I was in charge of staffing the case with appropriate, experienced counsel and support staff working at my firm, and supervising their work.  Consistent with our firm's usual practice, tasks and assignments were apportioned to avoid the expenditure of duplicative time and redundant staffing.

18.     In addition to myself, the attorneys submitting billable time in this litigation are John Soumilas, David A. Searles, Lauren KW Brennan and Jordan M.  Sartell.

19.     The hourly rate charged by me in this matter is $775; for Mr. Soumilas is $725, for Mr. Searles is $925; for Ms. Brennan is $400; Mr. Sartell is $325; for paralegals is $225.

20.     The hourly rates charged by the attorneys and paralegals at my firm have been set based upon the opinions of independent outside counsel at the law firm of Fox Rothschild, LLP.  A true and correct copy of the December 12, 2017 Expert Report of Abraham Reich, Esq. ("Reich Report") is attached hereto as **Exhibit C**; a true and correctly copy of the December 12, 2017 Expert Report of Jeffrey D. Polsky ("Polsky Report") is attached hereto as **Exhibit D**. As set forth in the Polsky Report, these hourly rates are appropriate in light of the rates charged by comparably skilled legal practitioners in the San Francisco legal market.  As detailed in the Reich report, these hourly rates are further supported by the contingent nature of the representation, the time and labor required, the requisite skill to perform the legal services properly, the experience, reputation, and ability of the lawyers, and the results obtained.

21.     My firm's standard hourly rates have been set following consultation with Mr. Reich for several years, independently from this and any other class action case. My firm frequently submits an expert report by Mr. Reich in support of our standard hourly rates in support of fee petitions.  Courts across the country have relied upon Mr. Reich's expert opinion to approve our hourly rates.[1]

---

[1]     *See Berry v. Schulman*, 807 F.3d 600, 617 (4th Cir. 2015) (affirming fee award approving hourly rates); *Stokes v. RealPage, Inc.,* C.A. No. 15-1520 (E.D. Pa. Feb. 6, 2018) (ECF 65) (approving requested hourly rates); *Flores v. Express Services Inc.,* 2017 WL 1177098, *4 (E.D. Pa. March 29, 2017) (approving hourly rates and granting multiplier of 4.6); *Carter v. Shalhoub Management Company Inc.*, No. 15-cv-1531 (C.D. Ca. March 15, 2017) (ECF 69) (granting firm's fee petition in full); *Blandina v. Midland Funding, LLC,* 2016 WL 3101270, *7-8 (E.D. Pa. 2016) (approving hourly rates and granting fee request

22.     The lodestar of the firm for work performed with respect to this case is summarized as follows:

**Attorneys**

|  | Hourly Rate | Hours | Fees |
| --- | --- | --- | --- |
| James A. Francis | $775 | 609.8 | $472,595.00 |
| John Soumilas | $725 | 128.8 | $93,380.00 |
| David A. Searles | $925 | 251.6 | $232,730.00 |
| Lauren KW Brennan | $400 | 486.6 | $194,640.00 |
| Jordan M. Sartell | $350 | 7.2 | $2,520.00 |

**Paralegals**

|  | Hourly Rate | Hours | Fees |
| --- | --- | --- | --- |
|  | $225 | 182.7 | $41,107.50 |
| **TOTAL** |  | **1,666.7** | **$1,036,972.50** |

23.     The lodestar figures above do not include charges for expenses and costs of the litigation.  The costs of the litigation are billed separately and such charges are not duplicated in my firm's billing rates.

24.     As detailed in **Exhibit E** hereto, my firm has incurred a total of $84,946.14 in unreimbursed expenses in connection with the prosecution of this litigation.  Each of the expenses described therein would typically be billed to paying clients.

25.     The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records,

---

in full); *Giddiens v. Infinity Staffing Solutions, Inc.*, No. 2:13-cv-7115 (E.D. Pa. Jan. 12, 2016) (ECF 36) (same); *Sholinsky v. Frost-Arnett Company*, No. 1:14-cv-7889 (D.N.J. Jan. 19, 2016) (ECF 33) (same); *Giddiens v. LexisNexis Risk Solutions, Inc.*, No. 2:12-cv-2624 (E.D. Pa. Jan. 20, 2015) (ECF 56) (granting same); *Sapp v. Experian Information Solutions, Inc.*, 2013 WL 2130956, at *2-3 (E.D. Pa. 2013) (approving fee petition in full); *Baker v. International Bank*, C.A. No. 08-5668 (D.N.J. Feb. 28, 2013) (ECF 110) (approving firm's fee petition in full); *Chakejian v. Equifax Information Services, LLC*, 275 F.R.D. 201, 216, n.19-20 (E.D. Pa. 2011) (adopting expert opinion testimony of Abraham Reich, Esq.); *Reibstein v. Rite Aid Corporation*, 761 F.Supp.2d 241, 260 (E.D. Pa. 2011).

software and other source materials and are an accurate recordation of the expenses.

Date:   February 22, 2018                              *s/ James A. Francis*
                                                      James A. Francis